# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | ) No. 17-cv-<br>)<br>) |
| v. | )<br>) |
| ERIC D. HARGAN, *et al.*, | )<br>) |
| Defendants. | )<br>)<br>) |

**[PROPOSED]**
**TEMPORARY RESTRAINING ORDER**

Upon consideration Plaintiff's application for a temporary restraining order, and any opposition, reply, and further pleadings and argument submitted in support thereof, or in opposition thereto;

It appearing to the Court that Plaintiff is likely to succeed on the merits of her action, that unaccompanied minor J.D. will suffer the irreparable injury of violation of her First and Fifth Amendment rights and, at a minimum, increased risk to her health, and perhaps the permanent inability to obtain a desired abortion to which she is legally entitled, if Defendants are not immediately restrained from preventing her from being transported to the abortion facility, otherwise interfering with or obstructing her access to abortion, forcing her to disclose her abortion decision against her will or disclosing her decision themselves, forcing her to obtain pre- and/or post-abortion counseling from an anti-abortion entity, and/or retaliating against her for her abortion decision, that the Defendants will not be harmed if such an order is issued, and that the public interest favors the entry of such an order, it is, therefore,

ORDERED that Plaintiff's application for a temporary restraining order is hereby GRANTED; and Defendants Eric Hargan, Steven Wagner, and Scott Lloyd (along with their

respective successors in office, officers, agents, servants, employees, attorneys and anyone acting in concert with them) are, for fourteen days from the date and time shown below, hereby:

1. Required to transport J.D. to an abortion provider closest to J.D.'s shelter to obtain counseling required by state law on October 19, 2017, and the abortion procedure on October 20, 2017 and/or October 21, 2017, as dictated by the abortion providers' availability and what is medically required. If J.D. prefers to be transported to either or both appointments by her guardian or attorney ad litem, Defendants are ordered to permit J.D. to depart the shelter with such person(s) for that purpose on those dates. If transportation to the nearest abortion provider requires J.D. to travel past a border patrol checkpoint, Defendants are restrained from interfering with her ability to do so and are ordered to provide any documentation necessary for her to do so;

2. Temporarily restrained from interfering with or obstructing J.D.'s access to abortion counseling or abortion;

3. Temporarily restrained from further forcing J.D. to reveal her abortion decision to anyone, or revealing it to anyone themselves;

4. Temporarily restrained from retaliating against J.D. based on her decision to have an abortion;

5. Temporarily restrained from retaliating or threatening to retaliate against the contractor that operates the shelter where J.D. currently resides for any actions it has taken or may take in facilitating J.D.'s ability to access abortion counseling and abortion; and it is further

ORDERED that Plaintiff shall not be required to furnish security for costs.

Entered on October ___, 2017 at _____ a.m./p.m.

By: _____
United States District Judge