UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>ERIC D. HARGAN, *et al.*,<br><br>                    Defendants. | )<br>)<br>)<br>)   No. 17-cv-<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] PRELIMINARY INJUNCTION**

Upon consideration of the moving papers submitted by Plaintiff, on behalf of herself and the Plaintiff Class, in support of her motion for a preliminary injunction, and any opposition, reply, and further pleadings and argument submitted in support thereof, or in opposition thereto;

It appearing to the Court that Plaintiff is likely to succeed on the merits of her action, that J.D. and other members of the Plaintiff Class will suffer the irreparable injury of violation of their First and Fifth Amendment rights if Defendants are not immediately enjoined from obstructing or interfering with her and Plaintiff Class members' access to abortion, forcing them to disclose their abortion decision against their will or disclosing the decision themselves, forcing them to obtain pre- and/or post-abortion counseling from an anti-abortion entity, and/or retaliating against them for their abortion decision, Defendants will not be harmed if such an order is issued, and that the public interest favors the entry of such an order, it is, therefore,

ORDERED that Plaintiff's motion for a preliminary injunction is hereby GRANTED; and the Defendants Eric Hargan, Steven Wagner, and Scott Lloyd (along with their respective successors in office, officers, agents, servants, employees, attorneys and anyone acting in concert with them) are, until further order of the Court, hereby:

1. Enjoined from interfering with, obstructing, or preventing J.D. and/or any other pregnant unaccompanied minor in federal custody from accessing pregnancy related care,

including but not limited to accessing non-directive options counseling, accessing medical appointments related to pregnancy dating, attempting to obtain a judicial bypass, or accessing an abortion procedure;

2.   Enjoined from forcing, coercing, or requiring J.D. and/or any other pregnant unaccompanied minor in federal custody, or upon release from federal custody, to obtain "counseling" from an anti-abortion entity, including a crisis pregnancy center or "pregnancy resource center" either before or after the abortion;

3.   Enjoined from forcing, coercing, or requiring J.D. and/or any other pregnant unaccompanied minor in federal custody, or upon release from federal custody, to notify anyone of their abortion decision, either before or after the abortion, and from disclosing J.D.'s and/or any other pregnant unaccompanied minor's abortion decision, either before or after the abortion, to the minor's family or immigration sponsor;

4.   Enjoined from individually coercing or attempting to "persuade" J.D. and/or any other pregnant unaccompanied immigrant minor in federal custody to carry a pregnancy to term;

9.   Enjoined from retaliating against J.D. and/or any other pregnant unaccompanied immigrant minor in federal custody based on her decision to have an abortion;

10.  Enjoined from retaliating or threatening to retaliate against any contractor that operates a shelter where members of the Plaintiff Class reside for any actions they have taken or may take in facilitating a class member's ability to access abortion counseling and abortion; and it is further

ORDERED that Plaintiff shall not be required to furnish security for costs.

Dated: _____     By: _____
                                       United States District Judge