# In the United States District Court for the District of Columbia

| | | |
|---|---|---|
| Rochelle Garza, as guardian ad litem to unaccompanied minor J.D., on behalf of J.D. and others similarly situated, | § § § § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| | | Case No. 1:17-cv-02122-TSC |
| v. | | |
| Eric Hargan, Acting Secretary of Health and Human Services, et al., | | |
| *Defendants.* | | |

## MOTION OF THE STATES OF TEXAS, ARKANSAS, LOUISIANA, MICHIGAN, NEBRASKA, OHIO, OKLAHOMA, AND SOUTH CAROLINA TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF DEFENDANTS

**Motion of the States of Texas, Arkansas, Louisiana, Michigan, Nebraska, Ohio, Oklahoma, and South Carolina To File Brief as *Amici Curiae* in Support of Defendants:**

The States of Texas, Arkansas, Louisiana, Michigan, Nebraska, Ohio, Oklahoma, and South Carolina move for leave to file the attached *amici curiae* brief in support of Defendants.

1. District courts have "inherent authority" to grant participation by an *amicus curiae*. *Youming Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008). That authority is derived from Federal Rule of Appellate Procedure 29. *Id.* In determining whether to grant leave to participate as an amicus, this Court has "broad discretion," *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007), and *amicus* status is generally allowed when "the information offered is timely and useful." *Ellsworth Assocs. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996).

Under Federal Rule of Appellate Procedure 29(a), a movant must (1) explain its interest, (2) the reason why an amicus brief is desirable, and (3) why the matters asserted are relevant to the case. As set forth below, *amici* will provide value to this case by bringing relevant matters to the Court's attention that are not already discussed by the parties.

2. The States have "a legitimate and substantial interest in preserving and promoting fetal life," as well as an "interest in promoting respect for human life at all stages in the pregnancy." *Gonzales v. Carhart*, 550 U.S. 124, 145, 163 (2007). The States further have an interest in cooperating with the federal

government to establish a consistent and correct understanding of the rights of aliens unlawfully present in the United States, as the States "bear[] many of the consequences of unlawful immigration." *Arizona v. United States*, 567 U.S. 387, 397 (2012).

The States have a direct interest in the outcome of Plaintiff's motion for a temporary restraining order and preliminary injunction. For one, according to the allegations, the federal government is holding Jane Doe in a federal facility in Texas after she crossed the Texas border and entered the United States illegally. As a border state with recognized interests at stake here, the Court's resolution of the motion to amend and the requested TRO will directly impact Texas. Moreover, as border security is a nation-wide issue, Texas and the other *amici* States have an interest in protecting cooperative federalism in immigration enforcement. Thus, an amici curiae brief from the States will assist the Court in evaluating the potential impact of its ruling outside of its jurisdictional boundaries.

The proposed plaintiffs in this case ask the Court to declare that the U.S. Constitution confers on unlawfully-present aliens the absolute right to an abortion on demand even when they have no ties to this country other than the fact of their arrest while attempting to cross the border unlawfully. As far as *amici* can ascertain, no court has ever issued such a sweeping order—and with good reason. If the Court grants the requested relief, there will be no meaningful limit on the constitutional rights an unlawfully-present alien can invoke simply by crossing the border. Such relief would also contradict

longstanding Supreme Court precedent that full Fifth Amendment rights vest only in those aliens who "have come within the territory of the United States *and developed substantial connections with this country*." *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) (emphasis added).

*Amici* thus ask the Court to hear their perspectives on why Plaintiff's motion for a TRO and injunction should be denied.

## Conclusion

For the foregoing reasons, *amici* urge the Court to grant their motion to file a brief as *amici curiae* in support of Defendants.

Respectfully submitted.

Leslie Rutledge
Attorney General of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201

Jeff Landry
Attorney General of Louisiana
P.O. Box 94005
Baton Rouge, LA 70804

Bill Schuette
Attorney General of Michigan
P.O. Box 30212
525 West Ottowa Street
Lansing, MI 48909-0212

Doug Peterson
Attorney General of Nebraska
2115 State Capitol
Lincoln, NE 68509

Mike DeWine
Attorney General of Ohio
30 E. Broad St., 26th Floor
Columbus, OH 43215

Ken Paxton
Attorney General of Texas

Jeffery C. Mateer
First Assistant Attorney General

Brantley D. Starr
Deputy First Assistant Attorney General

/s/ *Scott A. Keller*
Scott A. Keller
Solicitor General
Bar No. TX0120
scott.keller@oag.texas.gov

Kyle Hawkins
Assistant Solicitor General

James E. Davis
Deputy Attorney General for Civil Litigation

David J. Hacker
Special Counsel for Civil Litigation

Office of the Texas Attorney General
P.O. Box 12548, Mail Code 009
Austin, Texas 78711-2548
(512) 936-1700

*Attorneys for Amici Curiae*

Mike Hunter
Attorney General of Oklahoma
313 NE 21st Street
Oklahoma City, OK 73105

Alan Wilson
Attorney General of
South Carolina
P.O. Box 11549
Columbia, S.C. 29211

## Certificate of Service

I hereby certify that on October 17, 2017 the foregoing document was served via electronic filing on all counsel of record in this case.

/s/ Scott A. Keller
Scott A. Keller
Solicitor General