UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>ERIC D. HARGAN, *et al.*,<br><br>                Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 17-cv-02122 (TSC) |

**TEMPORARY RESTRAINING ORDER**

Upon consideration of Plaintiff's application for a temporary restraining order, and any opposition, reply, and further pleadings and arguments;

It appears to the Court that: (1) Plaintiff is likely to succeed on the merits of her action; (2) if Defendants are not immediately restrained from preventing her transportation to an abortion facility or otherwise interfering with or obstructing her access to an abortion—including by further forcing her to disclose her abortion decision against her will or disclosing her decision themselves, forcing her to obtain pre- and/or post-abortion counseling from an anti-abortion entity, and/or retaliating against her for her abortion decision—Plaintiff J.D. will suffer irreparable injury in the form of, at a minimum, increased risk to her health, and perhaps the permanent inability to obtain a desired abortion to which she is legally entitled; (3) the Defendants will not be harmed if such an order is issued; and (4) the public interest favors the entry of such an order.  It is, therefore,

ORDERED that Plaintiff's application for a temporary restraining order is hereby GRANTED, and that Defendants Eric Hargan, Steven Wagner, and Scott Lloyd (along with their

respective successors in office, officers, agents, servants, employees, attorneys, and anyone acting in concert with them) are, for fourteen days from the date shown below, hereby:

1. Required to transport J.D.—or allow J.D. to be transported by either her guardian or attorney ad litem—**promptly and without delay** to the abortion provider closest to J.D.'s shelter in order to obtain the counseling required by state law on October 19, 2017, and to obtain the abortion procedure on October 20, 2017 and/or October 21, 2017, as dictated by the abortion providers' availability and any medical requirements.  If transportation to the nearest abortion provider requires J.D. to travel past a border patrol checkpoint, Defendants are restrained from interfering with her ability to do so and are ordered to provide any documentation necessary for her to do so;

2. Temporarily restrained from interfering with or obstructing J.D.'s access to abortion counseling or an abortion;

3. Temporarily restrained from further forcing J.D. to reveal her abortion decision to anyone, or revealing it to anyone themselves;

4. Temporarily restrained from retaliating against J.D. based on her decision to have an abortion;

5. Temporarily restrained from retaliating or threatening to retaliate against the contractor that operates the shelter where J.D. currently resides for any actions it has taken or may take in facilitating J.D.'s ability to access abortion counseling and an abortion.

It is further ORDERED that Plaintiff shall not be required to furnish security for costs.  Failure to comply with the terms of this Order may result in a finding of contempt.

Date: October 18, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge