UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated,<br><br>　　　　　　Plaintiff,<br>　v.<br>ERIC D. HARGAN, *et al.*,<br>　　　　　　Defendants. | No. 17-cv-02122-TSC |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE
FOR J.D. TO PROCEED UNDER PSEUDONYM**

Plaintiff moves for leave for the unaccompanied immigrant minor who brings this action through her guardian ad litem, on behalf of herself and others similarly situated, to proceed by the pseudonymous initials J.D. (for "Jane Doe"). Defendants do not oppose this motion.

J.D., an unaccompanied immigrant minor in the legal custody of the federal government who sought and finally obtained an abortion after having been blocked by the federal government for nearly a month, wishes to proceed under pseudonymous initials to protect her identity, to preserve the confidentiality that protects medical information, and to keep from the public eye her exercise of this deeply personal choice. *See* Decl. of J.D., Ex. 2 to Pl.'s Mem. in Supp. of App. For TRO & Mot. for PI, Doc. 3-3, ("J.D. Decl") ¶ 17. In support of this motion, Plaintiff states as follows:

　　1.　　While Fed R. Civ. P. 10(a) generally requires that the complaint "name all parties," Local Civil Rule 5.4(f)(2) requires that "the initials of [a minor] child" be used in cases where "the involvement of a minor child must be mentioned." Additionally, this Court has exercised its broad discretion to "allow plaintiffs to proceed under a pseudonym in cases

involving matters of a sensitive and highly personal nature." *Doe v. Cabrera*, 307 F.R.D. 1, 4 (D.D.C. 2014) (citing *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F.Supp.2d 90, 99 (D.D.C. 2008)); *see also Yaman v. U.S. Dep't of State*, 786 F.Supp.2d 148, 152-53 (D.D.C. 2011); *Doe v. Von Eschenbach*, No. 06–2131, 2007 WL 1848013, at *2 (D.D.C. June 27, 2007).

2.  In addition to considering whether the justification asserted is to "preserve privacy in a matter of a sensitive or highly personal nature," courts look to other factors when considering a motion for leave to proceed pseudonymously, including the age of the person whose privacy interests are sought to be protected, whether the action is against the government or a private party, whether identification poses a risk of retaliatory physical or mental harm to the requesting party, and whether there is any risk of unfairness to the opposing party from allowing the action to proceed anonymously. *See Doe v. United States Dep't of State*, No. 1:15-CV-01971, 2015 WL 9647660, at *2 (D.D.C. Nov. 3, 2015) (outlining the five factors of the *Chao* test).

3.  The relevant factors in this case weigh heavily in favor of allowing J.D. to proceed under a pseudonym. This lawsuit involves information—including J.D.'s name or real initials, physical location, and immigration status—that would make her easily identifiable and would expose personal, intimate and highly confidential health matters that are deeply private. Indeed, this case centers around J.D.'s abortion decision, which has been recognized as a highly personal medical choice that is customarily enforced through the courts by a plaintiff who proceeds under a pseudonym. *See, e.g.*, *Doe v. Bolton*, 410 U.S. 179 (1973); *Roe v. Wade*, 410 U.S. 113 (1973); *Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (citing *Chao*, 587 F. Supp. 2d at 99, n.8 for the point that "matters of a sensitive and highly personal nature include those dealing with birth control, *abortion*, homosexuality or the welfare rights of illegitimate children or abandoned families") (emphasis added).

4.      That J.D. is both a minor and is challenging the actions of the federal government (as opposed to private) defendants, in whose legal custody she remains, provides further grounds for permitting her to proceed anonymously. *See Qualls v. Rumsfeld*, 228 F.R.D. 8, 11 (D.D.C. 2005) (acknowledging that courts are "more inclined to permit pseudonymous suits by plaintiffs when the government is the defendant or when the plaintiff is a minor.").

5.      J.D. fears that if her name or identity becomes public, she will suffer humiliation and retaliation at the hands of those who oppose abortion rights. *See* J.D. Decl. at ¶ 17 ("I do not want to proceed in court using my real name because I fear retaliation because I am seeking an abortion. I do not want my family to know that I am seeking an abortion."). That fear continues now that she has had her abortion, particularly in such a highly-publicized case. Her status as an immigrant may make her particularly vulnerable to these adverse consequences; indeed, courts have routinely recognized this and allowed undocumented immigrants to proceed anonymously. *See, e.g.*, *Lozano v. City of Hazelton*, 620 F.3d 170, 194-95 (3d Cir. 2010), *vacated on other grounds*, 131 S. Ct. 2958 (2011); *Plyler v. Doe*, 457 U.S. 202 (1982) (permitting plaintiffs to proceed anonymously in case addressing the rights of undocumented children).

6.      Finally, allowing J.D. to proceed under a pseudonym would not prejudice the Defendants. The Defendants know exactly who she is; it is only from the public that her identity would be protected. And anonymous lawsuits "challenging the constitutional, statutory, or regulatory validity of government activity," unlike anonymous lawsuits against private parties, have been recognized to "involve no injury to the Government's reputation." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). Nor would granting Plaintiff's motion harm the public interest. Under Local Civil Rule 5.4(f)(2), because J.D. is a minor, her full name would not be used regardless, so as to protect

her privacy; accordingly, permitting her to use pseudonymous initials instead of her own initials, as further protection against her name or identity becoming public, will not affect the public's interest in open judicial proceedings.

7. For the same reasons, the Court should direct that any document revealing J.D.'s true identity, or any information or distinguishing characteristics which could reveal J.D.'s true identity, be filed under seal, with a redacted public filing made simultaneously or promptly thereafter.

## CONCLUSION

For the reasons given above, the motion should be granted. A proposed order is filed herewith.

Date: October 25, 2017

Respectfully submitted,

/s/ *Arthur B. Spitzer*
Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
4301 Connecticut Avenue NW, Suite 434
Washington, D.C. 20008
Tel. 202-457-0800
Fax 202-457-0805
*aspitzer@acludc.org*
*smichelman@acludc.org*

Brigitte Amiri (Admitted *pro hac vice*)
Meagan Burrows
Jennifer Dalven
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 549-2633
Fax (212) 549-2652
*bamiri@aclu.org*
*mburrows@aclu.org*
*jdalven@aclu.org*

Daniel Mach (D.C. Bar No. 461652)
American Civil Liberties Union Foundation

915 15th Street NW  
Washington, DC 20005  
Telephone: (202) 675-2330  
*dmach@aclu.org*

Jennifer L. Chou  
Mishan R. Wroe  
American Civil Liberties Union Foundation of Northern California, Inc.  
39 Drumm Street  
San Francisco, CA 94111  
Tel. (415) 621-2493  
Fax (415) 255-8437  
*jchou@aclunc.org*  
*mwroe@aclunc.org*

Melissa Goodman  
American Civil Liberties Union Foundation of Southern California  
1313 West 8th Street  
Los Angeles, California 90017  
Tel. (213) 977-9500  
Fax (213) 977-5299  
*mgoodman@aclusocal.org*

*Attorneys for Plaintiff*