UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ERIC D. HARGAN, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)  No. 17-cv-02122-TSC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF THE BRIEFING SCHEDULE
AND
PLAINTIFF'S CROSS-MOTION FOR EXTENSION OF THE AMENDED TEMPORARY RESTRAINING ORDER**

Plaintiff partially opposes Defendants' motion for an extension of the briefing schedule on Plaintiff's motion for class certification, and cross-moves for an extension of Paragraphs 3 and 4 of the Amended Temporary Restraining Order, for the following reasons:

1. On October 26, 2017, Defendants moved this Court for an extension of time until November 29, 2017, to respond to Plaintiff's motion for a preliminary injunction and motion for class certification (ECF No. 35). On October 27, 2017, Defendants filed an errata, limiting their request for an extension of time to their opposition to the motion for class certification. Defendants took the position that Plaintiff's motion for a preliminary injunction is fully briefed, but that this Court must rule first on the class certification before considering the preliminary injunction as to the class (ECF No. 36).

2. During counsel's meet-and-confer, Plaintiff's counsel told Defendants' counsel that Plaintiff did not oppose an extension for the class certification until November 13, 2017, provided that the parties stipulate that Defendants would continue to abide by other provisions of

the TRO by a) not retaliating against J.D. for her abortion decision, and b) refraining from revealing J.D.'s abortion decision to anyone absent J.D.'s consent.  Defendants' counsel agreed to the former, but not to the latter.

3. Plaintiff also said in the meet-and-confer that Plaintiff opposes an extension until November 29, 2017.  Indeed, Defendants have given no indication that they will refrain from obstructing an abortion request of any putative class member, despite the fact that the en banc Court recognized that Defendants policy is likely unconstitutional.  As noted in Plaintiff's Motion for Class Certification, there are hundreds of pregnant unaccompanied minors in Defendants' custody each year.  *See* Pls.' Mot. for Class Certification at 4, ECF No. 18 (noting that in 2016, there were 682 pregnant unaccompanied minors in ORR custody, relying on attached exhibits).  Absent a preliminary injunction, Defendants will impose their unconstitutional policies upon numerous class members, causing the same irreparable harm that they caused J.D.

4. Plaintiff does not oppose a short extension of the time for Defendants to respond to the motion for class certification, however, so long as this Court extends the terms of the Amended Temporary Restraining this Court issued on October 24, 2017 to ensure, in particular, that Defendants are restrained from "further forcing J.D. to reveal her abortion decision to anyone, or revealing it to anyone themselves" and from "retaliating against J.D. based on her decision to have an abortion." ECF No. 29, ¶¶ 3, 4.

5. Given that Defendants have already unlawfully breached J.D.'s confidentiality on at least two occasions—by informing her abusive mother that she was pregnant over her objection and by requiring her to submit and to a sonogram and "counseling" at a religiously-affiliated, anti-abortion crisis pregnancy center—extension of the provision prohibiting

unconsented disclosure is necessary to prevent further irreparable harm to J.D. Defendants have no legitimate interest in revealing J.D.'s abortion decision to anyone absent J.D.'s consent.

6. As the en banc Court of Appeals recognized, the temporary restraining order was more akin to a preliminary injunction as to J.D., and the parties have treated it as such. *Garza v. Hargan*, No. 17-5236, 2017 WL 4791102 at *1 n.1 (D.C. Cir. Oct. 24, 2017) ("As both parties agree, the court has jurisdiction over this appeal because the district court's temporary restraining order was more akin to preliminary injunctive relief and is therefore appealable under 28 U.S.C. § 1292(a)(1)."). Thus, this Court may extend the terms of the Amended TRO by entering a preliminary injunction as to J.D. to prohibit Defendants from retaliating against J.D. or revealing her abortion decision to anyone without her consent. *See, e.g., Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010) (treating a TRO as a preliminary injunction when it was entered "after notice to the defendant and an adversary hearing"). If the Court extends the Amended TRO, Plaintiff consents to a November 13, 2017, deadline for Defendants' opposition to the motion for class certification.

7. Alternatively, Plaintiff moved for provisional class certification (ECF No. 18 at 1 n.2). Should the Court be so inclined, it can grant the preliminary injunction as to the provisionally-certified class. Should the Court determine to take this route, Plaintiff would not oppose Defendants' request for a November 29, 2017 deadline to oppose Plaintiff's motion for class certification.

## **CONCLUSION**

For the reasons given above, the Defendants' motion for an extension of time in which to respond to Plaintiff's motion for class certification should be denied, and Plaintiff's cross-motion for an extension of paragraphs 3 and 4 of the amended temporary restraining order

should be granted.  A proposed order is filed herewith.


Date: October 30, 2017                              Respectfully submitted,

/s/ *Arthur B. Spitzer*
Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
4301 Connecticut Avenue NW, Suite 434
Washington, D.C. 20008
Tel. 202-457-0800
Fax 202-457-0805
*aspitzer@acludc.org*
*smichelman@acludc.org*

Brigitte Amiri (admitted *pro hac vice*)
Meagan Burrows
Jennifer Dalven
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 549-2633
Fax (212) 549-2652
*bamiri@aclu.org*
*mburrows@aclu.org*
*jdalven@aclu.org*

Daniel Mach (D.C. Bar No. 461652)
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Telephone: (202) 675-2330
*dmach@aclu.org*

Jennifer L. Chou
Mishan R. Wroe
American Civil Liberties Union Foundation of
Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Tel. (415) 621-2493
Fax (415) 255-8437
*jchou@aclunc.org*
*mwroe@aclunc.org*

Melissa Goodman
American Civil Liberties Union Foundation of
Southern California
1313 West 8th Street
Los Angeles, California 90017
Tel. (213) 977-9500
Fax (213) 977-5299
*mgoodman@aclusocal.org*

*Attorneys for Plaintiff*