# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ERIC D. HARGAN, *et al.*,<br><br>        Defendants. | No. 17-cv-02122-TSC |

## DECLARATION OF MARIE CHRISTINE CORTEZ

I, Marie Christine Cortez, declare as follows:

1. I am the attorney ad litem to unaccompanied minor J.D.

2. I am an attorney licensed to practice law in the State of Texas.

3. I was first appointed to represent J.D. on September 22, 2017 in connection with her request for a judicial bypass of Texas' law requiring parental notification and consent for abortion. She received the bypass on September 25. Thereafter, my appointment was extended by the state court to more broadly represent J.D.'s interests.

4. It is my understanding that Defendants in this action make the argument that their refusal to release J.D. from the shelter to attend her abortion appointment is not an undue burden on her ability to exercise her choice because she has the option of either (1) being released into the care of a sponsor or (2) voluntarily deporting herself.

5. As set forth below, based on my familiarity with the specifics of J.D.'s case as her attorney ad litem and documents provided to me by the Office of Refugee Resettlement in the context of my legal representation of J.D. in state court

|      | |
|------|---|
|      | proceedings, I strongly believe that these are unrealistic or unsafe options. |
| 6.   | With respect to sponsorship, my understanding is that two potential sponsors were identified for J.D., but the government determined that they were either unwilling or not appropriate. Upon information and belief, despite the fact that J.D. has been in the government's custody since September 7, more than six weeks, no other willing potential sponsor has yet been identified. |
| 7.   | Nor is voluntary departure a safe or fair option for J.D as it would require her to forfeit her substantial claims for immigration relief and would put her in severe physical danger. |
| 8.   | J.D.'s parents are abusive. Two examples demonstrate what J.D.'s family life is like and are indicative of the danger she would face if she agreed to voluntary departure. First, ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ |
| 9.   | Second, ███████████████████████████████████ ███████████████████████████████████████████ ██████████ |
| 10.  | These are not isolated instances. This was part of J.D.'s regular home life. |
| 11.  | Despite knowledge of this abuse, Defendants have informed J.D.'s mother that she is pregnant. Based on her past experience, J.D. is therefore justifiably extremely fearful of returning home. |
| 12.  | Because of the abuse J.D. has suffered and the dangers she faces if she returns to her home country, she is eligible for "special immigrant juvenile status" or SIJS. *See* 8 |

U.S.C.A. § 1101(27)(J); 8 C.F.R. § 204.11.

13. In order to secure SIJS, the minor must, among other things, obtain findings from a state court that "reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law." 8 U.S.C.A. § 1101(27)(J)(i).

14. In order to obtain those findings, on October 6, 2017, I filed an action in Texas State court on J.D.'s behalf, naming the shelter that has physical custody of J.D. as the respondent. The Department of Health and Human Services, however, intervened on behalf of the shelter and removed the case to federal court. Because that case has now stalled and J.D. cannot get the findings she needs in federal court in any event, I intend to file a new declaratory judgment action in state court on J.D.'s behalf on Monday, October 23rd. In that action, I will seek to obtain the necessary findings to secure SIJS status for J.D. Based on everything I know about J.D.'s circumstances and the law in this area, I have every reason to believe that she is entitled to SIJS status.

15. Moreover, based on J.D.'s history of abuse, I have very serious concerns for J.D.'s physical safety and well-being in the event she returns to her home country. Submitting herself for voluntary departure would subject to her the risk of serious physical and emotional harm upon return to her parents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Brownsville, Texas on October 22, 2017.

_____
Marie Christine Cortez