UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of J.D. and others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>ERIC D. HARGAN, *et al.*,<br><br>        Defendants. | Civil Action No. 17-cv-02122 (TSC) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR BRIEFING ON CLASS WIDE RELIEF AND STAY PENDING SUPREME COURT PROCEEDINGS**

Defendants[1] hereby submit this reply to Plaintiff's response (ECF No. 46) opposing a stay of proceedings pending the conclusion of Supreme Court proceedings in *Eric D. Hargan, et al., v. Rochelle Garza, as Guardian ad Litem to Unaccompanied Minor J. D.*, No. 17-654. Plaintiff's opposition to Defendants' motion ignores the Government's mootness argument and fails to provide a persuasive reason for why these proceedings should not be stayed. As set forth in Defendants' motion (ECF No. 45), a ruling by the Supreme Court will likely resolve this matter because the class claims for prospective relief became moot when Plaintiff obtained an abortion after which she no longer maintained an interest in challenging the ability of pregnant unaccompanied minors in detention to obtain an abortion. Accordingly, this Court should stay proceedings relating to class-wide prospective relief pending the Supreme Court's consideration

---

[1] This reply is filed on behalf of the defendants solely in their official, not individual, capacities. *See, e.g., Auleta v. United States Dep't of Justice*, No. CV 11-2131 (RWR), 2015 WL 738040, at *4 (D.D.C. Feb. 20, 2015).

1

of the government's petition for certiorari. At the very least, it should allow full briefing on the class certification motion – which will address many of these concerns – prior to moving ahead in considering preliminary injunctive relief.

Plaintiff brushes aside the Defendants' mootness argument claiming the certiorari petition "lacks merit" but then fails to address the merits of the argument. As set forth in the certiorari petition, "[a] putative class action, or particular claims within it, generally will become moot once the named plaintiff's claims no longer present a live controversy." Petition at 25 (citing *Board of Sch. Comm'rs v. Jacobs*, 420 U.S. 128, 129 (1975) (per curiam)). Here, Plaintiff's claim that Defendants must facilitate her abortion became moot when she obtained that relief. And the fact that she, the sole class representative, obtained that relief prior to a class being certified makes the class claims for prospective relief moot. Petition at 25 (citing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013)).

Thus, there is no continuing case or controversy concerning Plaintiff's challenge to Defendants' "policy[,]" and she "has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness." *Id.* at 78. Given that the Defendants' certiorari petition raises a strong mootness argument, the Court should reject Plaintiff's invitation to forge ahead and wade into complex issues regarding class certification and class-wide injunctive relief where there is a significant question as to whether the Court has authority to do so, and where the very question at issue is pending before the Supreme Court. U.S. Const., Art. III, § 2 (limiting federal-court jurisdiction to "cases" and "controversies") ; *Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (mootness "deprives [the court] of [its] power to act]").

In an attempt to justify denial of a stay of proceedings, Plaintiff relies on speculative assertions. Specifically, Plaintiff's assertion that "there are hundreds of pregnant unaccompanied minors in Defendants custody each year," in support of her contention that entry of a preliminary injunction is a "matter of considerable magnitude and urgency" is unsubstantiated. ECF No. 46 at 2. In Plaintiff's Motion for Class Certification (ECF No. 18), she relies almost exclusively on a report that "[i]n 2014, there were approximately 726 pregnant" [unaccompanied minors in Defendant's] custody; in 2015, there were 450; and in 2016, 682." ECF No. 18 at 4.

But Plaintiff's reliance on this report suffers from a fatal flaw because it does not establish that there are any pregnant unaccompanied minors currently in custody who seek pregnancy termination, and who will be impacted, in any way, by Defendants' purported "policy." Rather, in broad-brush fashion, Plaintiff simply assumes that the purported "constitutional rights of young women" will be violated yet has provided nothing to show that "hundreds of pregnant unaccompanied minors" will elect to have an abortion, will choose not to voluntarily depart, will not have an appropriate sponsor available, will satisfy state laws relating to abortion, will be at a point in the pregnancy where an abortion is permissible, will have completed any judicial bypass of parental notification and consent, will have access to funds to pay for the abortion, and *then* will be denied based on the "policy" at issue in Plaintiff's case. Indeed, despite this speculation, the current, identified number of putative class members is one, J.D., whose claim, as discussed above, is now moot. Accordingly, because Plaintiff is the only identifiable putative class member, and there is no live controversy, this Court lacks jurisdiction to entertain Plaintiff's class claims for injunctive relief insofar as they relate to Defendants' treatment of pregnant unaccompanied minors. Because the Supreme Court is considering that very issue in this case, a stay is warranted.

        Respectfully submitted,

        CHAD A. READLER
        Acting Assistant Attorney General
        Civil Division

        ERNESTO H. MOLINA
        Deputy Director
        Office of Immigration Litigation

        PAPU SANDHU
        Assistant Director
        Office of Immigration Litigation

BY:  /s/ *Sabatino F. Leo*
        SABATINO F. LEO
        Trial Attorney
        Office of Immigration Litigation
        Civil Division, U.S. Department of Justice
        P.O. Box 878, Ben Franklin Station
        Washington, D.C.  20044
        Phone: (202) 514-8599
        Fax: (202) 616-4975
        sabatino.f.leo@usdoj.gov

        Attorneys for Defendants

November 9, 2017