UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ERIC D. HARGAN, *et al.*, <br><br> Defendants. | No. 17-cv-02122-TSC |

**PLAINTIFFS' CONSENT MOTION FOR LEAVE FOR JANE ROE
AND JANE POE TO PROCEED UNDER PSEUDONYMS**

Additional Plaintiffs Jane Roe and Jane Poe hereby move for leave to proceed by those pseudonyms, respectively. Counsel representing the Defendants in both their official and individual capacities have consented to the relief requested in this motion, on condition that Plaintiffs acknowledge (as Plaintiffs hereby do) that the Defendants have not waived their right to file an answer or otherwise respond to the amended complaint, and that Plaintiffs will consent (as Plaintiffs hereby do) to a one-week extension of Defendants' time to answer or otherwise respond to the amended complaint, which would then be due 21 days after today's filing of the amended complaint.

Jane Roe and Jane Poe are both unaccompanied immigrant minors in the legal custody of the federal government who wish to proceed under pseudonyms to protect their identities, to preserve their confidentiality that protects their medical information, and to keep from the public eye their exercise of this deeply personal decision. *See* Decl. of Jane Roe ¶ 10, Ex. 1 to Pls.' Mem. in Supp. of App. for TRO. In support of this motion, Plaintiffs state as follows:

1.      While Fed R. Civ. P. 10(a) generally requires that the complaint "name all parties," Local Civil Rule 5.4(f)(2) requires that "the initials of [a minor] child" be used in cases where "the involvement of a minor child must be mentioned." Additionally, this Court has exercised its broad discretion to "allow plaintiffs to proceed under a pseudonym in cases involving matters of a sensitive and highly personal nature." *Doe v. Cabrera*, 307 F.R.D. 1, 4 (D.D.C. 2014) (citing *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008)); *see also Yaman v. U.S. Dep't of State*, 786 F.Supp.2d 148, 152-53 (D.D.C. 2011); *Doe v. Von Eschenbach*, No. 06–2131, 2007 WL 1848013, at *2 (D.D.C. June 27, 2007).

2.      In addition to considering whether the justification asserted is to "preserve privacy in a matter of a sensitive or highly personal nature," courts look to other factors when considering a motion for leave to proceed pseudonymously, including the age of the person whose privacy interests are sought to be protected, whether the action is against the government or a private party, whether identification poses a risk of retaliatory physical or mental harm to the requesting party, and whether there is any risk of unfairness to the opposing party from allowing the action to proceed anonymously. *See Doe v. United States Dep't of State*, No. 1:15-CV-01971, 2015 WL 9647660, at *2 (D.D.C. Nov. 3, 2015) (outlining the five factors of the *Chao* test).

3.      The relevant factors in this case weigh heavily in favor of allowing both Jane Roe and Jane Poe to proceed under pseudonyms. This lawsuit involves information—including Jane Roe's and Jane Poe's names or real initials, physical locations, and immigration statuses—that would make them easily identifiable and would expose personal, intimate and highly confidential health matters that are deeply private. Indeed, this case centers around the minor Plaintiffs' abortion decisions, which have been recognized as a highly personal medical choice that is customarily enforced through the courts by a plaintiff who proceeds under a pseudonym.

*See, e.g.*, *Doe v. Bolton*, 410 U.S. 179 (1973); *Roe v. Wade*, 410 U.S. 113 (1973); *Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (citing *Chao*, 587 F. Supp. 2d at 99, n.8 for the point that "matters of a sensitive and highly personal nature include those dealing with birth control, *abortion*, homosexuality or the welfare rights of illegitimate children or abandoned families") (emphasis added).

4. That Jane Roe and Jane Poe are both minors and are challenging the actions of the federal government (as opposed to private) defendants, in whose legal custody they remain, provides further grounds for permitting them to proceed anonymously. *See Qualls v. Rumsfeld*, 228 F.R.D. 8, 11 (D.D.C. 2005) (acknowledging that courts are "more inclined to permit pseudonymous suits by plaintiffs when the government is the defendant or when the plaintiff is a minor.").

5. Both Jane Roe and Jane Poe fear that if their names or identities becomes public, they will suffer humiliation and retaliation at the hands of those who oppose abortion rights. *See* Decl. of Jane Roe ¶ 10, Ex. 1 to Pls.' Mem. in Supp. of App. for TRO. Their status as immigrants may make them particularly vulnerable to these adverse consequences; indeed, courts have routinely recognized this and allowed undocumented immigrants to proceed anonymously. *See, e.g.*, *Lozano v. City of Hazelton*, 620 F.3d 170, 194-95 (3d Cir. 2010), *vacated on other grounds*, 131 S. Ct. 2958 (2011); *Plyler v. Doe*, 457 U.S. 202 (1982) (permitting plaintiffs to proceed anonymously in case addressing the rights of undocumented children).

6. Finally, allowing Jane Roe and Jane Poe to proceed under pseudonyms would not prejudice the Defendants. The Defendants know exactly who these minors are; it is only from the public that their identities would be protected. And anonymous lawsuits "challenging

the constitutional, statutory, or regulatory validity of government activity," unlike anonymous lawsuits against private parties, have been recognized to "involve no injury to the Government's reputation." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). Nor would granting Plaintiffs' motion harm the public interest. Under Local Civil Rule 5.4(f)(2), because Jane Roe and Jane Poe are both minors, their full names would not be used regardless, so as to protect their privacy; accordingly, permitting them to use pseudonyms instead of their own names or initials, as further protection against their names or identities becoming public, will not affect the public's interest in open judicial proceedings.

7. For the same reasons, the Court should direct that any document revealing either Jane Roe's or Jane Poe's true identity, or any information or distinguishing characteristics which could reveal Jane Roe's or Jane Poe's true identity, be filed under seal, with a redacted public filing made simultaneously or promptly thereafter.

## CONCLUSION

For the reasons given above, the motion should be granted. A proposed order is filed herewith.

Date: December 15, 2017                             Respectfully submitted,

/s/ *Arthur B. Spitzer*
Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
4301 Connecticut Avenue NW, Suite 434
Washington, D.C. 20008
Tel. 202-457-0800
Fax 202-457-0805
*aspitzer@acludc.org*
*smichelman@acludc.org*

Brigitte Amiri (admitted *pro hac vice*)
Meagan Burrows
Jennifer Dalven
Lindsey Kaley
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 549-2633
Fax (212) 549-2652
*bamiri@aclu.org*
*mburrows@aclu.org*
*jdalven@aclu.org*
*lkaley@aclu.org*

Daniel Mach (D.C. Bar No. 461652)
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Telephone: (202) 675-2330
*dmach@aclu.org*

Mishan R. Wroe
American Civil Liberties Union Foundation of
Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Tel. (415) 621-2493
Fax (415) 255-8437
*mwroe@aclunc.org*

Melissa Goodman
American Civil Liberties Union Foundation of
Southern California
1313 West 8th Street
Los Angeles, California 90017
Tel. (213) 977-9500
Fax (213) 977-5299
*mgoodman@aclusocal.org*

*Attorneys for Plaintiff*