## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated, *et. al.*,<br><br>Plaintiffs,<br><br> v.<br><br>ERIC D. HARGAN, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No. 17-cv-02122-TSC |

**PLAINTIFFS JANE ROE'S AND JANE POE'S MEMORANDUM IN SUPPORT OF THEIR APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

### PRELIMINARY STATEMENT

Jane Roe and Jane Poe seek a temporary restraining order (TRO) to prohibit the federal government from continuing to block them from obtaining an abortion. Both are 17-year-old unaccompanied immigrant minors who are currently in the federal government's legal custody, living in government-funded shelters.[1] Ms. Roe and Ms. Poe are pregnant and are resolute in their desire to have an abortion. Nevertheless, as a result of Defendants' continued enforcement of their policy of ensuring that all pregnant minors in their custody continue their pregnancies, even against their will, both of these women are being blocked from exercising their constitutionally protected decisions.

Ms. Roe learned she was pregnant approximately three weeks ago and, after being counseled about her options, asked for an abortion. Similarly, Ms. Poe requested an abortion last

---

[1] Plaintiffs' motion for Ms. Roe and Ms. Poe to proceed using pseudonyms to protect their privacy has been filed simultaneously with this motion.

week after having been informed by her doctor that she is quickly approaching the point in her

pregnancy after which she will no longer be able to obtain an abortion in the state where she is

located. To date, however, Defendants have not permitted either Ms. Roe's shelter or Ms. Poe's

shelter to allow Ms. Roe and Ms. Poe to access abortion. Absent an immediate temporary

restraining order, Ms. Roe and Ms. Poe will both be pushed further into their pregnancies,

increasing the risks associated with the abortion procedure, and, if the Court does not intervene,

Ms. Roe and Ms. Poe will be forced to carry to term against their will.[2]

This Court has already considered the parties' arguments as to the Plaintiffs' likelihood

of success in their constitutional challenge to Defendants' no-abortion policy. It has already

balanced the irreparable harm to a minor from being unduly delayed and/or blocked from

effectuating her abortion decision against any alleged harm to Defendants, and it has already

considered the public interest. Having done all of this, this Court issued a TRO to prevent

Defendants from interfering with or obstructing Plaintiff Jane Doe's access to abortion. Order

(ECF No. 20).[3] The same factors that counseled in favor of granting that relief to Ms. Doe

support doing the same with respect to Ms. Roe and Ms. Poe. Accordingly, Plaintiffs respectfully

request that this Court similarly issue an immediate temporary restraining order prohibiting

---

[2] Plaintiffs' motions for class certification and for a preliminary injunction on behalf of the class to prohibit Defendants from interfering with and obstructing access to abortion for unaccompanied immigrant minors are fully briefed. *See* Pl.'s Mot. for Prelim. Inj. (ECF No. 5); Pl.'s Mem. in Supp. of TRO & Prelim. Inj. (ECF No. 5-1); Defs.' Opp. to TRO & Prelim. Inj.; Pl.'s Reply in Supp. of TRO & Prelim. Inj. (ECF No. 10); Pl.'s Mot. in Supp. of Class Cert. (ECF No. 18); Defs.' Opp. to Pl.'s Mot. for Class Cert (ECF No. 53); Pl.'s Reply in Supp. of Class Cert (ECF No. 56). In absence of a preliminary injunction, Defendants have continued to enforce their unconstitutional no abortion policy against minors in their care, including Ms. Roe and Ms. Poe.

[3] Defendants appealed the TRO this Court entered for Jane Doe to the D.C. Circuit. The D.C. Circuit *en banc* denied the government's emergency request for a stay, concluding that the government had "not met the stringent requirements for a stay pending appeal." *See Garza v. Hargan*, 874 F.3d 735, 736 (D.C. Cir. 2017).

Defendants from further obstructing or interfering with Ms. Roe's and Ms. Poe's ability to exercise their fundamental right to obtain an abortion.

## FACTUAL BACKGROUND

In March of 2017 Defendants established a policy of prohibiting all federally funded shelters from "taking 'any action that facilitates' abortion access for unaccompanied minors absent 'direction and approval from the Director of the ORR.'" *See* Findings of Fact in Supp. of Amended TRO ¶ 5 (ECF No. 30).[4] Defendants are currently applying this policy to block Jane Roe and Jane Doe from exercising their constitutionally protected rights. Ms. Roe and Ms. Poe are both 17 years old and arrived in the U.S. from their home countries without their parents. *See* Ex. 1, Decl. of J.R. ¶¶ 2-3. Both minors have been placed in an ORR-funded shelter. *Id.* ¶ 4.

Ms. Roe learned that she was pregnant on November 21, 2017, during a medical examination, and—after having been informed of all her options by her doctor—decided to have an abortion. Ex. 1, Decl. of J.R. ¶ 5. She requested that the doctor and the shelter provide her with access to an abortion. *Id*. Despite this request, and her continued insistence that she wants an abortion, Defendants have refused to grant consent for her shelter to provide her with access an abortion provider. *Id.* ¶¶ 6, 9.

Similarly, after having been informed by her doctor that she is now in her second trimester of pregnancy and after having discussed her options with her doctor, including abortion, Ms. Poe decided to have an abortion. Like Ms. Roe, she has also asked the doctor and her shelter for access to abortion. And like Ms. Roe, to date she has not been allowed to access an abortion provider.

---

[4] Plaintiffs incorporate by reference the facts submitted in support of their Application for a TRO and Motion for a Preliminary Injunction (ECF Nos. 3, 5).

Defendants' actions have already caused Ms. Roe to delay her abortion by several weeks. Ms. Poe is in her second trimester of pregnancy and is quickly approaching the point at which abortion will no longer be option; accordingly any further delay (however minimal) risks stripping her of her constitutional right to abortion. Plaintiffs respectfully request that this Court prohibit Defendants from forcing these minors to remain pregnant against their will any longer.

## ARGUMENT

To obtain a preliminary injunction or temporary restraining order, a plaintiff must establish (1) "that [s]he is likely to succeed on the merits," (2) "that [s]he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in [her] favor," and (4) "that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Singh v. Carter*, 168 F. Supp. 3d 216, 223 (D.D.C. 2016) (standards for issuing a temporary restraining order and a preliminary injunction are "the same" and can therefore be analyzed together). Courts in this Circuit have traditionally applied these factors on a "sliding scale," where a stronger showing on some factors can compensate for a weaker showing on others. *See, e.g.*, *Davenport v. Int'l Brotherhood of Teamsters*, 166 F.3d 356, 360 (D.C. Cir. 1999). It has been suggested, but not decided, that a likelihood of success on the merits may be required. *See Sherley v. Sebelius*, 644 F.3d 388, 392–93 (D.C. Cir. 2011) (citing *Winter*, 555 U.S. at 20-22). Under either approach, Plaintiffs make the necessary showing here.

I.    **Plaintiffs Jane Roe and Jane Poe Are Likely to Succeed on the Merits of Their Claims.**

A.  **Defendants' Conduct Violates Jane Roe's and Jane Poe's Fifth and First Amendment Rights.**

1.  **Defendants Cannot Block Jane Roe and Jane Poe From Accessing Abortion.**

As in the Jane Doe case, *Roe v. Wade*, 410 U.S. 113 (1973) and its progeny, *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992), and *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2309 (2016), control here. These Supreme Court cases make clear that government may not place a "substantial obstacle" in the path of women seeking abortion. *Whole Woman's Health*, 136 S. Ct. at 2309. Defendants' policy of blocking minors from accessing abortion goes beyond imposing a substantial obstacle—it outright prohibits minors from exercising their right to decide to terminate their pregnancies before viability. Such a prohibition is blatantly unconstitutional under binding Supreme Court precedent. *See, e.g.*, *Casey*, 505 U.S. at 871 (a "woman's right to terminate her pregnancy before viability" is "a rule of law and a component of liberty we cannot renounce").

Defendants are once again violating binding Supreme Court precedent here by refusing to allow Ms. Roe and Ms. Poe to obtain an abortion. As was the case with Ms. Doe, Defendants are exercising their veto power over Ms. Roe's and Ms. Poe's constitutionally protected abortion decisions by refusing to allow them to access an abortion. As was the case with Ms. Doe, there is no reason that remotely passes constitutional muster for Defendants to be doing so. Nevertheless, Defendants persist in enforcing their blatantly unconstitutional policy against Ms. Roe and Ms. Poe, refusing to permit them to access abortion care in direct violation of the Fifth Amendment.

> **2. Defendants Cannot Force Jane Roe and Jane Poe To (Or to Disclose Themselves) Their Pregnancy Decisions to Others Without Their Consent.**

As Plaintiffs have explained, Defendants' infringement of minors' constitutional rights goes beyond blocking their ability to access abortion. Defendants' policy also requires minors to tell parents and/or sponsors about their pregnancies and abortion decisions even if they do not wish to do so—otherwise Defendants will tell those parents and sponsors themselves over the minors' objections—and compels minors to attend "life-affirming" spiritual counseling. *See,*

*e.g.*, Pl.'s Mem. in Supp. of TRO & Prelim. Inj. 11-14 (ECF No. 5-1); Exs. A-I to Decl. of B. Amiri in Supp. of TRO & Prelim. Inj. (ECF Nos. 5-3 – 5-12); Pl.'s Mot. for Class Cert. (ECF No. 18); Pl.'s Reply in Supp. of Class Cert. (ECF No. 56). As set forth in Plaintiffs' prior briefings, these aspects of Defendants' policy also violate minors' Fifth and First Amendment rights. Pl.'s Mem. in Supp. of TRO & Prelim. Inj. (ECF No. 5-1) 11-14. Given that Defendants continue to enforce their unconstitutional policy against pregnant minors in their care, Ms. Roe and Ms. Poe are at risk of being subjected to these aspects of the policy. Accordingly, like Plaintiff Jane Doe before them, Ms. Roe and Ms. Poe are likely to succeed on Fifth and First Amendment claims.

### C. Jane Roe and Jane Poe Will Suffer Irreparable Injury Unless Defendants Are Enjoined.

Ms. Roe and Ms. Poe will suffer immediate and irreparable harm if this Court does not require Defendants to provide them with immediate access to the abortion care they seek. As Plaintiffs have explained, time is "of the essence in an abortion decision." *H.L. v. Matheson*, 450 U.S. 398, 412 (1981); *see* Pl.'s Mem. in Supp. of TRO & Prelim Inj. (ECF No. 5-1) 14-15. This is both because the medical risks associated with the abortion procedure increase as the pregnancy progresses and because delaying a woman from accessing abortion care past a certain point in her pregnancy will strip her of her right to choose entirely. *See* Pl.'s Mem. in Supp. of TRO & Prelim Inj. (ECF No. 5-1) 14-15; *Williams v. Zbaraz*, 442 U.S. 1309, 1314–15 (1979) (Stevens, J., sitting as Circuit Justice) (increased risk of "maternal morbidity and mortality" supports claim of irreparable injury).

Like Plaintiff Jane Doe before them, Ms. Roe and Ms. Poe face irreparable harm if they are not granted the relief they seek. Each day that goes by is another day that Ms. Roe and Ms. Poe are forced by Defendants to remain pregnant against their will. Although abortion is safe

throughout pregnancy, the risks do increase as the pregnancy advances. The irreparable harm to Ms. Roe and Ms. Poe will only increase if Defendants are permitted to continue to block them from exercising their right, to the point where they are forced to carry to term against their will. They will also be irreparably harmed if they are forced to tell (or if Defendants tell) family members, sponsors and other third parties that they are seeking or having obtained an abortion and if they are forced to be "counseled" by a religious entity in violation of their First Amendment rights. *See* Pl.'s Mem. in Supp. of TRO & Prelim. Inj. 15-16 (ECF No. 5-1).

**D.      The Balance of Harm Strongly Favors Plaintiffs.**

In contrast to the irreparable harm Ms. Roe and Ms. Poe face absent relief, as this Court found in the case of Jane Doe, Defendants "will not be harmed if [a TRO] is issued." Order at 1 (ECF No. 20). Defendants have no legal right to override Ms. Roe's and Ms. Poe's constitutional right to choose whether to carry a pregnancy to term by prohibiting them from attending abortion appointments absent the "consent" they withhold. Private funds will be used to pay for both Ms. Roe's and Ms. Poe's procedures and shelter staff will transport Ms. Roe and Ms. Poe to abortion providers. In other words, the costs are covered, the logistics related to the transfer of Ms. Roe and Ms. Poe to their respective abortion providers will be handled by their shelters, and any necessary post-procedure care will be handled by the shelters in conjunction with Ms. Roe's and Ms. Poe's medical providers. Once again, Defendants are being asked only to refrain from prohibiting those willing to help Ms. Roe and Ms. Poe effectuate their constitutional rights from doing so. *See* Pl.'s Mem. in Supp. of TRO & Prelim. Inj. 16 (ECF No. 5-1). Accordingly, once again, Defendants simply cannot claim that they suffer any harm from allowing Ms. Roe and Ms. Poe to access the care that they seek and to which they are constitutionally entitled.

**E.      A TRO Serves the Public Interest.**

Finally, the public interest will be served by issuing a TRO here. "It is always in the public interest to prevent the violation of a party's constitutional rights." *Simms v. District of Columbia*, 872 F. Supp. 2d 90, 105 (D.D.C. 2012) (quoting *Abdah v. Bush*, No. 04-cv-1254, 2005 WL 711814 at *6 (D.D.C. Mar. 29, 2005)); *accord Lamprecht v. F.C.C.*, 958 F.2d 382, 390 (D.C. Cir. 1992) ("a [government] policy that is unconstitutional would inherently conflict with the public interest"); *see also Arizona Dream Act Coal. v. Brewer*, 855 F.3d 957, 978 (9th Cir. 2017); *Newsom ex rel. Newsom v. Albemarle Cty. Sch. Bd.*, 354 F.3d 249, 261 (4th Cir. 2003) ("Surely, upholding constitutional rights serves the public interest."); *Planned Parenthood Ass'n of City of Cincinnati, Inc. v. City of Cincinnati*, 822 F.2d 1390, 1400 (6th Cir. 1987) ("the public is certainly interested in the prevention of enforcement of ordinances which may be unconstitutional"); *Carey v. Klutznick*, 637 F.2d 834, 839 (2d Cir. 1980) ("the public interest … requires obedience to the Constitution"). As in Jane Doe's case, there is no conceivable way the public interest will be adversely affected by protecting Ms. Roe's and Ms. Poe's choice toterminate their pregnancies, the most private and intimate of decisions. Indeed, the opposite is true:  The public interest will be served by ending this violation of Ms. Roe's and Ms. Poe's constitutional rights.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully requests that this Court issue a temporary restraining order prohibiting the Defendants from continuing to interfere with Jane Roe's and Jane Poe's right to obtain an abortion.

DATED: December 15, 2017                    Respectfully submitted,

/s/ Arthur B. Spitzer

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)

American Civil Liberties Union Foundation
of the District of Columbia
4301 Connecticut Avenue NW, Suite 434
Washington, D.C. 20008
Tel. 202-457-0800
Fax 202-457-0805
*aspitzer@acludc.org*
*smichelman@acludc.org*

Brigitte Amiri*
Meagan Burrows
Jennifer Dalven
Lindsey Kaley
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 549-2633
Fax (212) 549-2652
*bamiri@aclu.org*
*mburrows@aclu.org*
*jdalven@aclu.org*
*lkaley@aclu.org*

Daniel Mach (D.C. Bar No. 461652)
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Telephone: (202) 675-2330
*dmach@aclu.org*

Mishan R. Wroe
American Civil Liberties Union Foundation of
Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Tel. (415) 621-2493
Fax (415) 255-8437
*mwroe@aclunc.org*

Melissa Goodman
American Civil Liberties Union Foundation of
Southern California
1313 West 8th Street
Los Angeles, California 90017
Tel. (213) 977-9500
Fax (213) 977-5299
*mgoodman@aclusocal.org*

*Admitted pro hac vice*

*Attorneys for Plaintiffs*