UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of J.D. and others similarly situated, *et al*.<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>ERIC D. HARGAN, *et al.*,<br><br>　　　　　　Defendants. | )<br>)<br>)　No. 17-cv-02122-TSC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SUPPEMENTAL MEMORANDUM REGARDING ADDITIONAL CLASS REPRESENTATIVE IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs submit this supplemental memorandum in support of Plaintiffs' motion for class certification to provide the Court with new facts relevant to the class certification motion and to request that Plaintiff Jane Roe be added as an additional class representative. The proposed addition of Jane Roe as a class representative simplifies the issues before the Court and, if certification is granted at this time, renders irrelevant several of Defendants' arguments against certification.

On December 15, 2017, Plaintiffs were granted leave to file an amended complaint in this action, and filed a motion for a temporary restraining order on behalf of Jane Roe, a 17-year-old unaccompanied immigrant minor who is currently in the federal government's legal custody, living in a government-funded shelter. Ms. Roe is pregnant and is resolute in her desire to have an abortion. Nevertheless, as a result of Defendants' continued enforcement of their policy of ensuring that all pregnant minors in their custody who desire abortions continue their

1

pregnancies against their will, *see* Findings of Fact in Supp. of Amended TRO ¶ 5 (ECF No. 30), she is being blocked from exercising her constitutionally protected decision.

Ms. Roe arrived in the U.S. from her home country without her parents. Ex. 1, Decl. of Jane Roe ¶ 5 in Support of Plaintiffs' Motion for a TRO. She was detained upon arrival and placed in an ORR-funded shelter. *Id.* ¶ 4. On November 21, 2017, she learned that she was pregnant during a medical examination, and – after having been informed of all her options by her doctor – decided to have an abortion. *Id.* ¶ 5. Defendants have refused to grant consent for her shelter to provide her with access an abortion provider. *Id.* ¶ 6, 9. Ms. Roe is also at imminent risk of other severe harm. Defendants' policy requires that the parents and/or potential sponsors be notified about the minors' pregnancies and abortion decisions even if the minor objects and also compels such minors to attend "life-affirming" spiritual counseling. *See e.g.*, Pl.'s Mem. in Supp. of TRO & Prelim. Inj. 11-14 (ECF No. 5-1); Exs. A-I to Decl. of B. Amiri in Supp. of TRO & Prelim. Inj. (ECF Nos. 5-3 – 5-12); Pl.'s Mot. for Class Cert. (ECF No. 18); Pl.'s Reply in Supp. of Class Cert. (ECF No. 56). Since Ms. Roe has continued to assert her desire for an abortion, and because Defendants continue to enforce their unconstitutional policy of coercing minors to continue their pregnancies, Ms. Roe is at serious risk of being subjected to these aspects of the policy as well.

Having amended the complaint to add Ms. Roe as a Plaintiff, Plaintiffs propose to add Ms. Roe as an additional class representative. With the addition of Ms. Roe, the class would continue to meet the requirements of numerosity and commonality and the criteria for a Rule 23(b)(2) class for the reasons explained in Plaintiffs' moving papers and reply in support of the motion. See Dkt 18, at 3-7, 10-12; Dkt. 56, at 2-10, 18-21.

Ms. Roe's claims are typical of the class, Fed. R. Civ. Pro. 23(a)(3), because they raise the same issues that apply to the rest of the class: whether the government can constitutionally institute a policy to ensure that no pregnant young people in its custody obtain an abortion (unless continuing the pregnancy would pose a risk of death or serious injury), by requiring government and federally funded shelter to support only "pregnancy services and life-affirming options counseling," forcing pregnant young people to disclose their pregnancy and planned abortions to their parents, sponsors, and anti-abortion counselors as part of the coercion effort, and ultimately blocking their access to abortion if the coercion efforts fail. Dkt. 56, at 4-6; Dkt. 18, at 7.

Like Ms. Doe and other members of the putative class, Jane Roe is pregnant and in the custody of ORR and living at a government-funded shelter. Ex. 1, Decl. of Jane Roe ¶ 4 in Support of Plaintiffs' Motion for a TRO. She is therefore subject to the same policy that applies to all pregnant minors in Defendants' custody – a policy designed to ensure that no minors terminate their pregnancy while in ORR custody. Indeed, like Ms. Doe was, Ms. Roe has already been obstructed for several weeks from accessing abortion services that she desired to obtain. *Id.* ¶ 5-6, 9. Like Ms. Doe and all other class members, Ms. Roe is being stripped of her right to make autonomous decisions about whether to become a parent, and is at risk of being subjected to other coercive practices, including being forced to notify others of her pregnancy and abortion decision.  Ms. Roe thus suffers the same constitutional injuries (violation of her Fifth and First Amendment rights) as the other class members do, and so her claims are typical. *See Coleman through Bunn v. District of Columbia*, 306 F.R.D. 68, 80 (D.D.C. 2015) ("A class representative satisfies the typicality requirement if the representative's claims are based on the same legal theory as the claims of the other class members and her injuries arise from the same course of

conduct that gives rise to the other class members' claims." (internal citation omitted)); *Bynum v. District of Columbia*, 214 F.R.D. 27, 35 (D.D.C. 2003) ("[I]f the named plaintiffs' claims are based on the same legal theory as the claims of the other class members, it will suffice [for typicality] to show that the named plaintiffs' injuries arise from the same course of conduct that gives rise to the other class members' claims."). Resolution of the legal questions presented and issuance of the requested injunction would protect the rights of the class members just as it would protect Jane Roe's rights.

Ms. Roe will adequately protect the interests of the class because she seeks relief on behalf of the class as a whole and has no interest antagonistic to other members of the class. Fed. R. Civ. Pro. 23(a)(4). Like the class members she seeks to represent, Ms. Roe seeks to be free from Defendants' challenged policies and practices that coercively ensure that no unaccompanied minors terminate their pregnancies while in ORR custody. To the extent Defendants object to adequacy on the ground that some members of the proposed class might not wish to exercise their rights, that argument is misguided for the reasons Plaintiffs have already explained. *See* Dkt. 56, at 16-17. (Ms. Roe has the same counsel as Ms. Doe, and so the same arguments as to adequacy of counsel apply fully to Ms. Roe. *See* Dkt. 18, at 9-10.)

Not only is Ms. Roe an appropriate additional class representative, but she also simplifies the issue of class certification presented to the Court. The government has argued against class certification on the ground that Jane Doe is an inadequate or atypical class representative or that class certification was otherwise improper because Jane Doe has already received an abortion. Dkt 53, at 8-11. Those arguments, in addition to being wrong for the reasons Plaintiffs have already shown, Dkt. 56, at 11-18, are now irrelevant in light of the presence of Ms. Roe, who like every other unnamed class member has not yet obtained an abortion. Resolution of the class

certification motion at this stage of the proceedings with Ms. Roe as an additional representative would obviate the need to reach several of the government's erroneous arguments.

For these reasons, Plaintiffs ask the Court to consider these new facts in deciding Plaintiffs' motion for class certification and to certify Jane Roe as an additional class representative along with Jane Doe. An amended proposed order is attached.

DATED: December 17, 2017            Respectfully submitted,

/s/ Scott Michelman

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
4301 Connecticut Avenue NW, Suite 434
Washington, D.C. 20008
Tel. 202-457-0800
Fax 202-457-0805
*aspitzer@acludc.org*
*smichelman@acludc.org*

Brigitte Amiri*
Meagan Burrows
Jennifer Dalven
Lindsey Kaley
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 549-2633
Fax (212) 549-2652
*bamiri@aclu.org*
*mburrows@aclu.org*
*jdalven@aclu.org*
*lkaley@aclu.org*

Daniel Mach (D.C. Bar No. 461652)
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Telephone: (202) 675-2330
*dmach@aclu.org*

Mishan R. Wroe
American Civil Liberties Union Foundation of
Northern California, Inc.
39 Drumm Street

San Francisco, CA 94111
Tel. (415) 621-2493
Fax (415) 255-8437
*mwroe@aclunc.org*

Melissa Goodman
American Civil Liberties Union Foundation of
Southern California
1313 West 8th Street
Los Angeles, California 90017
Tel. (213) 977-9500
Fax (213) 977-5299
*mgoodman@aclusocal.org*

*\*Admitted pro hac vice*

*Attorneys for Plaintiffs*