


Case 1:17-cv-02122-TSC   Document 73   Filed 12/18/17   Page 1 of 5

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>ERIC D. HARGAN, *et al.*,<br><br>   Defendants. | Civil Action No. 17-cv-02122 (TSC) |

**TEMPORARY RESTRAINING ORDER**

Upon consideration of Plaintiffs' Application for a Temporary Restraining Order and any opposition, reply, and the entire record in this case, it is therefore ORDERED that Plaintiffs' Application for a Temporary Restraining Order is hereby GRANTED.

**FINDINGS OF FACT**

1. Plaintiff J.R. is a 17-year old unaccompanied minor who entered the United States without legal documentation. (Decl. of Jane Roe, ECF No. 63-2).

2. J.R. was detained at the U.S. border, and was remanded to a shelter in an undisclosed location under a cooperative agreement with the Office of Refugee Resettlement (ORR). (Decl. of Jane Roe, ECF No. 63-2).

3. J.R. learned she was pregnant following a medical examination on November 21, 2017. The physician who so informed her described her options to her, and she decided to terminate her pregnancy. (Decl. of Jane Roe, ECF No. 63-2).

4. J.R. has not been permitted to obtain an abortion, and is now approximately 10 weeks pregnant. (Decl. of Jane Roe, ECF No. 63-2).

5. Plaintiff J.P. is a 17-year old unaccompanied minor who entered the United States without legal documentation. (Decl. of Jane Poe, ECF No. 64-1).

6. J.P. was detained at the U.S. border, and was remanded to a shelter in an undisclosed location under a cooperative agreement with ORR. (Decl. of Jane Poe, ECF No. 64-1).

7. J.P.'s physician informed her in or around the week of December 11, 2017 that her pregnancy had entered the second trimester. Her physician described her options to her, and she decided to terminate her pregnancy. (Decl. of Jane Poe, ECF No. 64-1).

8. J.P. has not been permitted to obtain an abortion, and is now approximately 22 weeks pregnant. (Decl. of Jane Poe, ECF No. 64-1); (Decl. of Jonathan White, ECF No. 66-1).

9. In March 2017, ORR announced that all federally funded shelters are prohibited from taking "any action that facilitates" abortion access for unaccompanied minors absent "direction and approval from the Director of the ORR." (ECF No. 3–5 at 2). This policy remains in effect at this time with respect to J.R. and J.P.

10. Defendants maintain that J.R. and J.P. may obtain an abortion only if: (1) an individual indicates his or her willingness to serve as a sponsor for J.R. or J.P., qualifies for that position under applicable legal requirements, completes the administrative review process, and is approved by ORR; or (2) J.R. and J.P. voluntarily return to their respective home countries.

11. The process of identifying, vetting, and approving sponsors is lengthy and complex, involving multiple steps that can take weeks or months to complete. The process typically involves completion and submission of an application, requirements for extensive documentation of prior relationship to the minor and/or the minor's family, background

checks, home visits, and multiple stages of administrative review.  The minor has no control over the sponsorship process, and ultimately the decision whether to approve a particular sponsor rests with ORR.  (Decl. of Robert Carey, ECF No. 23-1 at 2, 4, 5–7).

12. With respect to J.R., a family member who is a U.S. citizen has submitted an application. That individual has yet to provide the necessary documentation or fingerprint results, has not undergone the necessary background checks, and the required home visits have not taken place.  Although the Government estimates that sponsor reunification could be completed within two weeks, (Decl. of Jonathan White, ECF No. 66-1), Government's counsel conceded at the December 18, 2017 hearing on Plaintiffs' Application for a Temporary Restraining Order that: (1) the potential sponsor is in control of the timing, as it is the potential sponsor who must provide fingerprint information and other necessary documentation; and (2) even if the sponsor were to provide all outstanding materials expeditiously, the Government's estimate depends on the absence of any items of concern that could be uncovered by either or both of: (a) the background check or (b) the home study.

13. With respect to J.P., Government counsel informed the court at the December 18, 2017 hearing on Plaintiffs' Application for a Temporary Restraining Order that ORR has decided and declared that it will not permit her to effectuate her choice to have an abortion, and to date no potential sponsors for J.P. have been identified.

14. Private funds will be used to pay for J.R. and J.P.'s abortion procedures, and shelter staff will transport J.R. and J.P. to their respective providers.  Federal funds will not be used to pay for any abortion procedure that J.R. or J.P may choose to undergo.  (Plaintiffs Jane Roe's and Jane Poe's Memorandum in Support of Their Application for a Temporary Restraining Order at 7, ECF No. 63-1).

## CONCLUSIONS OF LAW

1. The situation with respect to the application of ORR's policy to unaccompanied pregnant minors in its care has not materially changed between October 2017 and December 2017. ORR continues to claim—and in the case of J.P., has actually exercised—ultimate authority to unilaterally veto the reproductive choices of the unaccompanied minors in its custody. With regard to the undue burden that veto represents, ORR maintains substantially the same positions that were considered in October by this court and by the D.C. Circuit sitting en banc.

2. Thus, in view of the need to preserve J.R. and J.P.'s constitutional right to decide whether to carry their pregnancies to term—including their right to change their minds regarding the same—and for substantially the same reasons given in Judge Millett's dissenting statement issued on October 20, 2017, and substantially adopted by the Court of Appeals sitting en banc in its Order of October 24, the court finds: (1) Plaintiffs are likely to succeed on the merits of their action; (2) if Defendants are not immediately restrained from prohibiting shelter staff from transporting J.R. and J.P. to abortion facilities or otherwise interfering with or obstructing their access to an abortion, J.R. and J.P. will both suffer irreparable injury in the form of, at a minimum, increased risk to their health, and perhaps the permanent inability to obtain a desired abortion to which they are legally entitled; (3) the Defendants will not be harmed if such an order is issued; and (4) the public interest favors the entry of such an order.

Based on the foregoing findings of fact and conclusions of law, it is hereby ORDERED that Defendants Eric Hargan, Steven Wagner, and Scott Lloyd (along with their respective successors in office, officers, agents, servants, employees, attorneys, and anyone acting in concert with them) are, for fourteen days from the date shown below:

1. Required to transport J.R. and J.P.—or allow J.R. and J.P. to be transported—promptly and without delay, on such dates, to an abortion provider, in order to obtain any pregnancy or abortion-related medical care and to obtain the abortion procedure itself, in accordance with the abortion providers' availability and any medical requirements.

2. Temporarily restrained from interfering with or obstructing J.R.'s and J.P.'s access to abortion counseling or an abortion;

3. Temporarily restrained from forcing J.R. and J.P. to reveal the fact of their pregnancies and their abortion decisions to anyone, and from revealing those decisions to anyone themselves;

4. Temporarily restrained from retaliating against J.R. and J.P. based on their decisions to have an abortion;

5. Temporarily restrained from retaliating or threatening to retaliate against the contractors that operate the shelters where J.R. and J.P. currently reside for any actions that those contractors or shelters have taken or may take in facilitating J.R. and J.P's ability to access pregnancy and abortion-related medical care and/or an abortion.

It is further ORDERED that Plaintiffs shall not be required to furnish security for costs.  **The execution of the foregoing Order shall be stayed for 24 hours from the date and time of entry to preserve the opportunity to seek emergency relief from the D.C. Circuit.**  Failure to comply with the terms of this Order may result in a finding of contempt.

Date: December 18, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge