**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated; JANE ROE on behalf of herself and others similarly situated; and JANE POE, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 17-cv-02122-TSC |
| v. | ) ) | |
| ERIC D. HARGAN, *et al.,* | ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

**SUPPLEMENTAL BRIEFING FOR MOTION TO SEAL**

Pursuant to Local Rule 5.1(h), Defendants respectfully request the Court maintain the seal on the lodged exhibit filed under ECF No. 72, and to file a version document with redactions based on deliberative process privilege. Defendants are attaching a proposed redacted version of that document that is otherwise consistent with their Motion to Seal. *See* Attachment A.

**LEGAL BACKGROUND**

Parts of the document Plaintiffs seek to publicly file are predecisional and deliberative, and are therefore protected from such disclosure. *See Judicial Watch, Inc. v. United States DOD*, 847 F.3d 735, 739 (D.C. Cir. 2017). The deliberative process privilege is rooted in "the commonsense notion that agencies craft better rules when their employees can spell out in writing the pitfalls as well as strengths of policy options, coupled with the understanding that employees would be chilled from such rigorous deliberation if they feared it might become public." *Id.*

"Documents are predecisional if they are generated before the adoption of an agency policy, and deliberative if they reflect the give-and-take of the consultative process." *Id.* (internal

quotation marks and citations omitted).  "Predecisional documents are those 'prepared in order to assist an agency decisionmaker in arriving at his decision[.]'"  *Solers v. IRS*, 827 F.3d 323, 329 (4h Cir. 2016) (*quoting Renegotiation Bd. v. Grunman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975)).  A policy document is covered under the deliberative process privilege unless "an agency adopts the document as its own[,]" which requires "an express choice to use a deliberative document as a source of agency guidance." *Judicial Watch, Inc.*, 847 F.3d at 739.  "[A]n agency does not adopt or incorporate by reference a pre-decisional memorandum where it only adopts the memorandum's conclusions."  *Wood v. FBI*, 432 F.3d 78, 84 (2d Cir. 2005).  Finally, "[t]he deliberative process privilege does not shield . . . material that is purely factual, unless the material is so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations."  *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997).

## ARGUMENT

Defendants do not seek to seal the entire document.  Upon further review, Defendants agree with Plaintiffs that the Office of Refugee Resettlement (ORR) Director's Note to File on pages five through eight of the document constitute the final adjudication of the decision-maker, and thus, does not fall within the exemption.  Defendants also agree that the signatures reflecting the Director's decision constitute the Director's final decision.

Nevertheless, Defendants continue to claim that the Deputy Director's recommendation on pages one through four—up until the signatures of the Director—reflect precisely the kind of "give-and take of the consultative process" that is exempt from public disclosure. *Judicial Watch, Inc.*, 847 F.3d at 739.  ORR's Deputy Director made an internal recommendation based on an assessment of multiple factors.  That recommendation was made to ORR's Director, who after

consideration, made a final determination.  The Deputy Director's recommendation is therefore by definition the kind of "[p]redecisional document[] prepared in order to assist an agency decisionmaker [the ORR Director] in arriving at his decision" that is immune from public disclosure.  *Solers*, 827 F.3d at 329.

Moreover, the facts contained in the Deputy Director's recommendation cannot be separated out and publicly disclosed because they are "inextricably intertwined" with ORR's internal deliberations.  *City of Virginia Beach*, 995 F.2d at 1253.  It is well-established that factual information may be protected "if the manner of selecting or presenting those facts would reveal the deliberative process."  *Hamilton Securities Group Inc. v. Department of Housing and Urban Development*, 106 F. Supp. 2d 23, 33 (D.D.C. 2000); *see Cobell v. Norton*, 213 F.R.D. 1, 6 (D.D.C. 2003) (citing several D.C. Circuit cases).  In the landmark case of *Montrose Chemical Corp. of California v. Train*, 491 F.2d 63 (D.C. Cir. 1974), for example, the D.C. Circuit held that mere summaries of evidence developed at a hearing fell within Exemption Five of FOIA on deliberative process privilege grounds.  There, subordinate agency officials prepared a summary of the evidence from an adjudication at the behest of the higher-ranking official.  *Id.* at 67-68.  The higher-ranking official then went on to publish his own lengthy decision.  *Id.*  The D.C. Circuit observed the subordinates "here were exercising their judgment as to what record evidence would be important to the Administrator in making his decision.  Even if they cited portions of the evidence verbatim, the [subordinates] were making an evaluation of the relative significance of the facts recited in the record; separating the pertinent from the impertinent is a judgmental process, sometimes of the highest order; no one can make a selection of evidence without exercising some kind of judgment, unless he is simply making a random selection."  *Id.* at 68.  The Court compared this use of subordinates to prepare a summary to "winnow down the evidence [] as similar in many

ways to a judge's use of his law clerk to sift through the report of a special master or other lengthy materials in the record." *Id.* And it concluded that "[t]o probe the summaries of record evidence would be the same as probing the decision-making process itself. " *Id.* This Court continues to apply *Montrose* to similar cases to this day. *See Leopold v. CIA*, 89 F. Supp. 3d 12, 22 (D.D.C. 2015) (allowing agency to withhold internal study despite inclusion of factual material because they "reflected a point of view—namely, what agency personnel thought important enough to bring to senior officials' attention in light of their understanding of the policy issues").

The Court should continue to apply *Montrose* in this case. Here, the Deputy Director's selection of facts are directly tied to his ultimate recommendation to the Director. He "select[ed]" which facts to present and how to "present" them based on his "point of view" as to what he "thought important enough to bring to the" Director's attention. The Director's memorandum sets forth his own view of the facts and other considerations. The facts in the Deputy's memorandum therefore cannot be parsed from his recommendation. For these reasons, the first four pages of the recommendation by the ORR Deputy Director—up to the signatures of the Director—should be redacted from public disclosure under the deliberative process privilege.

## CONCLUSION

Defendants respectfully move to maintain the seal on the lodged exhibit filed under ECF No. 72 based on deliberative process privilege, and to file the proposed redacted version of that document as attached.

DATED: December 21, 2017                    Respectfully submitted,

                                            CHAD A. READLER
                                            Acting Assistant Attorney General
                                            Civil Division

                                            AUGUST E. FLENTJE
                                            Special Counsel
                                            Office of Immigration Litigation

                                            ERNESTO H. MOLINA
                                            Deputy Director
                                            Office of Immigration Litigation

                                    BY:     /s/ W. Daniel Shieh
                                            W. DANIEL SHIEH
                                            SABATINO F. LEO
                                            JOSEPH DARROW
                                            Trial Attorneys
                                            Office of Immigration Litigation
                                            Civil Division, U.S. Department of Justice
                                            P.O. Box 878, Ben Franklin Station
                                            Washington, D.C.  20044
                                            Phone: (202) 305-9802
                                            Fax: (202) 305-1890
                                            daniel.shieh@usdoj.gov
                                            sabatino.f.leo@usdoj.gov
                                            joseph.a.darrow@usdoj.gov

*Attorneys for Defendants*
  *in their individual capacities*