## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated, *et al.*, | ) ) ) | |
| | ) | No. 17-cv-02122-TSC |
| Plaintiffs, | ) | |
| v. | ) ) | |
| ERIC D. HARGAN, *et al.*, | ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' FURTHER REPLY ON MOTION TO SEAL
## AND MOTION TO FLE REDACTED VERSION

Pursuant to the Court's minute order of December 20, plaintiffs file this further reply with regard to Defendants' motion to seal the ORR Decision Document (ECF No. 72) and Plaintiffs' motion for leave to file a redacted version thereof on the public record (ECF No. 77).

The document consists of two parts: a four-page memorandum to Defendant Scott Lloyd regarding pregnancy termination for Plaintiff Jane Poe and a four-page memorandum by Mr. Lloyd explaining the basis for his decision. Defendants have now released a version of Mr. Lloyd's memorandum that contain only the same redactions Plaintiffs had earlier proposed, and there is no further dispute about those pages.

Defendants have also released a redacted version of the memorandum addressed to Mr. Lloyd, from which the entire text has been redacted. Defendants argue that the entire text is protected by the deliberative process privilege. Supplemental Briefing for Motion to Seal, at 1 (ECF No. 87). Defendants' argument unduly maximizes the scope of that privilege, and unduly minimizes its exceptions. This Court should unseal the text of the memorandum addressed to Mr. Lloyd, with the exception of (i) the personally identifying material redacted to protect the privacy of Ms. Poe in the proposed redacted version filed under seal by Plaintiffs on December

18 (ECF No. 78); (ii) the two lines under the heading "Issue," on page 1; and (iii) the four lines under the heading "Recommendation," near the bottom of page 3.  Plaintiffs will file, in a separate sealed filing, the redacted version of the memorandum addressed to Mr. Lloyd that they now urge the Court to unseal.

## ARGUMENT

As Defendants acknowledge, "[t]he deliberative process privilege does not shield . . . material that is purely factual, unless the material is so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations."  ECF No. 87 at 2 (quoting *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997)).  Defendants do not appear to deny that the material they have redacted, except for the four lines under the heading "Recommendation," is all purely factual.  They argue, however, that it is all "'inextricably intertwined' with ORR's internal deliberations." ECF No. 87 at 3.  That argument does not withstand scrutiny.

As the Court can see for itself, the memorandum addressed to Mr. Lloyd presents, in a straightforward, chronological, and non-selective manner, the basic facts about Ms. Poe's identity, the timeline of her custodial and medical care by ORR, and her statements regarding her pregnancy. These facts are not "intertwined" to the slightest degree with any analysis, evaluation, deliberation, or recommendation by the author of the memorandum; the author's recommendation is separately set out in the four lines under the heading "Recommendation."

The cases cited by Defendants do not support their contrary assertion.  *Hamilton Securities Group. Inc. v. Dep't of Housing and Urban Development*, 106 F. Supp. 2d 23 (D.D.C. 2000), involved a FOIA request for a draft audit of a federal financial program. While the size of the draft audit is not given in the decision, it was apparently a lengthy document, and, as the

court explained, "[t]he draft audit report . . . involves judgments about what to collect, how to collect it, and how to present it. . . . [T]he purpose of auditing the loans sales reform program was neither technical nor facilitative. Instead, it was to evaluate the program so that the OIG could recommend appropriate measures to improve it[.]" *Id*. at 32. Thus, while the draft audit undoubtedly contained many items of factual information, the document as a whole was selective, analytical, and evaluative in nature. The *Hamilton* court concluded:

> Here, any factual information that could be excised would reveal decisions made by the auditor who prepared the draft report, which could have been rejected, accepted or reconciled by senior levels of review if the draft audit report had progressed through the established agency review process. If decisions made by the auditor, even decisions to gather or report factual data, were to be exposed to public view, it would certainly chill further agency deliberations. Thus, no portion is reasonably segregable, and the entire document is protected by the deliberative process privilege.

*Id*. at 33. The draft audit thus bore no resemblance to the four-page, factual memorandum now before this Court.

Similarly, *Leopold v. CIA*, 89 F. Supp. 3d 12, 21–23 (D.D.C. 2015), involved internal CIA reviews of its controversial "enhanced interrogation" program at Guantanamo. In denying release under FOIA, the court made clear that "the Reviews were not comprehensive, matter-of-fact summaries about the selected topics . . . . [They] reflected a point of view—namely, what agency personnel thought important enough to bring to senior officials' attention in light of their understanding of the policy issues that the CIA might face as a result of the investigation. The deliberative nature of the documents, furthermore, is underscored by the fact that even disclosing the topics that agency officials selected for Reviews would expose their internal thought processes—*e.g.,* about the information that they believed necessary to formulate the agency's response to the Committee's report and to make other related decisions." *Id*. at 23.

The *Cobell* case, also cited by Defendants, recognized that "it is well-established that discussions of objective facts, as opposed to opinions or recommendations, are not protected by the privilege," *Cobell v. Norton*, 213 F.R.D. 1, 6 (D.D.C. 2003), and cautioned that the exception for facts inextricably intertwined with the policymaking process "cannot be read so broadly as to undermine the basic rule; in most situations factual summaries prepared for informational purposes will not reveal deliberative processes and hence should be disclosed." *Id.*, (quoting *Paisley v. CIA,* 712 F.2d 686, 699 (D.C. Cir. 1983), *vacated in part on other grounds,* 724 F.2d 201 (D.C.Cir.1984)). Thus, for example, in *Maopother v. Dep't of Justice*, 3 F.3d 1533 (D.C. Cir. 1993), the court ordered the agency to disclose a report containing facts that "reflect[ed] no point of view," and "ha[d] been organized strictly chronologically, not thematically." *Id.* at 1540—a description that equally fits the memorandum at issue here.

Moreover, "[t]he deliberative process privilege is a qualified privilege and can be overcome by a sufficient showing of need." *In re Sealed Case,* 121 F.3d 729, 737 (D.C. Cir. 1997). The case before the Court is not FOIA case; it is an ongoing challenge to an ORR policy that this Court has already found to be probably unconstitutional. The memorandum at issue contains facts that are highly relevant to the scope and application of that policy. And the "'strong presumption in favor of public access to judicial proceedings.'" *EEOC v. National Children's Center, Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Southeast Community Hospital Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)), supports the conclusion that whatever dubious argument Defendants may have about the intertwinement of facts and deliberation in the memorandum should be overcome here.  "'The interest of the public and press in access to civil proceedings is at its apex when the government is a party to the litigation. Indeed, the public has a strong interest in monitoring not only functions of the courts

but also the positions that its elected officials and government agencies take in litigation.'" *Hyatt v. Lee*, 251 F. Supp. 3d 181, 184 (D.D.C. 2017) (quoting *Doe v. Public Citizen*, 749 F.3d 246, 271 (4th Cir. 2014)). As the Supreme Court famously observed in the FOIA context, the public has a "right to be informed about 'what their government is up to.'" *Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 773 (1989) (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the proposed redacted version of the memorandum addressed to Defendant Lloyd that will be filed shortly by Plaintiffs, under seal, should be unsealed.

Date: December 21, 2017    Respectfully submitted,

/s/ *Arthur B. Spitzer*
Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
4301 Connecticut Avenue NW, Suite 434
Washington, D.C. 20008
Tel. 202-457-0800; Fax 202-457-0805
*aspitzer@acludc.org*
*smichelman@acludc.org*

Brigitte Amiri (admitted *pro hac vice*)
Meagan Burrows
Jennifer Dalven
Lindsey Kaley
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 549-2633; Fax (212) 549-2652
*bamiri@aclu.org*
*mburrows@aclu.org*
*jdalven@aclu.org*
*lkaley@aclu.org*

Daniel Mach (D.C. Bar No. 461652)

American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Telephone: (202) 675-2330
*dmach@aclu.org*

Mishan R. Wroe
American Civil Liberties Union Foundation of
Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Tel. (415) 621-2493; Fax (415) 255-8437
*mwroe@aclunc.org*

Melissa Goodman
American Civil Liberties Union Foundation of
Southern California
1313 West 8th Street
Los Angeles, California 90017
Tel. (213) 977-9500; Fax (213) 977-5299
*mgoodman@aclusocal.org*

*Attorneys for Plaintiff*