**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated, ) ) ) ) ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 17-cv-02122 (TSC) |
| ) | |
| ERIC D. HARGAN, *et al.*, ) | |
| ) | |
| Defendants. ) ) | |

## ORDER

At a hearing in this matter on December 18, 2017, the Government informed the court that a decision had been made not to permit then-Plaintiff Jane Poe to obtain an abortion.  In response to a court inquiry as to the basis of that decision, the Government filed, under seal, a document describing and setting forth the decision (ECF No. 72). The ACLU then moved to have the document filed in the public docket, subject to redaction for identifying and medical information.

At 4:08 pm on December 19, 2017, this court ordered the Government to file a redacted version of the sealed ORR decision document on the public docket by 5:00 pm.[1] The Government responded that same day at 5:15 pm, requesting additional time to address possible privilege issues with respect to the decision document.  The

---

[1] A panel of the United States Court of Appeals for the District of Columbia Circuit had also ordered the Government to do the same at an earlier time on the same day.

Government contended that additional time would be appropriate because at the time of

filing: (1) this court's Temporary Restraining Order (ECF No. 73) remained in effect

for Jane Poe, and new information had come to light that was likely to moot the

Government's appeal in relation to Jane Roe, meaning that "there is no sound litigation

reason . . . to immediately release the document" (ECF No. 84, at 1, 1–2); (2) the

document is not relevant to the core issues presented by the parties in this litigation;

and (3) parts of the document are predecisional and deliberative, and so could be

protected by the deliberative process privilege.  This court granted the Government's

request for additional time to review the decision document on December 20, 2017, and

required it to file any supplemental briefing in support of its claim of privilege by 12:00

pm on December 21.  Having reviewed all of the Government's filings pertinent to the

decision document—along with any replies thereto—the court finds the Government's

contentions to be without merit.

### 1. The Document Contains Information Relevant to Ongoing Litigation.

The Government moved to dismiss its appeal of this court's order as to Plaintiff

Jane Roe on December 20, 2017, when the Government received evidence that she was

not a minor.  Therefore, it appears that both Jane Poe and Jane Roe's cases are now

either resolved or moot.  However, this development does not end the inquiry into

whether the document remains relevant.  The court concludes that it does.

The decision document provides information regarding the procedures, policies,

and practices of ORR and Director Scott Lloyd, all of which are directly pertinent to the

merits of the Plaintiffs' motions for class certification (ECF No. 18) and a class-wide

2

preliminary injunction (ECF No. 5), currently pending before the court.  The document

is particularly relevant given that the Government has argued that Plaintiffs have failed

to provide sufficient or generalizable facts regarding the existence of an ORR policy or

the obstacles to abortion procedures allegedly faced by proposed class members, and

has specifically acknowledged that the "core class claims . . . seek to establish a so-

called ORR 'policy,'" the existence of which the Government appears to dispute.  (ECF

No. 53, at 15, 20).  Since the aforementioned motions remain pending regardless of the

ultimate disposition of Plaintiffs Roe and Poe's individual cases, the court concludes

that it has jurisdiction to order the document's disclosure and that the document is

probative and relevant to contested issues before the court.

### 2. *The Information in the Decision Document is Not Protected by the Deliberative Process Privilege.*

The court concludes that the decision document—made up of a case description

dated December 6, a decision on that case dated December 16, and an explanation of

reasons dated December 17—is not protected by the deliberative process privilege.  The

deliberative process privilege has two essential requirements: that the material be both

predecisional and deliberative.  *In re Sealed Case,* 121 F.3d 729, 737 (D.C. Cir. 1997)

(citing *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150–54 (1975)).  Documents are

predecisional where they were "prepared in order to assist an agency decisionmaker in

arriving at his decision, rather than to support a decision already made," *Petroleum*

*Info. Corp. v. U.S. Dep't of Interior,* 976 F.2d 1429, 1434 (D.C. Cir. 1992) (quoting

*Renegotiation Bd. v. Grumman Aircraft,* 421 U.S. 168, 184 (1975)), and are deliberative

where "intended to facilitate or assist development of the agency's final position on the

relevant issue." *Nat'l Sec. Archive v. CIA,* 752 F.3d 460, 463 (D.C. Cir. 2014) (citing *Russell v. Dep't of the Air Force,* 682 F.2d 1045, 1048 (D.C. Cir. 1982)).  In other words, "documents qualify as predecisional and deliberative only if they 'reflect[] advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated, [or] the personal opinions of the writer prior to the agency's adoption of a policy." *Pub. Citizen, Inc. v. Office of Mgmt. & Budget,* 598 F.3d 865, 875 (D.C. Cir. 2010) (quoting *Taxation with Representation Fund v. IRS,* 646 F.2d 666, 677 (D.C. Cir. 1981)).

As the Government acknowledges in its latest filing (ECF No. 87), most of the decision document is not privileged.  The material from the Director's signatures to the conclusion of page eight—just over half of the eight page document—consists of the December 16 decision itself and an explanation of reasons, and is dated December 17. The Government concedes that this portion of the document constitutes a final adjudication and is therefore unprotected.  *See* (ECF No. 87 at 2); 121 F.3d at 737 ("The deliberative process privilege does not shield documents that simply state or explain a decision the government has already made.").

The Government opposes disclosure of the remaining four pages, however, contending that they consist entirely of an internal and predecisional recommendation to the Director.  The court disagrees.  Although most of the material on pages one through three was prepared on December 6, 2017, ten days before the December 16 decision, most of the material on those pages is also purely factual and thus is not covered by the deliberative process privilege.  121 F.3d at 737 ("The deliberative

process privilege does not . . . protect material that is purely factual."). The Government counters by citing to *Montrose Chem. Corp. of California v. Train,* 491 F.2d 63 (D.C. Cir. 1974), arguing that any facts in the document are inextricably intertwined with ORR deliberations and are therefore protected. That case is inapplicable here, however. Factual information may be protected where it is intertwined with analytical, evaluative, or recommendatory content such that the two cannot be segregated or the material cannot be revealed without also revealing the mental impressions of the author and the deliberations of the agency. *See Hamilton Sec. Grp. Inc. v. Dep't of Hous. & Urban Dev.,* 106 F. Supp. 2d 23, 32–33 (D.D.C. 2000); *Cobell v. Norton,* 213 F.R.D. 1, 6 (D.D.C. 2003); *Paisley v. CIA,* 712 F.2d 686, 698 (D.C. Cir. 1983), *opinion vacated in part,* 724 F.2d 201 (D.C. Cir. 1984). But most of the material the Government seeks to protect consists of a factual summary of Poe's case, set forth neutrally and chronologically. That summary contains neither recommendation nor analysis, and presents no strategic selection of facts that would reveal the presence of an evaluative or advocative element. This presentation of the facts distinguishes this situation from *Montrose Chem. Corp.*—which involved summaries of evidence from a series of public hearings that were prepared to assist at an oral argument—because here there is no indication that the factual recitation involved the kind of "judgmental evaluation and condensation" that would reveal the agency's assessment of the significance of the facts before it. *See* 491 F.2d at 275. Instead, the factual summary reads as a "discussion[] of objective facts," and it neither claims nor suggests itself to be anything else. *See Cobell,* 213 F.R.D. at 6.

Moreover, those sections of the material that are nonfactual can be readily segregated and redacted.  In particular, the court agrees that the section titled "Issue" on page one and the section titled "Recommendation" on page three are privileged and should be redacted.

For the foregoing reasons, and in acknowledgement of the Government's expressed agreement that the Plaintiffs' redacted version of the document adequately protects the privacy of the minor discussed therein, Plaintiffs' Motion for Leave to File Redacted Version of ORR Decision Document on the Public Record (ECF No. 77) is GRANTED in part and DENIED in part.  Plaintiffs are ordered to file on the public docket (ECF No. 89-1), which is a version of the document that includes additional redactions of the aforementioned privileged sections.

Date:  December 22, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge