UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of J.D. and others similarly situated; JANE ROE on behalf of herself and others similarly situated; and JANE POE, <br><br> Plaintiffs, <br><br> v. <br><br> ERIC D. HARGAN, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 17-cv-02122 (TSC) |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PROVISIONAL CLASS CERTIFICATION AND NOTICE

Based on the identification of two additional individuals in the custody of Defendants Department of Health and Human Services' ("HHS") Office of Refugee Resettlement ("ORR") requesting abortions, Plaintiffs ask the Court to provisionally certify a class of pregnant unaccompanied children ("UACs") and order the Office of Refugee Resettlement ("ORR") to notify the class members about this lawsuit and the opportunity to consult class counsel. Plaintiffs also seek an order compelling ORR to provide Plaintiffs' counsel with the names, locations, and certain private, medical information for all pregnant UACs in ORR's custody. ECF No. 90 at 4.

However, the provisional class certification mechanism was struck from Federal Rule of Civil Procedure 23 more than a decade ago. And even if Federal Rule 23 still authorized provisional class certification, Plaintiffs have still not shown that the requirements for class certification are met. *See* ECF No. 53 (Defendants' Opposition to Motion for Class

Certification). There are still an insufficient number of UACs alleging denials of rights to access abortions—the claims plaintiffs bring in this case—to establish numerosity. Also, the stories of the three named plaintiffs reveal that each UAC presents different programmatic questions (and answers), which destroys commonality and typicality. Those questions (and answers) are dictated by the UAC's age, the readiness of an available sponsor, the UAC's stage of pregnancy, the availability or involvement of the UAC's parents, the presence of a guardian ad litem, and the potentially relevant state law. And the other prerequisites for class certification under Federal of Civil Procedure 23 also remain lacking. Plaintiffs' request should be denied.

In no event, however, should the Court certify a class and order notice of this case to *all* pregnant minors in ORR custody. Such an order would be overbroad and patently inappropriate given the tiny fraction of pregnant UACs who have preliminarily inquired about abortions, the even tinier fraction who have requested abortions, and the lack of any evidence that class counsel properly represents the interests of such a large and diffuse group in this Court. *See* ECF No. 53-1 ¶ 5. Moreover, given the vulnerability of this population, significant privacy interests, and the fact that class procedures do not account for the need of a guardian ad litem to represent a child's interest before this Court, this Court should not allow plaintiffs' counsel to reach out to the UAC's individually or provide a minor's contact information to plaintiffs' counsel.

## **STANDARD**

Courts generally reject certification of a class before the thorough Rule 23 class certification is undertaken. *See Berge v. United States*, 949 F. Supp. 2d 36, 49 (D.D.C. 2013) (citing Fed. R. Civ. P. 23 Advisory Committee Notes 2003 Amendments ("The provision that a class certification 'may be conditional' is deleted. A court that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met.")).

Even those courts that permit provisional certification require that a plaintiff satisfy all the requirements of class certification under Rule 23. *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 179–80 (D.D.C. 2015) (citing *Berge v. United States*, 949 F. Supp. 2d 36, 49 (D.D.C. 2013)); *see* Fed. R. Civ. P. 23 Advisory Committee Notes 2003 Amendments. The requirements of Rule 23(a) are: (1) "that the class [be] so numerous that joinder of all members is impractical" ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the named plaintiffs are typical of the class ("typicality"); and (4) the named plaintiffs will fairly and adequately protect the interests of the class ("adequacy"). Fed. R. Civ. P. 23(a). The proposed class must also qualify under Rule 23(b)(1), (2), or (3). *See Hartman v. Duffey*, 19 F.3d 1459, 1468 (D.C. Cir. 1994).

## ARGUMENT

### I.     Defendants Never Stated That Jane Doe Was The Only Pregnant UAC Who Had or Would Request an Abortion.

As an initial matter, contrary to Plaintiff's claims, Defendants' Opposition to Plaintiff's Motion for Class Certification, ECF No. 53, did not suggest that Ms. Doe was or would be the only pregnant UAC in ORR custody, nor did it suggest that Ms. Doe's was the only scenario in which such claims were likely to arise.  To the contrary, Defendants indicated that 18 of the 420 pregnant UACs in ORR custody during fiscal year 2017 had made a preliminary inquiry about an abortion, and provided the various dispositions of those requests.   ECF No. 53 at 5-6. Defendants' argument was not that Ms. Doe's case was the only one possible, but rather that she presented a "very rare case," ECF No. 53 at 22, and that Plaintiffs had failed to identify a similarly situated minor.  *Id.*  Neither assertion is remotely undermined by the identification of one more pregnant minor, Jane Poe, in materially different circumstances than Ms. Doe, and one woman who claimed to be a minor but is not, Jane Roe.

Defendants recognized that "some future putative class members might seek such access" to an abortion, but argued that "they would invariably diverge in age and have different medical and psychological histories and presentations, familial situations, abilities and desire to voluntarily depart the United States and opportunities for expeditious release to sponsors" and "would be physically present in different states with different abortion laws, and may be in different phases of judicial proceedings to bypass parental notification or consent requirements." ECF No. 53 at 3. This prediction was borne out by the subsequent identification of Ms. Roe and Ms. Poe, who differed from each other and Ms. Doe in numerous respects, such as age, length of pregnancy, potential to obtain a sponsor, and the state laws which may be relevant to their ability to obtain abortion services. *See* ECF No. 66 at 3-4, 8; ECF No. 84 at 2.[1]

## II.     Class Certification Is Still Unwarranted.

Federal Rule of Civil Procedure 23(a) requires the named Plaintiffs to establish numerosity, commonality, typicality, and adequate representation in order to establish that they are appropriate representatives of the class whose claims they wish to litigate. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). The identification of Jane Poe—another minor who was not presented as a putative class representative in the Amended Complaint, ECF No. 63, and

---

[1] Moreover, Defendants had no obligation to provide notice to Plaintiffs' counsel of any UAC's request for an abortion because no class has been certified. Absent class certification, Plaintiffs' counsel has no attorney-client relationship with any of the unnamed UACs in their putative class, and none of the notification provisions Plaintiffs now request were or are in place. *See Palumbo v. Tele-Commc'ns, Inc.*, 157 F.R.D. 129, 133 (D.D.C. 1994) ("[I]n certifying a class action, the Court confers on absent persons the status of litigants and creates an attorney-client relationship between those persons[.]") (emphasis added). After all, the point of requiring the Rule 23 inquiry preceding certification—including determining the contours of a class and that proffered class representatives and counsel are adequate to represent the interests of the class—is so that a court can ensure certification is appropriate before implementing class procedural requirements that will affect the rights of unnamed members. *See Pate v. United States*, 328 F. Supp. 2d 62, 69 (D.D.C. 2004) (citing Fed. R. Civ. P. 23(a)); *Palumbo*, 157 F.R.D. at 133 ("[T]he Court has an obligation . . . to assure that all interests, including those of as yet unnamed plaintiffs are adequately represented[.]").

Plaintiffs' Supplemental Memorandum Regarding Additional Class Representative in Support of Plaintiffs' Motion for Class Certification, ECF No. 65—does not increase the size of the putative class enough to demonstrate numerosity. *See generally* ECF No. 53.

The 18 UACs requesting abortions in fiscal year 2017 represent a small fraction of the 420 pregnant UACs in ORR custody that year. ECF No. 53-1 ¶ 5. The vast majority of pregnant UACs ultimately chose not to request an abortion and are thus not potential class members. But Plaintiffs still fall far short of a substantial enough number to support class certification even assuming that all 18 of those minors could be treated as members of a potential class—which would not be appropriate given that each presents their own different circumstances whereby 11 obtained abortions without court intervention, five changed their minds, and two were released from ORR custody to sponsors without the need for ORR to facilitate abortion services. *Id.* Adding Ms. Roe and Ms. Poe does not change this conclusion.[2] *See Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir.), *cert. denied*, 479 U.S. 883 (1986) (explaining that "while there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors") (internal punctuation omitted). But, in fact, none of those individuals is a potential member of a class seeking prospective relief, because none is currently requesting an abortion.

Second, the named Plaintiffs are not adequate class representatives. Poe seeks only individual relief in the Amended Complaint. *See* ECF No. 63. As with Ms. Doe, Ms. Poe obtained an abortion, mooting out her prospective claims. *See* ECF No. 53 at 6, No. 73. Ms. Roe is not a minor and is no longer in ORR custody. According to news reports, Ms. Roe has

---

[2] Jane Roe was not in fact a minor and therefore was transferred to the custody of the Department of Homeland Security, where she was released on her own recognizance and then, we understand, obtained an abortion. ECF No. 84 at 2. She falls outside the scope of the putative class and her claim is moot in any event.

also obtained an abortion, *see* *http://www.latimes.com/politics/la-na-pol-abortion-trump-migrant-20171221-story.html,* which makes her an inadequate representative for three reasons: she is an adul, she is not in ORR custody, and she has already had an abortion. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73 (2016).  Given that named Plaintiffs no longer have a personal interest in obtaining release from ORR custody to obtain an abortion, and no class has been certified, Plaintiffs' claims for prospective relief are moot.  *See Bd. of Sch. Comm'rs v. Jacobs*, 420 U.S. 128, 129 (1975) (per curiam).[3]  Further, named Plaintiffs would be inadequate representatives for any future UACs who might claim that ORR is refusing to facilitate abortion services.

Third, Plaintiffs still fail to show commonality and typicality on issues relevant to issuing relief.  Comparing the claims of the three plaintiffs here—Ms. Doe, Ms. Roe, and Ms. Poe—illustrates this fact.  Their requests for abortion services were conditioned on circumstances that vary widely between them, and would also vary across the putative class.  In order to show commonality, "what matters . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the

---

[3] As Defendants intend to argue in their motion to dismiss, Plaintiffs' prospective claims should be dismissed as moot.  A putative class action, or particular claims within it, generally will become moot once the named plaintiff's claims no longer present a live controversy.  *See Jacobs*, 420 U.S. at 129; *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013) (A class action that has not been certified, or particular claims within it, generally will become moot once the named plaintiff's claims no longer present a live controversy.).  Plaintiffs assert that ORR's policy puts an unconstitutional obstacle in the path of unaccompanied minors who seek an elective abortion.  ECF No. 83 at 15-16, ¶¶ 55-63.  However, Ms. Doe, Ms. Roe, and Ms. Poe have undergone their requested abortions.  ECF No. 94 at 1; http://www.latimes.com/politics/la-na-pol-abortion-trump-migrant-20171221-story.html. Further, before HHS had entered any decision regarding Ms. Roe's request for an abortion, Ms. Roe was found not to be a minor, and her custody was transferred to DHS, which immediately released her on her own recognizance.  Thus, Ms. Doe, Ms. Roe, and Ms. Poe no longer allege a live case or controversy concerning Plaintiffs' prospective challenge to Defendants' alleged policy regarding facilitation of abortion.

resolution of the litigation." *Wal-Mart Stores*, 564 U.S. at 350 (internal quotation omitted).

Further, "commonality is established by a common issue the resolution of which will advance

the litigation, but is lacking where the case will turn on a series of individualized inquiries."

*Disability Rights Council of Greater Washington v. WMATA*, 239 F.R.D. 9, 26 (D.D.C. 2006)

(quoting *Love v. Johanns*, 439 F.3d 723, 730 (D.C. Cir. 2006) (internal quotations and citations

omitted). The claims of the three plaintiffs here—Ms. Doe, Ms. Roe, and Ms. Poe—were

conditioned on circumstances that vary widely between them, and would also vary across the

putative class. Ms. Doe, for example, was located in a state requiring judicial bypass for minors

unable to obtain parental consent. *See* ECF No. 30 ¶ 4. Ms. Poe was located in a state without

any judicial bypass requirement. *See* ECF No. 66 at 8. Ms. Doe's guardian ad litem "agreed to

transport her to the abortion facility." ECF No. 30 ¶ 10. Ms. Poe lacked a guardian ad litem or

sponsor and thus requires governmental-contract shelter staff to transport her for an abortion.

ECF No. 66 at 4; ECF No. 73 ¶ 14.[4] While an expedited search for a sponsor was underway for

Ms. Doe, ECF No. 10-1 ¶ 21, Ms. Roe had already identified a U.S. citizen family member who

had already applied to serve as her sponsor, ECF No. 66-1 ¶ 4. And, of course, Ms. Roe turned

out not to be a minor at all, presenting an entirely different set of circumstances regarding the

---

[4] Having a guardian ad litem to represent his or her legal interests is another critical fact that
distinguishes the cases of the named Plaintiffs, as explained above, as well as potential class
members. *See* Fed. R. Civ. P. 17(c). "State law generally governs an individual's capacity to
represent a minor or incompetent in federal court." *Sam M. ex rel. Elliott v. Carcieri*, 608 F.3d
77, 86 (1st Cir. 2010) (citing Fed. R. Civ. P. 17(b)(3)). In most jurisdictions, minors lack
capacity to sue on their own and require an appropriate relative or guardian or a court-appointed
guardian ad litem to sue on their behalf. *See, e.g., Doe by Fein v. D.C.*, 93 F.3d 861, 885 (D.C.
Cir. 1996) (Rogers, J., concurring in part and dissenting in part) (citing *Dye by Dye v. Fremont
Cty. Sch. Dist. No. 24*, 820 P.2d 982, 985 (Wyo. 1991) ("An unemancipated minor, by himself,
has no procedural capacity to sue or be sued.)); *Ater v. Follrod*, 238 F. Supp. 2d 928, 938 n.4
(S.D. Ohio 2002) ("Since minors have no standing to sue prior to reaching the age of majority,
they must sue through a parent or guardian...."). Alien minors without parents or legal guardians
and who lack guardians ad litem would lack the capacity to serve as plaintiffs or class
representatives.

obligation and opportunity of ORR to determine an alien's age prior to facilitating a requested abortion. These considerations affect the constitutionality analysis for the individual UACs, indicating that there would be different "answers" to the allegedly common claim they bring against ORR's action, and thus rendering commonality lacking. *See Wal-Mart Stores*, 564 U.S. at 350.

Viability is also a dispositive legal distinction among potential Plaintiffs' claims because the undue-burden framework applies only before a fetus is viable. *See Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833, 860 (1992). While Defendants do not concede that the undue burden framework applies here, even if it did, UACs who do not request abortions prior to viability have substantially different legal rights with regard to abortion. *See Casey*, 505 U.S. at 860 (reaffirming the constitutionality of restrictions on access to abortion after fetal viability, which at the time occurred at 23 or 24 weeks). Ms. Doe was approximately 15 weeks pregnant at the time of the court's order—still significantly prior to the point of viability. ECF 30 ¶ 12. *See Casey*, 505 U.S. at 860. However, Ms. Poe did not finally conclude that she wanted an abortion until she was at a more advanced stage of her pregnancy. *See* ECF No. 73 ¶ 8.[5]

These different factual circumstances of the UACs identified in this case demonstrate why resolution of any more of these claims in an undifferentiated, generalized fashion is impossible. *See Disability Rights Council of Greater Washington*, 239 F.R.D. at 26. They also show how a single, general injunctive remedy would be inappropriate. *See* Fed. R. Civ. P. 23(b)(2). "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would

---

[5] While Plaintiffs claim that Defendants' prevented Ms. Poe from obtaining an abortion earlier, Ms. Poe in fact determined to carry her pregnancy to term as of December 4, 2017, and did not change her mind again until more recently. *See* ECF No. 66-1 at ¶ 5.

provide relief to each member of the class.  It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant."  *Wal-Mart Stores*, 564 U.S. at 360.  Here, a single injunction or declaration could not address the rights of class members who were both pre- and post-viability. Further, each putative class member would require an individual determination and order speaking to the specific circumstances of her state of pregnancy, the laws and procedures available in the state where she is located, the timing permitted for ORR to find a sponsor or determine the minor's age, and the necessary arrangements that must be made with third parties to provide transportation to receive abortion services.  *See, e.g.*, ECF No. 73 ¶¶ 7, 14.  No single court order can address those different circumstances and ORR's congressionally authorized role in making care decisions.

Finally, class certification (provisional or otherwise) and notice of *all* pregnant UACs would be particularly inappropriate given the vulnerable population at issue and the lack of a *guardian ad litem* for those minors, *see supra* n.5.  Plaintiffs offer no persuasive reason why the class must include notice of this lawsuit to all pregnant UACs in ORR custody, nor why Plaintiffs' counsel should be provided identification or contact information for any UACs who have not requested their services.  As explained, only a small fraction of pregnant UACs in ORR's custody in the past year (18 of 420, or 4.3%) requested abortions.  *See* ECF No. 53-1 ¶ 5. And several of those UACs ultimately chose not to obtain such services.  Defendants cannot possibly impose an undue burden on individuals who do not request such services.  And there is no reason or justification for requiring Defendants to notify pregnant UACs of this lawsuit or their ability to contact class counsel if they have not requested abortion services.  In no event,

given the privacy interests at stake, should Defendants be required to provide the minor's contact

information to Plaintiffs' counsel unless the minor has requested to consult with them.

## <u>CONCLUSION</u>

For the foregoing reasons, as well as those provided in Defendants' Opposition to Class

Certification, ECF No. 53,  Plaintiffs' Motion for an Order Requiring Notice to, or Regarding,

Additional Class Members and Request to Shorten Defendants' Time in Which to Respond, ECF

No. 90, should be denied.

Dated:  January 2, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

AUGUST E. FLENTJE
Special Counsel

ERNESTO H. MOLINA
Deputy Director

BY:  /s/ *Joseph A. Darrow*
JOSEPH A. DARROW
Trial Attorney
Office of Immigration Litigation-DCS
Civil Division, U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 598-2445
Fax: (202) 305-7000
Joseph.A.Darrow@usdoj.gov

*Attorneys for Defendants*