**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) No. 17-cv-02122-TSC ) |
| v. | ) ) |
| ERIC D. HARGAN, *et al.*, | ) ) |
| Defendants. | ) ) ) |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR PROVISIONAL CLASS CERTIFICATION AND NOTICE**

Plaintiffs file this reply to Defendants' Response to Plaintiffs' Motion for Provisional Class Certification and Notice (ECF No. 98) to make two points.

First, despite Defendants' suggestion to the contrary, the option of provisional class certification is alive and well, *see, e.g., R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 179-80 (D.D.C. 2015), and Plaintiffs satisfy all the requirements for provisional class certification and class certification. *See* ECF Nos. 18 and 56. Moreover, the class representatives' claims for injunctive relief against Defendants' no-abortion policy fall within well-established mootness exceptions. *See* ECF No. 56. As to the new minors identified, Ms. Roe is an adequate class representative,[1] and Ms. Poe is a member of the putative class. Defendants point to distinctions in Ms. Roe's and Ms. Poe's factual circumstances, and to a variety of factual distinctions among different members of the putative class, but none of these differences affects commonality or typicality. Indeed, Defendant Lloyd's refusal to allow Jane Poe to obtain an abortion—despite the fact that her pregnancy was a result of rape, that she threatened to harm herself if she could

---

[1] Plaintiffs dispute that Ms. Roe is 19 years old; instead, she maintains that she is 17 years old.

not obtain an abortion, and that her mother and potential sponsor threatened to beat her if she had an abortion—makes unmistakably clear that ORR has adopted a blanket no-abortion policy applicable in all circumstances.[2]  A decision striking down that policy will free all class members from Defendants' unconstitutional restraint.[3]

Second, Defendants' extraordinary claim that Plaintiffs' counsel should be prohibited from contacting minors flies in the face of legal requirements ensuring that unaccompanied minors be allowed access to counsel.  Indeed, 8 U.S.C. § 1232(c)(5) explicitly states that Defendants "shall ensure… that all unaccompanied alien children who are or have been in the custody of the Secretary of Homeland Security [who are not from contiguous countries] . . . have counsel to represent them in legal proceedings or matters to protect them from mistreatment." Moreover, the *Flores* settlement agreement requires ORR and its funded shelters to provide or arrange for legal services information.  *Flores v. Reno*, No. 85-cv-4544, Ex. 1 (C.D. Cal. Jan. 17, 1997).

Defendants are not only imposing a blatantly unconstitutional policy on a marginalized population to deny them access to abortion, but they are also seeking to prevent these minors from accessing counsel to vindicate their constitutional rights.  Plaintiffs' counsel fortunately found Ms. Roe and Ms. Poe after receiving anonymous tips.  Absent Plaintiffs' counsel and this Court's intervention, both young women would have likely been forced to carry their pregnancies to term against their will.  Ms. Roe's and Ms. Poe's cases highlight the problem of minors in the putative class who seek abortion but who will be prevented from accessing

---

[2] The only possible exception appears to be when a minor's life would be threatened by continuation of the pregnancy.

[3] Contrary to Defendants' claim, Defs.' Resp. at 7 n.4, a minor without a parent, guardian, or guardian ad litem may be a plaintiff under the plain text of Federal Rule of Civil Procedure 17(c)(2), as long as the court issues an order to protect the minor.

abortion because of Defendants' no-abortion policy unless Plaintiffs' motion for preliminary class certification, or provision class certification, and notice is granted.

Date: January 9, 2017

Respectfully submitted,

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
4301 Connecticut Avenue NW, Suite 434
Washington, D.C. 20008
Tel. 202-457-0800
Fax 202-457-0805
*aspitzer@acludc.org*
*smichelman@acludc.org*

/s/*Brigitte Amiri*
Brigitte Amiri*
Meagan Burrows
Jennifer Dalven
Lindsey Kaley
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 549-2633
Fax (212) 549-2652
*bamiri@aclu.org*
*mburrows@aclu.org*
*jdalven@aclu.org*
*lkaley@aclu.org*

Daniel Mach (D.C. Bar No. 461652)
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Telephone: (202) 675-2330
*dmach@aclu.org*

Mishan R. Wroe
American Civil Liberties Union Foundation of
Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Tel. (415) 621-2493
Fax (415) 255-8437
*jchou@aclunc.org*
*mwroe@aclunc.org*

Melissa Goodman
American Civil Liberties Union Foundation of
Southern California
1313 West 8th Street
Los Angeles, California 90017
Tel. (213) 977-9500
Fax (213) 977-5299
*mgoodman@aclusocal.org*

*\*Admitted pro hac vice*

*Attorneys for Plaintiffs*