**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ERIC D. HARGAN, *et al.*,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>) No. 17-cv-02122-TSC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## APPLICATION FOR A TEMPORARY RESTRAINING ORDER

Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.1, Plaintiff Jane Moe hereby applies for the issuance of an order temporarily restraining Defendants (along with their respective successors in office, officers, agents, servants, employees, attorneys and anyone acting in concert with them) from, *inter alia*, interfering with or obstructing Ms. Moe's access to abortion; forcing, coercing, or requiring Ms. Moe to obtain additional "counseling" from an anti-abortion entity, including a crisis pregnancy center or "pregnancy resource center" either before or after her abortion; forcing, coercing, or requiring Ms. Moe to notify anyone of her abortion decision, either before or after her abortion; disclosing Ms. Moe's abortion decision themselves, either before or after their abortions, to her family or potential sponsors; coercing or attempting to "persuade" Ms. Moe to carry her pregnancy to term; or retaliating against Ms. Moe and any shelter staff who assist her based on her decision to have an abortion and the shelter staff's assistance, respectively.

This motion is based on the memorandum of points and authorities submitted herewith, all declarations, pleadings and filings filed in this action. The grounds for this application are

that Defendants' actions and policies violate Ms. Moe's rights under the First and Fifth Amendments to the Constitution of the United States, insofar as these actions and policies unlawfully violate Ms. Moe's rights to privacy, liberty and informational privacy, and rights against compelled speech; that Ms. Moe will suffer irreparable injury if the Defendants are not enjoined; that Defendants will not be injured if a temporary restraining order issues; and that the public interest favors the issuance of a temporary restraining order.

Given the Court's familiarity with the issues presented in the TRO, and given that time is of the essence, Plaintiffs respectfully request that this Court decline to hold oral argument. Of course, should the Court decide argument is helpful, Plaintiffs' counsel will make themselves available at any time.

January 11, 2018

                                          Respectfully submitted,

                                          Arthur B. Spitzer (D.C. Bar No. 235960)
                                          Scott Michelman (D.C. Bar No. 1006945)
                                          American Civil Liberties Union Foundation
                                          of the District of Columbia
                                          4301 Connecticut Avenue NW, Suite 434
                                          Washington, D.C. 20008
                                          Tel. 202-457-0800
                                          Fax 202-457-0805
                                          *aspitzer@acludc.org*
                                          *smichelman@acludc.org*

                                          /s/ Brigitte Amiri
                                          Brigitte Amiri*
                                          Meagan Burrows
                                          Jennifer Dalven
                                          Lindsey Kaley
                                          American Civil Liberties Union Foundation
                                          125 Broad Street, 18th Floor
                                          New York, NY 10004
                                          Tel. (212) 549-2633
                                          Fax (212) 549-2652
                                          *bamiri@aclu.org*

*mburrows@aclu.org*
*jdalven@aclu.org*
*lkaley@aclu.org*

Daniel Mach (D.C. Bar No. 461652)
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Telephone: (202) 675-2330
*dmach@aclu.org*

Elizabeth Gill
Mishan R. Wroe
American Civil Liberties Union Foundation of
Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Tel. (415) 621-2493
Fax (415) 255-8437
*egill@aclunc.org*
*mwroe@aclunc.org*

Melissa Goodman*
American Civil Liberties Union Foundation of
Southern California
1313 West 8th Street
Los Angeles, California 90017
Tel. (213) 977-9500
Fax (213) 977-5299
*mgoodman@aclusocal.org*

*\*Admitted pro hac vice*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>ERIC D. HARGAN, *et al.*,<br><br>　　　　　　Defendants. | No. 17-cv-02122-TSC |

**PLAINTIFF JANE MOE'S MEMORANDUM IN SUPPORT OF HER APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

**PRELIMINARY STATEMENT**

Jane Moe seeks a temporary restraining order (TRO) to prohibit the federal government from denying her the ability to access abortion. Jane Moe is a 17-year-old unaccompanied immigrant minor who is currently in the federal government's legal custody, living in a government-funded shelter.[1] Ms. Moe is pregnant and resolute in her desire to have an abortion. Nevertheless, as a result of Defendants' sustained enforcement of their policy of ensuring that all pregnant minors in their custody continue their pregnancies, even against their will, Ms. Moe is being prevented from exercising her constitutionally protected decision.

Ms. Moe first requested access to abortion approximately two weeks ago. Ex. 1, Decl. of Jane Moe ¶ 6. To date, however, Defendants have not permitted Ms. Moe's shelter to allow Ms. Moe to access abortion. *Id.* ¶ 7. Absent an immediate TRO, Ms. Moe will be pushed further into

---

[1] Plaintiffs' motion for Ms. Moe to proceed using a pseudonym to protect her privacy has been filed simultaneously with this motion.

her pregnancy, increasing the risks associated with the abortion procedure, and, if the Court does not intervene, Ms. Moe will be forced to carry to term against her will.

This Court has now considered the parties' arguments as to the Plaintiffs' likelihood of success in their constitutional challenge to Defendants' no-abortion policy twice. It has *twice* balanced the irreparable harm to a minor from being unduly delayed and/or blocked from effectuating her abortion decision, against any alleged harm to Defendants, and *twice* considered the public interests at stake. Having done all of this, this Court has issued two TROs – one to prevent Defendants from interfering or obstructing Plaintiff Jane Doe's access to abortion and another to prevent Defendants from interfering or obstructing Plaintiffs Jane Roe's and Jane Poe's access to abortion. *See* October 18, 2017 Order (ECF No. 20); December 18, 2017 Order (ECF No. 73). The same factors that counseled in favor of granting relief to Ms. Doe, Ms. Roe and Ms. Poe support doing the same with respect to Ms. Moe. Accordingly, Plaintiffs respectfully request that this Court similarly issue an immediate, emergency temporary injunction prohibiting Defendants from obstructing or interfering with Ms. Moe's ability to exercise her fundamental right to obtain an abortion.

## FACTUAL BACKGROUND

In March of 2017 Defendants established a policy of prohibiting all federally funded shelters from "taking 'any action that facilitates' abortion access for unaccompanied minors absent 'direction and approval from the Director of the ORR.'" *See* Findings of Fact in Supp. of Amended TRO ¶ 5 (ECF No. 30); December 18, 2017 Order, Findings of Fact ¶ 9 (ECF No. 73) (noting that the Defendants' policy of prohibiting shelters from "taking 'any action that facilitates' abortion access for unaccompanied minors absent 'direction and approval from the Director of the ORR' . . . remain[ed] in effect at [that] time with respect to Jane Roe and Jane

Poe"); *id.* at Conclusions of Law ¶ 1 ("ORR continues to claim—and in the case of J.P., has actually exercised—ultimate authority to unilaterally veto the reproductive choices of the unaccompanied minors in its custody.").[2] Defendants are once again applying this policy, this time to prevent Jane Moe from exercising her constitutionally protected right.

Ms. Moe is 17 years old and arrived in the U.S. from her home country without her parents. *See* Ex. 1, Decl. of Jane Moe ¶¶ 2-3. She has been placed in ORR-funded shelter. *Id.* ¶ 4. Ms. Moe first requested access to abortion approximately two weeks ago. *Id.* ¶ 6. Despite this request, and her continued insistence that she wants an abortion, Defendants have refused to grant consent for her shelter to provide her with access to an abortion provider. *Id.* ¶ 7.

Defendants' actions have already caused Ms. Moe to delay her abortion by approximately two weeks. Ms. Moe is already in her second trimester of pregnancy; any further delay increases the risks to her health as well as the risk that she will ultimately be stripped of her constitutional right to abortion entirely. Accordingly, time is once again of the essence. Given this, and that this Court is now extremely familiar with the issues presented in the TRO, Plaintiffs respectfully request that this Court decline to hold oral argument and issue an order prohibiting Defendants from forcing Ms. Moe to remain pregnant against her will for any longer. Of course, should the Court decide argument is helpful, Plaintiffs' counsel will make themselves available at any time of the Court's convenience.

## ARGUMENT

To obtain a preliminary injunction or temporary restraining order, a plaintiff must establish (1) "that [s]he is likely to succeed on the merits," (2) "that [s]he is likely to suffer

---

[2] Plaintiffs incorporate by reference the facts submitted in support of their prior Applications for a TRO and their Motion for a Preliminary Injunction (ECF Nos. 3, 5, 63).

irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in [her] favor," and (4) "that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Singh v. Carter*, 168 F. Supp. 3d 216, 223 (D.D.C. 2016). Courts in this Circuit have traditionally applied these factors on a "sliding scale," where a stronger showing on some factors can compensate for a weaker showing on others. *See, e.g.*, *Davenport v. Int'l Brotherhood of Teamsters*, 166 F.3d 356, 360 (D.C. Cir. 1999). It has been suggested, but not decided, that a likelihood of success on the merits may be required. *See Sherley v. Sebelius*, 644 F.3d 388, 392–93 (D.C. Cir. 2011) (citing *Winter*, 555 U.S. at 20-22). Under either approach, Plaintiffs make the necessary showing here.

I. **Plaintiff Jane Moe Is Likely to Succeed on the Merits of Her Claims.**

   A. **Defendants' Conduct Violates Jane Moe's Fifth and First Amendment Rights.**

      1. **Defendants Cannot Prevent Jane Moe From Accessing Abortion.**

As in the cases of Jane Doe, Jane Roe and Jane Poe, *Roe v. Wade*, 410 U.S. 113 (1973) and its progeny, *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992) and *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2309 (2016), control here. These Supreme Court cases make clear that government may not place a "substantial obstacle" in the path of women seeking abortion. *Whole Woman's Health*, 136 S. Ct. at 2309. Defendants' policy of blocking minors' from accessing abortion goes beyond imposing a substantial obstacle—it outright prohibits minors from exercising their right to decide to terminate their pregnancies before viability. Such a prohibition is blatantly unconstitutional under binding Supreme Court precedent. *See, e.g.*, *Casey*, 505 U.S. at 871 (a "woman's right to terminate her pregnancy before viability" is "a rule of law and a component of liberty we cannot renounce").

Defendants continue to violate binding Supreme Court precedent here by refusing to allow Ms. Moe to obtain an abortion. As with Ms. Doe, Ms. Roe and Ms. Poe, Defendants are exercising their veto power over Ms. Moe's constitutionally protected abortion decision by denying her the ability to access abortion. As with Ms. Doe, Ms. Roe and Ms. Poe, there is no reason that remotely passes constitutional muster for Defendants to be doing so. Nevertheless, Defendants persist in enforcing their blatantly unconstitutional policy against Ms. Moe, refusing to permit her to access abortion care in direct violation of the Fifth Amendment.

### 2. Defendants Cannot Force Jane Moe To Disclose (Or Disclose Themselves) Her Pregnancy And Abortion Decision to Others Without Her Consent.

As Plaintiffs have explained, Defendants' infringement of minors' constitutional rights goes beyond blocking their ability to access abortion. Defendants' policy also requires minors to tell parents and/or sponsors about their pregnancies and abortion decisions even if they do not wish to do so—otherwise Defendants will tell those parents and sponsors themselves over the minors' objections—and compels minors to attend "life-affirming" spiritual counseling. *See, e.g.*, Pl.'s Mem. in Supp. of TRO & Prelim. Inj. 11-14 (ECF No. 5-1); Exs. A-I to Decl. of B. Amiri in Supp. of TRO & Prelim. Inj. (ECF Nos. 5-3 – 5-12); Pl.'s Mot. for Class Cert. (ECF No. 18); Pl.'s Reply in Supp. of Class Cert. (ECF No. 56); Pls.' Roe & Poe Mem. in Supp. of App. for TRO (ECF No. 63-1). As set forth in Plaintiffs' prior briefings, these aspects of Defendants' policy also violate minors' Fifth and First Amendment rights. Pl.'s Mem. in Supp. of TRO & Prelim. Inj. 11-14 (ECF No. 5-1); Pls.' Roe & Poe Mem. in Supp. of App. for TRO (ECF No. 63-1).

Pursuant to Defendants' policy, Ms. Moe has already been taken to a "crisis pregnancy center" to discuss her pregnancy. *See* Second Amended Complaint ¶ 28. Upon information and belief, pursuant to Defendants' policy, Defendants are also seeking to require Ms. Moe to

disclose her pregnancy and abortion decision to her parents, despite her strong desire that this information be kept confidential. *Id.* ¶ 29. Given that Defendants continue to enforce their unconstitutional policy against pregnant minors in their care, Ms. Moe also faces the risk that Defendants will disclose her private information to her parents or potential sponsor themselves, over her objection and without her consent. Accordingly, like Plaintiffs Jane Doe, Jane Roe and Jane Poe before her, Plaintiff Jane Moe is likely to succeed on her Fifth and First Amendment claims.

### B. Jane Moe Will Suffer Irreparable Injury Unless Defendants Are Enjoined.

Ms. Moe will suffer immediate and irreparable harm if this Court does not require Defendants to provide her with immediate access to the abortion care she seeks. As Plaintiffs have explained, time is "of the essence in an abortion decision." *H.L. v. Matheson*, 450 U.S. 398, 412 (1981); *see* Pl.'s Mem. in Supp. of TRO & Prelim Inj. 14-15 (ECF No. 5-1). This is both because the medical risks associated with the abortion procedure increase as the pregnancy progresses and because delaying a woman from accessing abortion care past a certain point in her pregnancy will strip her of her right to choose entirely. *See* Pl.'s Mem. in Supp. of TRO & Prelim Inj. 14-15 (ECF No. 5-1); *Williams v. Zbaraz*, 442 U.S. 1309, 1314–15 (1979) (Stevens, J., sitting as Circuit Justice) (increased risk of "maternal morbidity and mortality" supports claim of irreparable injury).

Just as Plaintiffs Doe, Roe and Poe did, Ms. Moe faces irreparable harm if she is not granted the relief she seeks. Each day that goes by is another day that Ms. Moe is forced by Defendants to remain pregnant against her will. Although abortion is safe throughout pregnancy, the risks do increase as the pregnancy advances. The irreparable harm to Ms. Moe will only increase if Defendants are permitted to continue to delay her ability to access abortion and/or

prevent her from exercising her right to the point where she is forced to carry to term against her will. Ms. Moe will also be irreparably harmed if she is forced to tell (or if Defendants tell) family members, sponsors and other third parties that she is seeking or has obtained an abortion and if she is forced to be further "counseled" by a religious entity in violation of her First Amendment rights. *See* Pl.'s Mem. in Supp. of TRO & Prelim. Inj. 15-16 (ECF No. 5-1).

### C. The Balance of Harm Strongly Favors Plaintiffs.

In contrast to the irreparable harm Ms. Moe faces absent relief, as this Court found in the cases of Jane Doe, Jane Roe and Jane Poe, Defendants "will not be harmed if [a TRO] is issued." October 18, 2017 Order at 1 (ECF No. 20); *see also* December 18, 2017 TRO Conclusions of Law ¶ 2 (ECF No. 73). Defendants can have no legal authority to override Ms. Moe's constitutional right to choose whether to carry a pregnancy to term by prohibiting her from obtaining an abortion absent the "consent" they withhold. Private funds will be used to pay for Ms. Moe's procedure and shelter staff are ready and willing to transport Ms. Moe to an abortion provider. In other words, once again, the costs are covered, the logistics related to the transfer of will be handled by the shelter, and any necessary post-procedure care will be handled by the shelter in conjunction with Ms. Moe's medical providers. Once again, Defendants are being asked only to refrain from prohibiting those willing to help Ms. Moe effectuate her constitutional rights from doing so. *See* Pl.'s Mem. in Supp. of TRO & Prelim. Inj. 16 (ECF No. 5-1). Accordingly Defendants simply cannot claim – for what would now be the third time – that they suffer any harm from allowing Ms. Moe to access the care that she seeks and to which she is constitutionally entitled.

### D. A TRO Serves the Public Interest.

Finally, the public interest will be served by issuing a TRO here. "It is always in the

public interest to prevent the violation of a party's constitutional rights." *Simms v. District of Columbia*, 872 F. Supp. 2d 90, 105 (D.D.C. 2012) (quoting *Abdah v. Bush*, No. 04-cv-1254, 2005 WL 711814 at *6 (D.D.C. Mar. 29, 2005)); *accord Lamprecht v. F.C.C.*, 958 F.2d 382, 390 (D.C. Cir. 1992) ("a [government] policy that is unconstitutional would inherently conflict with the public interest"); *see also Arizona Dream Act Coal. v. Brewer*, 855 F.3d 957, 978 (9th Cir. 2017); *Newsom ex rel. Newsom v. Albemarle Cty. Sch. Bd.*, 354 F.3d 249, 261 (4th Cir. 2003) ("Surely, upholding constitutional rights serves the public interest."); *Planned Parenthood Ass'n of City of Cincinnati, Inc. v. City of Cincinnati*, 822 F.2d 1390, 1400 (6th Cir. 1987) ("the public is certainly interested in the prevention of enforcement of ordinances which may be unconstitutional"); *Carey v. Klutznick*, 637 F.2d 834, 839 (2d Cir. 1980) ("the public interest … requires obedience to the Constitution"). As in the cases of Plaintiffs Doe, Roe and Poe, there is no conceivable way the public interest will be adversely affected by protecting Ms. Moe's choice to terminate her pregnancy, the most private and intimate of decisions. Indeed, the opposite is true: The public interest will be served by ending this violation of Ms. Moe's constitutional rights.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Court issue a temporary restraining order prohibiting the Defendants from continuing to interfere with Jane Moe's right to obtain an abortion.

DATED: January 11, 2018                  Respectfully submitted,

                                                         Arthur B. Spitzer (D.C. Bar No. 235960)
                                                         Scott Michelman (D.C. Bar No. 1006945)
                                                         American Civil Liberties Union Foundation
                                                        of the District of Columbia
                                                        4301 Connecticut Avenue NW, Suite 434
                                                        Washington, D.C. 20008

Tel. 202-457-0800
Fax 202-457-0805
*aspitzer@acludc.org*
*smichelman@acludc.org*

/s/ Brigitte Amiri
Brigitte Amiri*
Meagan Burrows
Jennifer Dalven
Lindsey Kaley
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 549-2633
Fax (212) 549-2652
*bamiri@aclu.org*
*mburrows@aclu.org*
*jdalven@aclu.org*
*lkaley@aclu.org*

Daniel Mach (D.C. Bar No. 461652)
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Telephone: (202) 675-2330
*dmach@aclu.org*

Elizabeth Gill
Mishan R. Wroe
American Civil Liberties Union Foundation of
Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Tel. (415) 621-2493
Fax (415) 255-8437
*egill@aclunc.org*
*mwroe@aclunc.org*

Melissa Goodman
American Civil Liberties Union Foundation of
Southern California
1313 West 8th Street
Los Angeles, California 90017
Tel. (213) 977-9500
Fax (213) 977-5299
*mgoodman@aclusocal.org*

*Admitted pro hac vice*

*Attorneys for Plaintiffs*

# Exhibit 1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROCHELLE GARZA, as guardian ad litem to )
unaccompanied minor J.D., on behalf of )
herself and others similarly situated, *et al*. )
) Civil No. 17-cv-02122-TSC
Plaintiffs, )
) Declaration of ███████████
v. )
)
ERIC D. HARGAN, *et al.*, )
)
Defendants. )
)

I, ███████████, do hereby depose and state as follows:

1. I submit this declaration in support of my motion for a temporary restraining order.

2. I am 17 years old.

3. I came to the United States from my home country without my parents.

4. I was detained after entering the United States, and am currently in ORR custody.

5. I am pregnant. I have decided to have an abortion.

6. Approximately two weeks ago, I asked my shelter for access to abortion.

7. I understand that my shelter has submitted my request for an abortion to Defendants for approval but that, to date, Defendants have not yet approved my request.

8. I would like to obtain an abortion as soon as possible.

9. I do not want to be forced to carry a pregnancy to term against my will.

10. I do not want to procced in court using my real name because I fear retaliation because I am seeking an abortion. I do not want people to know that I am seeking an abortion.

11. I agree to be a class representative for similarly situated individuals.

CONFIDENTIAL

12. This declaration has been translated for me so that I know its contents and it states the truth.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 10, 2018

███████████████ a/k/a Jane Moe (J.M.)

CONFIDENTIAL

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>ERIC D. HARGAN, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)  No. 17-cv-02122-TSC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# [PROPOSED]
# TEMPORARY RESTRAINING ORDER

Upon consideration of Plaintiffs' Application for a Temporary Restraining Order and any opposition, reply, and the entire record in this case;

It appears to the Court that: (1) Plaintiffs are likely to succeed on the merits of their action; (2) if Defendants are not immediately restrained from prohibiting shelter staff from transporting Ms. Moe to abortion facilities or otherwise interfering with or obstructing her access to an abortion, Ms. Moe will both suffer irreparable injury in the form of, at a minimum, increased risk to her health, and perhaps the permanent inability to obtain a desired abortion to which she is legally entitled; (3) the Defendants will not be harmed if such an order is issued; and (4) the public interest favors the entry of such an order. It is, therefore,

ORDERED that Plaintiffs' Application for a Temporary Restraining Order is hereby GRANTED, and that Defendants Eric Hargan, Steven Wagner, and Scott Lloyd (along with their respective successors in office, officers, agents, servants, employees, attorneys, and anyone acting in concert with them) are, for fourteen days from the date shown below, hereby:

1. Required to transport Ms. Moe—or allow Ms. Moe to be transported—promptly and without delay, on such dates, including today, and to an abortion provider, in order to obtain any pregnancy or abortion-related medical care and to obtain the abortion procedure itself, in accordance with the abortion providers' availability and any medical requirements;

2. Temporarily restrained from interfering with or obstructing Ms. Moe's access to abortion counseling or an abortion;

3. Temporarily restrained from forcing Ms. Moe to reveal the fact of her pregnancy and her abortion decision to anyone, or revealing her pregnancy and her abortion decision to anyone themselves;

4. Temporarily restrained from retaliating against Ms. Moe based on her decision to have an abortion;

5. Temporarily restrained from retaliating or threatening to retaliate against the contractors that operate the shelters where Ms. Moe currently resides for any actions that those contractors or shelters have taken or may take in facilitating Ms. Moe's ability to access pregnancy and abortion-related medical care and an abortion.

It is further ORDERED that Plaintiffs shall not be required to furnish security for costs. Failure to comply with the terms of this Order may result in a finding of contempt.

Date: January \_\_\_\_, 2018

_____
TANYA S. CHUTKAN
United States District Judge