UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROCHELLE GARZA, as guardian ad litem to )
unaccompanied minor J.D., on behalf of )
herself and others similarly situated, *et al.*, )
                                                                                                ) No. 17-cv-02122-TSC
                Plaintiffs, )
v. )
   )
ERIC D. HARGAN, *et al.*, )
   )
                Defendants. )

**PLAINTIFFS' MOTION FOR LEAVE FOR JANE MOE
TO PROCEED UNDER A PSEUDONYM**

Additional Plaintiff Jane Moe hereby moves for leave to proceed by the pseudonym "Jane Moe". Plaintiffs' counsel has reached out to Defendants' counsel to ascertain whether Defendants would consent to this motion but, as of the time of filing, has not yet received a response.

Jane Moe is an unaccompanied immigrant minor in the legal custody of the federal government who wishes to proceed under a pseudonym to protect her identity, to preserve her confidentiality that protects her medical information, and to keep from the public eye her exercise of her deeply personal decision. *See* Decl. of Jane Moe ¶ 10, Ex. 1 to Pls.' Mem. in Supp. of App. for TRO. In support of this motion, Plaintiffs state as follows:

1.     While Fed R. Civ. P. 10(a) generally requires that the complaint "name all parties," Local Civil Rule 5.4(f)(2) requires that "the initials of [a minor] child" be used in cases where "the involvement of a minor child must be mentioned." Additionally, this Court has exercised its broad discretion to "allow plaintiffs to proceed under a pseudonym in cases involving matters of a sensitive and highly personal nature." *Doe v. Cabrera*, 307 F.R.D. 1, 4 (D.D.C. 2014) (citing *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C.

2008)); *see also Yaman v. U.S. Dep't of State*, 786 F.Supp.2d 148, 152-53 (D.D.C. 2011); *Doe v. Von Eschenbach*, No. 06–2131, 2007 WL 1848013, at *2 (D.D.C. June 27, 2007).

     2.     In addition to considering whether the justification asserted is to "preserve privacy in a matter of a sensitive or highly personal nature," courts look to other factors when considering a motion for leave to proceed pseudonymously, including the age of the person whose privacy interests are sought to be protected, whether the action is against the government or a private party, whether identification poses a risk of retaliatory physical or mental harm to the requesting party, and whether there is any risk of unfairness to the opposing party from allowing the action to proceed anonymously. *See Doe v. United States Dep't of State*, No. 1:15-CV-01971, 2015 WL 9647660, at *2 (D.D.C. Nov. 3, 2015) (outlining the five factors of the *Chao* test).

     3.     The relevant factors in this case weigh heavily in favor of allowing Jane Moe to proceed under a pseudonym. This lawsuit involves information—including Jane Moe's name or real initials, physical location, and immigration status—that would make her easily identifiable and would expose personal, intimate and highly confidential health matters that are deeply private. Indeed, this case centers around the minor Plaintiffs' abortion decisions, which have been recognized as a highly personal medical choice that is customarily enforced through the courts by a plaintiff who proceeds under a pseudonym. *See, e.g.*, *Doe v. Bolton*, 410 U.S. 179 (1973); *Roe v. Wade*, 410 U.S. 113 (1973); *Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (citing *Chao*, 587 F. Supp. 2d at 99, n.8 for the point that "matters of a sensitive and highly personal nature include those dealing with birth control, *abortion*, homosexuality or the welfare rights of illegitimate children or abandoned families") (emphasis added).

4. That Jane Moe is a minor and is challenging the actions of the federal government (as opposed to private) defendants, in whose legal custody she remains, provides further grounds for permitting her to proceed anonymously. *See Qualls v. Rumsfeld*, 228 F.R.D. 8, 11 (D.D.C. 2005) (acknowledging that courts are "more inclined to permit pseudonymous suits by plaintiffs when the government is the defendant or when the plaintiff is a minor.").

5. Jane Moe fears that if her name or identity becomes public, she will suffer humiliation and retaliation at the hands of those who oppose abortion rights. *See* Decl. of Jane Moe ¶ 10, Ex. 1 to Pls.' Mem. in Supp. of App. for TRO. Her status as an immigrant may make her particularly vulnerable to these adverse consequences; indeed, courts have routinely recognized this and allowed undocumented immigrants to proceed anonymously. *See, e.g.*, *Lozano v. City of Hazelton*, 620 F.3d 170, 194-95 (3d Cir. 2010), *vacated on other grounds*, 131 S. Ct. 2958 (2011); *Plyler v. Doe*, 457 U.S. 202 (1982) (permitting plaintiffs to proceed anonymously in case addressing the rights of undocumented children).

6. Finally, allowing Jane Moe to proceed under a pseudonym would not prejudice the Defendants. The Defendants know exactly who Jane Moe is; it is only from the public that her identity would be protected. And anonymous lawsuits "challenging the constitutional, statutory, or regulatory validity of government activity," unlike anonymous lawsuits against private parties, have been recognized to "involve no injury to the Government's reputation." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). Nor would granting Plaintiffs' motion harm the public interest. Under Local Civil Rule 5.4(f)(2), because Jane Moe is a minor, her full name would not be used regardless, so as to protect her privacy; accordingly, permitting her to use a pseudonym instead of her own name or initials, as further protection against her name or

identity becoming public, will not affect the public's interest in open judicial proceedings.

7.     For the same reasons, the Court should direct that any document revealing Jane Moe's true identity, or any information or distinguishing characteristics which could reveal Jane Moe's true identity, be filed under seal, with a redacted public filing made simultaneously or promptly thereafter.

## CONCLUSION

For the reasons given above, the motion should be granted. A proposed order is filed herewith.

Date: January 11, 2018                              Respectfully submitted,

                              Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
4301 Connecticut Avenue NW, Suite 434
Washington, D.C. 20008
Tel. 202-457-0800
Fax 202-457-0805
*aspitzer@acludc.org*
*smichelman@acludc.org*

/s/ Brigitte Amiri
Brigitte Amiri (admitted *pro hac vice*)
Meagan Burrows
Jennifer Dalven
Lindsey Kaley
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 549-2633
Fax (212) 549-2652
*bamiri@aclu.org*
*mburrows@aclu.org*
*jdalven@aclu.org*
*lkaley@aclu.org*

Daniel Mach (D.C. Bar No. 461652)
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005

Telephone: (202) 675-2330
*dmach@aclu.org*

Elizabeth Gill
Mishan R. Wroe
American Civil Liberties Union Foundation of
Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Tel. (415) 621-2493
Fax (415) 255-8437
*egill@aclunc.org*
*mwroe@aclunc.org*

Melissa Goodman
American Civil Liberties Union Foundation of
Southern California
1313 West 8th Street
Los Angeles, California 90017
Tel. (213) 977-9500
Fax (213) 977-5299
*mgoodman@aclusocal.org*

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>ERIC D. HARGAN, *et al.*,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)　No. 17-cv-02122-TSC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## [PROPOSED] ORDER GRANTING PLAINTIFFS'
## MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

Upon consideration of minor Plaintiff Jane Moe's motion for leave to proceed under the pseudonym "Jane Moe," it is hereby

ORDERED that the motion is GRANTED, and the unaccompanied immigrant minor Jane Moe may proceed herein by the pseudonym Jane Moe; and it is further

ORDERED that any document revealing Jane Moe's true identity or distinguishing characteristics—including, but not limited to, documents provided under seal in other proceedings involving Jane Moe and documents revealing Jane Moe's physical location and other details that could lead to her identification—shall be filed under seal, with a redacted public filing made simultaneously or promptly thereafter.


Dated: January ___, 2018　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Tanya S. Chutkan
　　　　　　　　　　　　　　　　　　　　　　United States District Judge