# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated, *et al.*,<br><br>Plaintiffs,<br><br>  v.<br><br>ERIC D. HARGAN, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  No. 17-cv-02122-TSC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### SUPPLEMENTAL MEMORANDUM REGARDING CLASS CERTIFICATION

Plaintiffs submit this supplemental memorandum in support of Plaintiffs' pending motions for class certification (ECF No. 18) and for provisional class certification and notice (ECF No. 90).

1. The Second Amended Complaint just filed in this action (ECF No. 104) includes a new plaintiff, Jane Moe, who is also proposed as an additional class representative. *See id.* at ¶¶ 31, 62, 66.

2. In opposing class certification, the government has argued at length that Jane Doe and Jane Roe are not proper class representatives because they have already received abortions. *See* ECF No. 53 at 8-11; ECF No. 98 at 5-6. While Plaintiffs have explained why that argument is without merit, *see* ECF No. 56 at 11-18; ECF No. 103 at 1, any question on that score would be eliminated were a class to be certified at this time, while Ms. Moe remains pregnant. The Supreme Court has repeatedly held that where a class action is certified prior to mootness, it does not become moot even if the class representative's claim does. *See, e.g., Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 51

(1991) ("Our cases leave no doubt, however, that by obtaining class certification, plaintiffs preserved the merits of the controversy for our review."); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, ___, 133 S. Ct. 1523, 1525 (2013) ("a class action is not rendered moot when the named plaintiff's individual claim becomes moot *after* the class has been duly certified") (emphasis in original).

3.   As the facts set forth in the application for a TRO on behalf of Jane Moe (ECF No. 105) demonstrate, Ms. Moe will be an appropriate additional class representative. Her claims are typical of the class's claims because they raise the same issues that apply to the rest of the class: whether the Defendants can constitutionally enforce a policy to ensure that no pregnant persons in their custody obtain abortions (at least unless continuing the pregnancy would pose a risk of death or serious injury). *See* ECF No. 56 at 4-6; ECF No. 18 at 7; ECF No. 92-1 at 1-4 (Scott Lloyd Memorandum regarding Jane Poe).

Like other members of the class, Ms. Moe is pregnant, is in the custody of ORR, is living at a government-funded shelter, and is being unconstitutionally denied the abortion she has requested.  Second Amended Complaint at ¶¶ 4, 27-29, 51.  Pursuant to ORR's policy, Ms. Moe was taken to "life-affirming" counseling at a crisis pregnancy center.  *Id*. ¶ 28. Like other class members, she is being stripped of her right to make autonomous decisions about whether to become a parent, and is at risk of being subjected to the other coercive practices challenged in the complaint, including unconsented notification of others about her pregnancy and abortion decision.

Ms. Moe will adequately protect the interests of the class because she seeks relief on behalf of the class as a whole and has no interest antagonistic to other members of the

class.  Ms. Moe is represented by the same counsel as the other class representatives, who will adequately represent the class. *See* ECF No. 18 at 9-10.

4.  As the latest developments have shown, minors in ORR custody routinely seek abortions and are prevented from obtaining them.  While Plaintiffs' counsel have become aware of four such cases in the past three months, without access to minors who are in Defendants' custody, there is no way to know how many additional cases there have been or how many other women may be in the same situation at this time. Absent class certification, protecting the constitutional rights of these women will continue to be a matter of happenstance.

For these reasons, Plaintiffs urge the Court to grant at this time their motion for class certification, or alternatively their motion for provisional class certification and notice, including Jane Moe as an additional class representative.

Amended proposed orders on both motions are attached.

January 11, 2018

Respectfully submitted,

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
4301 Connecticut Avenue NW, Suite 434
Washington, D.C. 20008
Tel. 202-457-0800
Fax 202-457-0805
*aspitzer@acludc.org*
*smichelman@acludc.org*

/s/*Brigitte Amiri*
Brigitte Amiri*
Meagan Burrows
Jennifer Dalven
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 549-2633

Fax (212) 549-2652
*bamiri@aclu.org*
*mburrows@aclu.org*
*jdalven@aclu.org*

Daniel Mach (D.C. Bar No. 461652)
American Civil Liberties Union
Foundation
915 15th Street NW
Washington, DC 20005
Telephone: (202) 675-2330
*dmach@aclu.org*

Elizabeth Gill
Mishan R. Wroe
American Civil Liberties Union Foundation
of Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Tel. (415) 621-2493
Fax (415) 255-8437
*egill@aclunc.org*
*mwroe@aclunc.org*

Melissa Goodman
American Civil Liberties Union Foundation
of Southern California
1313 West 8th Street
Los Angeles, California 90017
Tel. (213) 977-9500
Fax (213) 977-5299
*mgoodman@aclusocal.org*

*\*Admitted pro hac vice*


*Attorneys for Plaintiffs*