**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor JANE DOE, on behalf of herself and others similarly situated; JANE ROE and JANE MOE on behalf of themselves and others similarly situated; and JANE POE, <br><br> Plaintiffs, <br><br> v. <br><br> ERIC D. HARGAN, *et al.*, <br><br> Defendants. | Civil Action No. 17-cv-02122 (TSC) |

**DEFENDANTS' SUPPLEMENTAL OPPOSITION**
**TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

The Second Amended Complaint in this case names a new plaintiff, Jane Moe, who was placed with a sponsor on Sunday, January 14, 2018 and is no longer in the custody of the Office of Refugee Resettlement ("ORR"). Ms. Moe's claims are moot and she cannot adequately represent a putative class of unaccompanied alien children ("UACs") in ORR custody.

Plaintiff Rochelle Garza also cannot adequately represent the putative class because Jane Doe, the UAC whom Ms. Garza once represented as a guardian ad litem, had an abortion and was then placed with a sponsor on Tuesday, January 15, 2018. Ms. Garza's claims are moot. If Ms. Doe was a named plaintiff independent of Ms. Garza, her claims would be moot too.

The sponsorship placements and abortions obtained by the named plaintiffs (or the UACs whom they represented) also reinforce why they cannot establish the other requirements for class certification. There are too few pregnant UACs requesting abortions to establish numerosity. And

1

the common constitutional questions alleged in the Second Amended Complaint are incapable of generating common answers—and supporting class certification—because ORR's care of each pregnant UAC requesting an abortion depends on the facts and circumstances unique to the UAC. The named plaintiffs' own divergent experiences in the UAC program demand the denial of their motion for class certification. Consequently, Rule 23 precludes class certification.

## LEGAL STANDARD FOR CLASS CERTIFICATION

Plaintiffs "must affirmatively demonstrate [their] compliance" with Rule 23 of the Federal Rules of Civil Procedure. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). That is, they must show: (1) "that the class [be] so numerous that joinder of all members is impractical"; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the named plaintiffs are typical of claims or defenses of the class; and (4) the named plaintiffs will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). In addition, the proposed class must meet the additional requirements of Rule 23(b)(1), (2), or (3). *See Hartman v. Duffey*, 19 F.3d 1459, 1468 (D.C. Cir. 1994).

## ARGUMENT

**I.   Plaintiffs Cannot Serve as Class Representatives Because Their Claims Are Moot.**

In *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73 (2016), the U.S. Supreme Court held that the putative class representative's "suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action." The same is true for Ms. Moe and Ms. Garza. The minors in both instances have been released from ORR custody to legal sponsors, and therefore are not subject to any restrictions ORR may otherwise place on their ability to have an abortion. ECF Nos. 114, 115-1. By definition, their claims are

moot,[1] and they no longer have any rights to vindicate before the Court. So they cannot adequately represent the putative class comprised of UACs in ORR custody seeking abortion access.

## II. Plaintiffs Still Cannot Establish Numerosity.

The naming of Jane Moe as a plaintiff does not increase the size of the putative class because her claims are moot. And even if her claims were not moot, there would still be too few members of the putative class to demonstrate numerosity. *See generally* ECF No. 104. The vast majority of pregnant UACs ultimately choose not to request an abortion and therefore are not potential class members. *See* Defendants' Response to Plaintiffs' Motion for Provisional Class Certification and Notice, ECF No. 98. Adding Ms. Moe would not change that determination. *See Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir.), *cert. denied*, 479 U.S. 883 (1986) (explaining that "while there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors") (internal punctuation omitted).

## III. Plaintiffs Still Cannot Establish Commonality or Typicality.

The naming of Jane Moe as a plaintiff also does not establish commonality or typicality. In their Second Amended Complaint, Plaintiffs allege

> Defendants have recently revised nationwide policies that allow them to wield an unconstitutional veto power over unaccompanied immigrant minors' access to abortion in violation of their Fifth Amendment rights. Under these nationwide policies, Defendants also force unaccompanied minors who request abortion to visit a pre-approved anti-abortion crisis pregnancy center, which requires the minor to divulge the most intimate details of her life to an entity hostile to her abortion decision, in violation of her First and Fifth Amendment rights. Defendants also force minors to notify parents or other family members of their request for abortion and/or

---

[1] Plaintiffs have dropped their claims against Defendants in their individual capacities under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See generally* Plaintiffs' Second Amended Complaint. ECF No. 104.

>  the termination of their pregnancy, or notify family members themselves, in violation of the First and Fifth Amendments.

Plaintiffs' Second Amended Complaint, ECF No. 104, at 2.  They claim that this policy gives rise to three "common issues of law, including but not limited to: (i) whether ORR's policy of exercising a veto power over a UC's abortion access violates class members' constitutional rights; (ii) whether HHS's policy of requiring a forced visit to an anti-abortion crisis pregnancy center violates class members' constitutional rights; and (iii) whether disclosing – or forcing the class members to disclose – to parents or immigration sponsors their abortion decisions violate class members' constitutional rights." *Id.* at 14.  Plaintiffs' claims fail for two reasons.

First, Plaintiffs have not shown such a policy even exists.  In their Second Amended Complaint, they merely allege that "ORR revised their policies to prohibit all federally funded shelters from taking 'any action that facilitates' abortion access for unaccompanied minors in their care without 'direction and approval from the Director of ORR.'"  ECF No. 104, at 10.  But the fact that ORR requires approval from the Director of ORR, without more, does not constitute an unconstitutional veto in any application.  There is nothing unconstitutional about the Director of ORR, who is charged with the care of unaccompanied minors in federal custody, being involved in their decision to seek an elective abortion.  Similarly, there is nothing unconstitutional about ORR providing pregnancy counseling in its custodial capacity in a manner that favors life, or involving the minor's parents in her home country when possible.  The facts, as Plaintiffs allege in their Second Amended Complaint, simply do not establish the existence of a nationwide policy that is tantamount to an unconstitutional veto over the constitutional rights of unaccompanied minors in their care.

Second, even if such a policy existed, its constitutionality is not a question that can be answered on a class-wide basis because the undue burden analysis requires an individualized

4

determination. To show commonality, "what matters . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores*, 564 U.S. at 350 (internal quotation omitted). Further, "commonality is established by a common issue the resolution of which will advance the litigation, but is lacking where the case will turn on a series of individualized inquiries." *Disability Rights Council of Greater Washington v. WMATA*, 239 F.R.D. 9, 26 (D.D.C. 2006) (quoting *Love v. Johanns*, 439 F.3d 723, 730 (D.C. Cir. 2006) (internal quotations and citations omitted).

Here, whether any alleged ORR policy imposes an undue burden requires an individualized analysis of factors including the ability to obtain a sponsor, the age of the minor, and the state of residence. For instance, Ms. Moe, who was released to a sponsor just two weeks after requesting an abortion, ECF No. 114, likely would be unable to establish a constitutional violation, given that the Supreme Court has already approved of state law regimes that take longer to resolve whether a child may consent to an abortion. *See Ohio v. Akron Center for Reproductive Health*, 497 U.S. 502, 514 (1990) (acknowledging that bypass "procedure may require up to 22 days in a rare case" and explaining that Court has "upheld a Missouri statute that contained a bypass procedure that could require 17 calendar days plus a sufficient time for deliberation and decisionmaking at both the trial and appellate levels"); *id.* at 532 (Blackmun, J., joined by Brennan and Marshall, JJ., dissenting) ("Ohio's judicial-bypass procedure can consume up to three weeks of a young woman's pregnancy."). This illustrates that the constitutional analysis for each individual UAC is different, indicating that there would be different "answers" to the allegedly common questions about ORR's alleged policy, thus rendering commonality lacking. *See Wal-Mart Stores*, 564 U.S. at 350. For these reasons, Plaintiffs cannot establish commonality or typicality for class certification.

5

## **CONCLUSION**

Accordingly, this Court should deny Plaintiffs' Motion for Class Certification because they have not satisfied Rule 23. Neither Ms. Moe nor Ms. Doe are adequate representatives because they are no longer in ORR custody or otherwise subject to any alleged ORR policy restricting their access to abortion. They also do not satisfy the requirements of numerosity, commonality, and typicality necessary for class certification.

                Respectfully submitted,

                CHAD A. READLER
                Acting Assistant Attorney General
                Civil Division

                August E. Flentje
                Special Counsel
                Civil Division

                ERNESTO H. MOLINA
                Deputy Director
                Office of Immigration Litigation

BY:  /s/ W. Daniel Shieh
                W. DANIEL SHIEH
                SABATINO F. LEO
                JOSEPH DARROW
                Trial Attorneys
                Office of Immigration Litigation
                Civil Division, U.S. Department of Justice
                P.O. Box 878, Ben Franklin Station
                Washington, D.C. 20044
                Phone: (202) 305-9802
                Fax: (202) 305-1890
                daniel.shieh@usdoj.gov
                sabatino.f.leo@usdoj.gov
Attorneys for Defendants        joseph.a.darrow@usdoj.gov