**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROCHELLE GARZA, as guardian ad litem to<br>unaccompanied minor J.D., on behalf of<br>herself and others similarly situated;<br>JANE ROE and JANE MOE on behalf of<br>themselves and others similarly situated;<br>and JANE POE, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | No. 17-cv-02122-TSC |
| v. | ) <br> ) | |
| ALEX M. AZAR II, et al., | ) <br> ) | |
| Defendants. | ) <br> ) <br> ) | |
| _____ | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND**
**THE COMPLAINT**

The Defendants, Alex M. Azar II, Steven Wagner, and Scott Lloyd, in their official

capacities, hereby oppose Plaintiffs' motion for leave to amend their complaint.  ECF No. 118.

Plaintiffs seek to amend, for a third time, their complaint in an attempt to revive what are

otherwise moot claims and delay the filing of their opposition to Defendants' motion to dismiss.

ECF No. 116.  As set forth in Defendants' motion to dismiss, none of the plaintiffs (Janes Doe,

Poe, Roe and Moe) allege a live case or controversy, and none fits within any exception to

mootness.  Nor do their putative class claims save the case from mootness.  *Genesis Healthcare*

*Corp. v. Symczyk*, 569 U.S. 66, 74 (2013) (a class action that has not been certified generally will

become moot once the named plaintiff's claims no longer present a live controversy).

Plaintiffs' attempt to amend their complaint, for the third time, would do nothing more

than delay the proper dismissal of Plaintiffs' moot claims for relief.  Indeed, a review of the

Proposed Third Amended Complaint, ECF No. 118-1, reveals that Plaintiffs (1) have not

1

identified any new plaintiff with a live case or controversy, (2) do not seek to add any additional

claim against Defendants, and (3) merely embellish otherwise disputed factual allegations in

support of their mooted claims.  ECF No. 118–1.  Their removal of Rochelle Garza as a named

plaintiff – who was named solely as an ad litem for a minor who has now turned 18 – also does

not substantively impact their claim.  This Court has unequivocally held that despite the general

rule that leave to amend should be "freely give[n]," it should not be granted where a party seeks

to "cure deficiencies," or where such an amendment unduly prejudices an opposing party or

serves to delay proceedings.  *Harris v. Sec., U.S. Dep't of Veterans Affairs*, 126 F. 3d 339, 344

(D.C. Cir. 1997); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting, in the context of

Rule 15(a), that the district court should consider the circumstances, including "undue prejudice

to the opposing party by virtue of allowance of the amendment.").  This is precisely the situation

here, that is, Plaintiffs' motion would do nothing more than delay this Court's ruling on the

motion to dismiss.  Plaintiffs have had significant time in which to perfect their claims against

Defendants prior to filing a complaint in this Court, as well as two opportunities to amend.  No

further delay is warranted.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs motion for leave to amend the complaint.

DATED: February 16, 2018                 Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

AUGUST E. FLENTJE
Special Counsel
Civil Division

ERNESTO H. MOLINA
Deputy Director
Office of Immigration Litigation


BY:  /s/ *Sabatino F. Leo*
SABATINO F. LEO
W. DANIEL SHIEH
JOSEPH A. DARROW
Trial Attorneys
Office of Immigration Litigation
Civil Division, U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C.  20044
Phone: (202) 598-2445
Fax: (202) 305-7000
sabatino.f.leo@usdoj.gov
daniel.shieh@usdoj.gov
*Attorneys for Defendants*           joseph.a.darrow@usdoj.gov