## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated, *et al.*, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| v. | )    No. 17-cv-02122-TSC |
| | ) |
| ALEX M. AZAR II, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION
### TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

Defendants' Opposition to Plaintiffs' Motion for Leave to Amend the Complaint, ECF No. 119, falls far short of satisfying Defendants' burden to overcome what they concede is the general rule – that leave to amend a complaint pursuant to Fed. R. Civ. P. 15(a) should be "freely give[n]." Defs.' Br. at 2; *see also Council on Am.-Islamic Relations Action Network, Inc. v. Gaubatz*, 891 F. Supp. 2d 13, 22 (D.D.C. 2012) ("Because leave to amend should be liberally granted, the party opposing amendment bears the burden of coming forward with a colorable basis for denying leave to amend.").

As explained in Plaintiffs' motion, ECF No. 118, Plaintiffs' amendments add, clarify and update facts that further support Plaintiffs' claims (with respect to the individual plaintiffs and the class) including: (i) the addition of events regarding the named plaintiffs that occurred *after* the filing of Plaintiffs' second amended complaint, (ii) a response to allegations made by Defendants in their motion to dismiss (particularly regarding sponsorship and voluntary departure processes), and (iii) the addition of information that Plaintiffs have only recently become aware of concerning Defendants' implementation of the challenged policy as to

members of the putative class.[1] These types of amendments are "especially favored" – not only

do they "not radically alter the scope and nature of the action," *Estate of Gaither ex rel. Gaither*

*v. District of Columbia*, 272 F.R.D. 248, 252 (D.D.C.2011), they further "fine-tune the basis" for

the relief that Plaintiffs seek by bolstering the facts that support Plaintiffs' claims and

undermining factual assertions made in Defendants' motion to dismiss. *Gaubatz*, 793 F. Supp. 2d

at 324 (noting that the addition of factual allegations that "merely fine-tune the basis for the

relief [sought]," while "not likely to change the outcome of the legal issues presented," is "rarely

a bad thing" and "certainly does not provide a basis for denying leave to amend").

Defendants' primary argument as to why leave to amend should be denied seems to be

that permitting leave would "delay" this Court's ruling on their motion to dismiss. Defs.' Br. at

1–2. But given the early stage of the litigation, "any delay would be minimal." *Norris v. Salazar*,

746 F. Supp. 2d 1, 4 (D.D.C. 2010). Moreover, "[c]onsideration of whether delay is *undue*" –

such that it warrants denial of a motion for leave to amend – should take into account "the

possibility of any resulting prejudice" to the opposing party; indeed, "'courts may not deny an

amendment solely because of delay and without consideration of the prejudice to the opposing

party.'" *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996) (emphasis added)

(quoting *Hayes v. New England Millwork Distribs., Inc.*, 602 F.2d 15, 19 (1st Cir. 1979)).

---

[1] In asserting that leave to amend should not be "'freely give[n]' . . . where a party seeks to 'cure
deficiencies,'" Defs.' Br. at 2, Defendants selectively quote the standard set by the Supreme
Court in *Foman v. Davis*, 371 U.S. 178 (1962), conveniently neglecting to include important
surrounding language. Under the *Foman* Court's standard, leave sought should be freely given in
the absence of any apparent or declared reason, which may include "*repeated* failure to cure
deficiencies *by amendments previously allowed*." *Id.* at 182. Defendants cannot credibly claim
that this *Foman* factor supports denying Plaintiffs the ability to make amendments that do not
simply "cure deficiencies" but instead add, update and clarify facts that Plaintiffs only became
aware of and/or that only arose *after* Plaintiffs filed their last amended complaint. Indeed, the
whole purpose of Rule 15(a)(1), allowing a plaintiff to amend after a defendant files a motion
under Rule 12(b), (e), or (f), is to encourage "amending to meet the arguments in the motion."
Advisory Committee Note on 2009 amendment.

Defendants did not (and indeed, cannot) "identify any specific way" in which they would be prejudiced by the Plaintiffs' amendments, and their "general complaint" with respect to delay is insufficient. *Appalachian Voices v. Chu*, 262 F.R.D. 24, 28 (D.D.C. 2009) (finding "no justification for denying the plaintiffs' motion" for leave to amend where defendants did not specify exactly how they would be prejudiced by any delay or show that plaintiffs had deliberately protracted the disposition of the case); *see also Driscoll v. George Washington Univ.*, 42 F. Supp. 3d 52, 57 (D.D.C. 2012) (explaining that where "the party opposing amendment has not put forward a colorable basis of prejudice, the contention of undue delay is even less persuasive" and finding no prejudice where discovery had not yet commenced and "all that ha[d] happened so far [was] the filing of the pleadings presently before the Court") (internal quotation marks omitted).

Instead, Defendants merely assert that any "delay" in adjudicating their motion to dismiss would be, in and of itself, prejudicial. Defs.' Br. at 1–2. But it is Defendants who are causing the delay. If they consent to Plaintiffs' motion to amend, and this Court grants the motion, Defendants could then immediately file their new motion to dismiss. Instead, Defendants are dragging out the matter by filing a baseless opposition to Plaintiffs' motion to amend. Moreover, as Plaintiffs have argued elsewhere, Defendants' "mootness" arguments – one of the principal bases of their motion to dismiss – are meritless. *See, e.g.*, Pls.' Reply in Supp. of Class Cert 12–15, ECF No. 56.

Accordingly, Plaintiffs respectfully request that this Court grant their motion for leave to amend, ECF No. 118, and issue an order deeming Plaintiffs' proposed amended complaint, ECF No. 118-1, to be filed.

DATE: February 21, 2018

Respectfully submitted,

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
Shana Knizhnik (D.C. Bar No. 1020840)
American Civil Liberties Union Foundation
of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
Tel. 202-457-0800
Fax 202-457-0805
*aspitzer@acludc.org*
*smichelman@acludc.org*
*sknizhnik@acludc.org*

/s/Brigitte Amiri
Brigitte Amiri*
Meagan Burrows
Jennifer Dalven
Lindsey Kaley
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 549-2633
Fax (212) 549-2652
*bamiri@aclu.org*
*mburrows@aclu.org*
*jdalven@aclu.org*
*lkaley@aclu.org*

Daniel Mach (D.C. Bar No. 461652)
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Tel. (202) 675-2330
*dmach@aclu.org*

Elizabeth Gill
American Civil Liberties Union Foundation of
Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Tel. (415) 621-2493
Fax (415) 255-8437
*egill@aclunc.org*

Melissa Goodman
American Civil Liberties Union Foundation of
Southern California
1313 West 8th Street
Los Angeles, California 90017
Tel. (213) 977-9500
Fax (213) 977-5299

4

*mgoodman@aclusocal.org*

Mishan Wroe
Riley Safer Holmes & Cancila LLP
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Tel. (415) 275-8522
*mwroe@rshc-law.com*

\* Motion for admission *pro hac vice granted*

*Attorneys for Plaintiffs*