## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated, *et al*.,<br><br>Plaintiffs,<br><br>v.<br><br>ALEX M. AZAR II, *et al*.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 17-cv-02122-TSC<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF FILING FURTHER REDACTED VERSIONS OF ATTACHMENTS AND EXHIBITS TO PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION AND A PRELIMINARY INJUNCTION

Pursuant to Defendants' request, Plaintiffs file herewith further redacted versions of 7 documents that were previously filed as Attachments and/or Exhibits in support of Plaintiffs' Renewed Motion for Class Certification and a Preliminary Injunction Based on New Facts Demonstrating Continued Need for Urgent Relief (ECF No. 121). Specifically, Plaintiffs are re-filing documents that were previously filed as: (1) Doc. 121-1 (Declaration of B. Amiri in Supp. of Plaintiffs' Renewed Motion); (2) Doc. 121-2 (Ex. A to B. Amiri Declaration); (3) Doc. 121-6 (Ex. E to B. Amiri Declaration); (4) Doc. 121-7 (Ex. F to B. Amiri Declaration); (5) Doc. 121-8 (Ex. G to B. Amiri Declaration); (6) Doc. 121-9 (Ex. H to B. Amiri Declaration); and (7) Doc. 121-17 (Ex. P to B. Amiri Declaration). These 7 documents, which now contain additional redactions that Defendants requested be made to remove the names and identifying information of grantee shelters, are intended to replace those referenced above that were previously filed in support of Plaintiffs' Renewed Motion (ECF No. 121).

Date: March 9, 2018

Respectfully submitted,

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
Shana Knizhnik (D.C. Bar No. 1020840)
American Civil Liberties Union Foundation
of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
Tel. 202-457-0800
Fax 202-457-0805
*aspitzer@acludc.org*
*smichelman@acludc.org*
*sknizhnik@acludc.org*

*/s/Brigitte Amiri*
Brigitte Amiri*
Meagan Burrows
Jennifer Dalven
Lindsey Kaley
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 549-2633
Fax (212) 549-2652
*bamiri@aclu.org*
*mburrows@aclu.org*
*jdalven@aclu.org*
*lkaley@aclu.org*

Daniel Mach (D.C. Bar No. 461652)
American Civil Liberties Union
Foundation
915 15th Street NW
Washington, DC 20005
Tel. (202) 675-2330
*dmach@aclu.org*

Elizabeth Gill
American Civil Liberties Union Foundation
of Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Tel. (415) 621-2493
Fax (415) 255-8437
*egill@aclunc.org*

Melissa Goodman
American Civil Liberties Union Foundation
of Southern California
1313 West 8th Street

Los Angeles, California 90017
Tel. (213) 977-9500
Fax (213) 977-5299
*mgoodman@aclusocal.org*

Mishan Wroe
Riley Safer Holmes & Cancila LLP
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Tel. (415) 275-8522
*mwroe@rshc-law.com*

*Admitted pro hac vice*


*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ALEX M. AZAR II, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 17-cv-02122-TSC<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF BRIGITTE AMIRI IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION AND A PRELIMINARY INJUNCTION BASED ON NEW FACTS DEMONSTRATING CONTINUED NEED FOR URGENT RELIEF

I, Brigitte Amiri, declare as follows:

1.      I am a Senior Staff Attorney at the American Civil Liberties Union (ACLU) Foundation and counsel for Plaintiffs in the above captioned matter.  I have personal knowledge of the facts stated in this declaration and I could and would testify competently to them, if called to do so.

2.      In support of Plaintiffs' Renewed Motion for Class Certification and a Preliminary Injunction Based on New Facts Demonstrating Continued Need for Urgent Relief, Plaintiffs rely upon documents and deposition testimony that the ACLU of Northern California obtained from Defendants in discovery in *ACLU of Northern California v. Hargan*, No. 3:16-cv-03539-LB (N.D. Cal. filed June 24, 2016).  A true and correct copy of the following select pages from Defendants' production of documents and deposition testimony from that case are attached as follows:

a.   August 2017 Email to S. Lloyd and J. White Re: ▮▮▮▮▮▮▮▮ Minor's Request for an Abortion, PRICE_PROD_00014828-29 (attached hereto as Ex. A);

b.   September 2017 Email Exchange Re: Clarification of ORR Policy and Instruction that Jane Doe Be Taken to CPC, PRICE_PROD_00014889-91 (attached hereto as Ex. B);

c.   September 2017 Emails from S. Lloyd to J. White Re: Notifying Jane Doe's Parents Despite Her Desire Not To, PRICE_PROD_00015152-53 (attached hereto as Ex. C);

d.   Deposition Transcript of Jonathan White, Dec. 19, 2017, *ACLU of Northern California v. Hargan*, No. 3:16-cv-03539-LB (attached hereto as Ex. D);

e.   September 2017 Update on ▮▮▮▮▮ Minor's Request for an Abortion, PRICE_PROD_00014814 (attached hereto as Ex. E);

f.   September 2017 Email from S. Lloyd Instructing Shelter to Notify Minor's Parents Regardless of Her Wishes, PRICE_PROD_00014822-24 (attached hereto as Ex. F);

g.   October 2017 Email to S. Lloyd Re: Notification of ▮▮▮▮▮ Minor's Parents Re: Pregnancy, PRICE_PROD_00014815-16 (attached hereto as Ex. G);

h.   October – November 2017 Email Re: Lloyd's Instructions that Minor's Parents be Informed of Her Request for An Abortion and She Be Taken to Catholic Charities for Counseling, PRICE_PROD_00015133-34 (attached hereto as Ex. H);

i.   December 2017 Email Exchange Re: Requirement That Jane Poe Notify Parents, PRICE_PROD_00015504-11 (attached hereto as Ex. I);

j.   December 2017 Email Exchange Re: Jane Poe Feeling Pressure To Recant Her Decision After Forced Disclosure to Family, PRICE_PROD_00015514-16 (attached hereto as Ex. J);

k.   December 2017 Email from S. Lloyd to Staff Giving Instructions for Counseling Jane Poe, PRICE_PROD_00015450-53 (attached hereto as Ex. K);

l.   December 2017 Email from S. Lloyd to Staff Giving Instructions As to Communications with and Counseling for Jane Poe, PRICE_PROD_00015521-22 (attached hereto as Ex. L);

m.   December 2017 Email Re: S. Lloyd's Instructions That Jane Roe's Parents Be Notified Regardless As to Her Consent, PRICE_PROD_00015591-94 (attached hereto as Ex. M);

n.   Deposition Transcript of Scott Lloyd, Esq., Dec. 18, 2017, *ACLU of Northern California v. Hargan*, No. 3:16-cv-03539-LB (attached hereto as Ex. N);

o.   July 2017 Email Exchange Re: Lists of CPCs from CareNet and Heartbeat Received From the Center for Faith Based & Neighborhood Partnerships, PRICE_PROD_00014997-98 (attached hereto as Ex. O);

p.   September 2017 Email Exchange Re: Lloyd's Instructions that Parents Be Notified But Parental Consent Does Not Constitute Commitment for Director to Approve the Request, PRICE_PROD_00014975 (attached hereto as Ex. P);

3.   These documents have been redacted pursuant to the parties' protective order and further agreements.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 2, 2018, in New York, New York.

By: /s/ Brigitte Amiri _____
 Brigitte Amiri

# EXHIBIT A

| | |
|---|---|
| **From:** | ███████████ (ACF) |
| **Sent:** | Monday, August 14, 2017 9:14 AM |
| **To:** | Lloyd, Scott (ACF); White, Jonathan (ACF) |
| **Cc:** | ████████ (ACF); ████████ (ACF); ████████ (ACF) (CTR) |
| **Subject:** | RE: TOP Request |

**Importance:**     High

Good Morning,

I have reached out to ████ The child's family was informed during a family session and the child continues to request TOP.

The following per the SIR:

*"On 08/11/2017 Client was seen by ████ at Choices Pregnancy Center, client received Pregnancy Test, Options Counseling and Spiritual Counseling. Client was accompanied by ████████ Clinician ████████ and Youth Care Worker ████ ████████. The services were provided in Spanish. After attending the counseling session the client continues to pursue termination of pregnancy. Family session was facilitated by the Clinician ████████ on 08/11/2017 with mother in COO, a ████ translator was used to communicate with mother. Client was present and client informed mother of her pregnancy and desired to end pregnancy. Mother asked client several questions to client in regards to client's knowledge of her pregnancy prior to her journey and if this was the reason to come over US. Client denied knowing she was pregnant prior to her journey. Mother appeared supportive and advised client to be reunited with her ████████ ████████ and if client still desires to end her pregnancy to complete procedure once she was reunified with ████ Client agreed to do as mother advised."*

Please let me know if you need anything further.  My apologies for missing this since I was reviewing a PDF version of this case without this information.

████

████████████████

████, Division of Health for Unaccompanied Children (DHUC)
Unaccompanied Children Programs
Office of Refugee Resettlement
Administration for Children and Families
U.S. Department of Health and Human Services
Mary E. Switzer Building
330 C St SW████
Washington, DC  20201

████████/@acf.hhs.gov
www.acf.hhs.gov

1

CONFIDENTIAL – Subject to Protective Order

**From:** [redacted] (ACF)
**Sent:** Monday, August 14, 2017 8:54 AM
**To:** Lloyd, Scott (ACF); White, Jonathan (ACF)
**Cc:** [redacted] (ACF); [redacted] (ACF); [redacted] (ACF) (CTR)
**Subject:** TOP Request
**Importance:** High

Hi Scott and Jonathan,

This request came through the mailbox while I was out and was picked up by reading the SIR.

15 yo UAC [redacted] admitted on [redacted] to [redacted] was screened positive during the IME with urine pregnancy test. Child reported the pregnancy was a result of consensual sexual relations with a 18-19 yo male in COO. DHUC was informed of the pregnancy via standard reporting procedures. The child did not know she was pregnant and stated that her family " would not want her anymore" and scold her. The child met with OB Services on 8/10/2017 and was determined to be ~8-9 weeks pregnant. The OB Notes indicate the child's desire for termination. The UAC made no statement that the pregnancy is a result of sexual abuse or assault.

The SIR indicates the following:

"Clinician met with client for Individual Counseling Session after OBGYN appointment on 8/10/17. Client reported feeling calm and client appeared to be stable at the time of session. Client indicated that she desires to not continue with her pregnancy and wishes for her family in COO and potential sponsor to not be informed at this time, clinician will continue to explore the option of informing family and importance family support during this time. Clinician offered Choices and Spiritual Counseling to which client agreed. Appointment has been set up for the next day 08/11/17 at 10am at CPC of Greater Phoenix."

The program will likely be looking for input on how to proceed forward if she continues to pursue the request. I will be reaching out to [redacted] to get an update.

[redacted]

[redacted], Division of Health for Unaccompanied Children (DHUC)
Unaccompanied Children Programs
Office of Refugee Resettlement
Administration for Children and Families
U.S. Department of Health and Human Services
Mary E. Switzer Building
330 C St SW, [redacted]
Washington, DC 20201

[redacted]@acf.hhs.gov
www.acf.hhs.gov

2

CONFIDENTIAL – Subject to Protective Order                    PRICE_PROD_00014829

# EXHIBIT E

who was admitted to
on                                  During her IME on September 18, the child was
determined to be pregnant via urine pregnancy screen. She mentioned to the providers the possibility
of being pregnant and also complained of nausea and vomiting x 10 days. Additionally, she reported
cough and subjective fevers. The child was prescribed prenatal vitamins and referred for OB services.

Child was evaluated by OB on September 19. Her ultrasound indicated a gestational age of ~9 weeks.

During the mental health screening on September 18, the pregnancy is a result of consensual sexual
relations with a                boyfriend in COO. Per the SIR,

"Minor indicated when she finds out about the pregnancy she notified her boyfriend and as she stated he
wants to be part of the baby life and encourage her to keep the baby. Minor indicated she does not want
to have a baby because she is afraid in how her family will react to the news. Minor indicated she have
an idea in their reaction and she wants to avoid the situation. Minor declined to talk to the family in
reference to the pregnancy and did not give consent to the Clinician to talk to them as well. At this time
minor indicated she is 2 months pregnant. Minor did not wants to receive Cristian services but wants to
receive services in which they give her options in relation to the pregnancy and how to deal with the
situation."

At this time, DHUC's understanding is that the child is contemplating TOP but has not requested one.
The UAC is scheduled for counseling on Monday. The program will continue to update after the session
is complete.

UPDATE:

On September 25, 2017, the UAC had an appointment with Choices Pregnancy Centers. A second
appointment is scheduled for September 29, 2017 because the clinician request disclosure of the
pregnancy to her family. Per    update, the UAC still continued to decline to inform family or
sponsor. The program will continue to discuss the options with the UAC. The clinician anticipates
holding a family session for routine family session expectations with possible disclosure.

The program is currently seeking guidance from ORR Leadership on next steps

CONFIDENTIAL – Subject to Protective Order

# EXHIBIT F

**From:** ▮▮▮▮▮▮▮ (ACF)
**Sent:** Tuesday, September 26, 2017 3:42 PM
**To:** White, Jonathan (ACF); Lloyd, Scott (ACF)
**Cc:** De LA Cruz, James (ACF); ▮▮▮▮▮▮▮ (ACF); Sualog, Jallyn (ACF); Bowman, Matthew (HHS/OGC)
**Subject:** Re: ▮▮▮▮▮▮▮ -TOP Case: ▮▮▮▮▮▮▮▮▮▮▮

Mr. White

Information conveyed verbatim as requested.

▮▮▮▮▮▮

**From:** White, Jonathan (ACF)
**Sent:** Tuesday, September 26, 2017 2:23:31 PM
**To:** Lloyd, Scott (ACF)
**Cc:** De LA Cruz, James (ACF); ▮▮▮▮▮▮ (ACF); ▮▮▮▮▮▮▮ (ACF); Sualog, Jallyn (ACF); Bowman, Matthew (HHS/OGC)
**Subject:** Re: ▮▮▮▮▮▮▮ -TOP Case: ▮▮▮▮▮▮▮▮

Scott,
Copy. Field will convey.

▮▮▮▮▮▮ please feel free to use verbatim language from the Director's email in communications with ▮▮▮▮

Jonathan White
Commander, US Public Health Service
Deputy Director for Children's Programs
Office of Refugee Resettlement
Administration for Children and Families
Jonathan.White@acf.hhs.gov
(202) 570-8916

On: 26 September 2017 14:21, "Lloyd, Scott (ACF)" <Scott.Lloyd@acf.hhs.gov> wrote:

Hello Jonathan,

Yes, this is correct-- the program should notify regardless of UAC's wishes.

The reason is that we do not want the program standing in between the parents and their daughter at this critical time, to the extent we can avoid it.

Thank you,
Scott

1

On: 26 September 2017 13:59, "White, Jonathan (ACF)" <Jonathan.White@ACF.hhs.gov> wrote:

Scott,

See inquiry from ▮ leadership below. ████████████████████████████████████

Jonathan

Jonathan White
Commander, US Public Health Service
Deputy Director for Children's Programs
Office of Refugee Resettlement
Administration for Children and Families
Jonathan.White@acf.hhs.gov
(202) 570-8916

**From:** " ▮ < ████████████████████
**Subject:** Re: ████████████ -TOP Case: ████████████████
**Date:** 26 September 2017 13:52
**To:** ▮ < ████████████
**Cc:** ▮ (ACF)" < ████████ @acf.hhs.gov>, " ████ ' < ████████ "
████ < ████████████████████
< ████ "White, Jonathan (ACF)" <Jonathan.White@ACF.hhs.gov>,
< ████████████ < ████████████ ████████
< ████████████ < ████████
Mr. ████

▮ is requesting further clarification on this case. We have read your email below and discussed it, but we are still in need of more information from you (ORR).

If the minor does not want ▮ to disclose to the parents the pregnancy, is ▮ being required to do so anyway? Your email says we should offer to disclose to the parents for her which we can easily do. But, your email is unclear as to the next step in the event the minor does not want ▮ to disclose this information to the parents.

We want to make sure that we are clear on the directive from the ORR Director as it is important to us that we follow the directive precisely as intended. Please advise- we will wait to hear from you before we take the next step.

Sent from my iPhone

On Sep 26, 2017, at 12:27 PM, ████████ < ████ @ ████████ wrote:

Good afternoon Mr. ████ -

We will inform you as soon as the program completed the notification.

Thank you,

████████████████████████

2

CONFIDENTIAL – Subject to Protective Order                          PRICE_PROD_00014823



On Sep 26, 2017, at 11:38 AM,         (ACF) <        @acf.hhs.gov> wrote:

Ms.

I have been advised by my supervisor,          to forward a directive from the ORR Director. Per the ORR Director, the next step is for the program to inform the parents of the pregnancy in the above referenced case. If the UAC doesn't want to do it, the program should offer to do it. The parents should be notified by the end of the day barring some exigent circumstance.

Per the Director please advise ORR once the program has completed the notification requested.

Thanks for your attention on this matter.

Federal Field Specialist
US Dept of Health & Human Services
Office of Refugee Resettlement
Division of Unaccompanied Children Operations

@acf.hhs.gov

3

CONFIDENTIAL – Subject to Protective Order

# EXHIBIT G

| | |
|---|---|
| **From:** | ████████ <████████████> |
| **Sent:** | Thursday, October 26, 2017 9:54 PM |
| **To:** | Lloyd, Scott (ACF); White, Jonathan (ACF) |
| **Cc:** | ████████ (ACF); ████████████ De LA Cruz, James (ACF); Bowman, Matthew (HHS/OGC) |
| **Subject:** | RE: Inquiry Regarding Request for Heightened Medical Service FW: Report of Significant Incident Addendum Event#110705 |

Good Evening Mr. Lloyd,

Please be advised that after meeting and discussing parental notification with UAC, she agreed to inform her mother of her pregnancy and stated she wanted to personally inform her mother. However, after agreeing to notify her mother, she immediately voiced "no quiero tener bebe" (translation I do not want to have baby). Arrangements were made to have UAC meet with her assigned Case Manager (at her request) and conduct call to her mother. It is important to note, that UAC's primary language is ████████, she speaks Spanish, however it is not her primary language and although she understands conversational Spanish, she struggles to find the words in Spanish to fully explain herself. We have used approved Interpreter services, however, UAC states she does not understand the interpreters and prefers to speak with care provider staff in Spanish and assures staff she understands the information provided to her. I can attest that during meeting, the UAC initially resisted the idea of notifying her mother, explaining that she did not want to upset her mother, that she did not want to worry her mother, and that her mother would somehow force her to return to home country, ultimately she understood the importance of disclosing this information to her mother and verbalized consent to proceeding with contacting her mother to disclose. Please note, UAC reported pregnancy was as a result of consensual sexual relationship and denies any history of abuse mistreatment or neglect.

The following was noted by Case Manager, "UAC spoke with her mother in her native language. The telephone call began at 5:05 p.m. and at (10min 13sec) minutes into the conversation Case Manager understood the UAC state "embarazada" (pregnant) and UAC began tearing up. Case Manager also understood the UAC share with her mother "dos semanas" (two weeks), "menor de edad" (under age), entender todo (I understand everything), esoy aqui dos, tres meses (I will be here 2 or 3 months), the Case Manager did not intervene or interrupt conversation. Case Manager will schedule appointment with ████ interpreter in order to complete psycho-social assessment with UAC's mother and also assess mother's understanding of information UAC shared with her during today's phone call. During the remainder of conversation, the UAC appeared calm and often smiled while speaking to her mother, the call ended at 5:40 p.m. the UAC returned to her dorm in no apparent distress."

The UAC has initial OB/GYN appointment for standard prenatal care tomorrow afternoon with Dr. ████████ in ████████ Texas. The UAC has been informed of what to expect during tomorrow medical appointment and she has verbally consented to attending the scheduled appointment.

Please do not hesitate to contact me should you have any questions or concerns regarding the information provided, thank you.



1

CONFIDENTIAL – Subject to Protective Order



**From:** Lloyd, Scott (ACF) [mailto:Scott.Lloyd@acf.hhs.gov]
**Sent:** Thursday, October 26, 2017 2:42 PM
**To:**                  ; White, Jonathan (ACF) <Jonathan.White@ACF.hhs.gov>
**Cc:**         (ACF)         @ACF.hhs.gov>;            ; De LA Cruz,
James (ACF) <James.DeLACruz@acf.hhs.gov>; Bowman, Matthew (HHS/OGC) <Matthew.Bowman@hhs.gov>
**Subject:** RE: Inquiry Regarding Request for Heightened Medical Service FW: Report of Significant Incident Addendum
Event#110705

Just a brief update regarding the email below.

Please approach UAC and ask for her consent to inform her parents of the pregnancy today, and give her the option to do so herself if she would like. Let her know that the program would like to inform them because these discussions between parents and children are often fruitful and lead to greater understanding.

If you receive permission, please proceed with parental notification today. If not, please ask if she could articulate reasons that she does not the parents to know, and share this information with us.

Thank you,
Scott

**From:** Lloyd, Scott (ACF)
**Sent:** Monday, October 23, 2017 9:19 PM
**To:**        ; White, Jonathan (ACF)
**Cc:**       (ACF);            De LA Cruz, James (ACF); Bowman, Matthew (HHS/OGC)
**Subject:** RE: Inquiry Regarding Request for Heightened Medical Service FW: Report of Significant Incident Addendum
Event#110705

Dear

Thank you for the message.

Please direct the program to take the following steps:

1) Confirm pregnancy with OB/GYN according to standard operating procedure.
2) If further tests confirm pregnancy, the parents must be notified of the pregnancy. Either UAC or the program should notify parents, according to the UAC's preference.

2

CONFIDENTIAL – Subject to Protective Order                                                      PRICE_PROD_00014816

# EXHIBIT H

Good Afternoon Mr. Lloyd,

Received, I fully understand the guidance issued below and will oversee and ensure we proceed accordingly and keep ORR updated as we move forward as indicated below, thank you, I will be in touch.





**From:** Lloyd, Scott (ACF) [mailto:Scott.Lloyd@acf.hhs.gov]
**Sent:** Wednesday, November 01, 2017 9:44 AM
**To:**
**Cc:** Sualog, Jallyn (ACF) <Jallyn.Sualog@ACF.hhs.gov>; White, Jonathan (ACF) <Jonathan.White@ACF.hhs.gov>; (ACF) @ACF.hhs.gov>
**Subject:** UAC requesting TOP
**Importance:** High

We've received the update you've provided—thank you. Please proceed according to the following steps:

1.  Request permission from the UAC for the program to inform her parents of her request for abortion. If she does not consent, the program will have to proceed anyway—please inform her of this if she does not consent at first. The notification requirement is based on ORR's desire to avoid coming between parents and their children on such weighty matters. Minors generally benefit from consultation with their parents on these matters and find, in most cases, that their parents have their best interests at heart.
2.  Arrange for a session of options counseling at one of the centers found at the following website, which is a program of the State of Texas Health and Human Services Commission: http://www.texaspregnancy.org/. The

3

PRICE_PROD_00015133

following two centers appear to be the closest to your location, please advise if the website produces a more convenient location for you:

**CATHOLIC CHARITIES OF THE RIO GRANDE VALLEY SAN JUAN OFFICE**

700 N. Virgen de San Juan Blvd.
P. O. Box 1306
San Juan, TX 78589
phone: 956-702-4088
fax: 956-782-0418

**CATHOLIC CHARITIES OF THE RIO GRANDE VALLEY BROWNSVILLE OFFICE**

955 W. Price Rd.
Brownsville, TX 78520
phone: 956-541-0220
fax: 956-544-7580

The principal purpose of this counseling is for the center to go through the options packet provided by the Texas Department of Health with the UAC: http://www.texaspregnancy.org/wp-content/uploads/2016/02/16D0145_HHSC-COM-A-Womans-Right-to-Know-Accessible.pdf. The resource center will have other information and resources available, she should access them according to her preference—she is free to decline or accept any additional services.

3.  Give us an update once the program has completed these steps.

Thank you for your help, and please let me know if there are any additional questions.

Scott

---

**From:** White, Jonathan (ACF)
**Sent:** Tuesday, October 31, 2017 2:39 PM
**To:** Lloyd, Scott (ACF)
**Subject:** FW: Update on pregnant UAC? - Request for Additional Information

Scott,

FYSA, latest update on the currently pregnant UAC at ▮▮▮ facility.

---

**From:** ▮▮▮▮▮ (ACF)
**Sent:** Tuesday, October 31, 2017 2:34 PM
**To:** Sualog, Jallyn (ACF); White, Jonathan (ACF)
**Subject:** Fwd: Update on pregnant UAC? - Request for Additional Information

Please see the information in the correspondence below per your request.

Thank you,

▮▮▮▮

---

4

CONFIDENTIAL – Subject to Protective Order

# EXHIBIT P

| | |
|---|---|
| **From:** | White, Jonathan (ACF) |
| **Sent:** | Tuesday, September 26, 2017 12:39 PM |
| **To:** | ████████ (ACF); ████████████ (ACF); De LA Cruz, James (ACF) |
| **Cc:** | Sualog, Jallyn (ACF); Swartz, Tricia (ACF) |
| **Subject:** | Re: ████████-TOP Case |

The direction from Scott is to notify the parent in home country. If pregnancy termination is being sought, they will need to provide written and notarized consent, although Scott advises that this does not constitute a commitment for the Director to approve the request.

Jonathan White
Commander, US Public Health Service
Deputy Director for Children's Programs
Office of Refugee Resettlement
Administration for Children and Families
Jonathan.White@acf.hhs.gov
(202) 570-8916

On: 26 September 2017 12:03, ████████ (ACF)" <████████@ACF.hhs.gov> wrote:
Will do, I will also keep the assigned FFS████████ informed
Thanks ████

**From:** White, Jonathan (ACF)
**Sent:** Tuesday, September 26, 2017 8:44 AM
**To:** ████████ (ACF); De LA Cruz, James (ACF); ████████ (ACF)
**Cc:** Sualog, Jallyn (ACF); Swartz, Tricia (ACF)
**Subject:** FW: ████████-TOP Case

████ Jim, and ████,

Due to some compatibility issues, you may have had problems reading the encrypted email Scott sent, so I am sending unencrypted.

Please convey to ████████ and to the program management Scott's direction below:

"The next step is for the program to inform the parents of the pregnancy. If the UAC doesn't want to do it, the program should offer to do it. The parents should be notified by the end of the day barring some exigent circumstance."

Per Scott, let me know when that has been conveyed to ████ and ask them to update us when the notification has occurred.

Jonathan

**From:** Lloyd, Scott (ACF)
**Sent:** Tuesday, September 26, 2017 11:13 AM
**To:** White, Jonathan (ACF)
**Cc:** ████████ (ACF); De LA Cruz, James (ACF); Swartz, Tricia (ACF); Sualog, Jallyn (ACF); ████████

1

 PRICE_PROD_00014975