UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ALEX M. AZAR II, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 17-cv-02122-TSC<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A STAY OF THE PRELIMINARY INJUNCTION

Defendants' motion for a stay of the preliminary injunction (ECF No. 128) amounts to nothing more than a rehash of their failed arguments that are unsupported by the law and the evidence. Defendants do not remotely come close to meeting the standard for a stay pending appeal: Defendants are not likely to succeed on the merits of their appeal given that this Court's Order is based on well-established precedent, and, as this Court properly found, class members will suffer irreparable harm absent a preliminary injunction, while Defendants will suffer no harm from the preliminary injunction, and a preliminary injunction serves the public interest. Therefore, Defendants' motion should be denied.

### ARGUMENT

**I.    Defendants Are Not Likely To Succeed on the Merits of Their Appeal.**

    **A. Defendants' Class Certification Arguments Are Irrelevant To Their Request for a Stay of the Preliminary Injunction.**

Defendants do not indicate that they are planning to appeal this Court's Order as it pertains to class certification for good reason: A ruling on class certification is typically not subject to interlocutory appeal. *See, e.g., In re Lorazepam & Clorazepate Antitrust Litig.*, 289

F.3d 98, 104-06 (D.C. Cir. 2002) (outlining three circumstances where Rule 23(f) review is appropriate, none of which is remotely present here). Accordingly, Defendants are not likely to succeed on the merits of their appeal of the *preliminary injunction* due to any alleged deficiencies with this Court's class certification ruling. For this reason alone, this Court need not entertain Defendants' arguments relating to class certification. But even if this Court did, Defendants cannot show they will succeed on the merits of these arguments on appeal. Indeed, this Court's Order rejected Defendants' arguments based on well-established precedent, and Plaintiffs have also provided extensive briefing relying on the same. For example, this Court properly rejected Defendants' argument that the class representatives are inadequate, Defs.' Br. at 3, based on, *inter alia*, the well-established "inherently transitory" exception to mootness.[1] Mem. Op. and Order (ECF No. 126) at 18-19 (citing, e.g., *United States Parole Commission v. Geraghty*, 445 U.S. 338, 339 (1980)). This Court also relied on binding Court of Appeals and Supreme Court precedent in rejecting Defendants' arguments, Defs.' Br. at 4-5, that the class is not typical or common because of variations in the minors' circumstances. Mem. Op. at 11-15 (citing, e.g., *DL v. District of Columbia*, 713 F.3d 120, 128 (D.C. Cir. 2013), and *Bynum v. D.C.*, 214 F.R.D. 27, 34 (D.D.C. 2003)). Accordingly, for all of these reasons, and for the reasons stated in Plaintiffs' prior briefing, Defendants are unlikely to succeed on the merits of their appeal of the preliminary injunction by attacking this Court's Order relating to class certification.

> **B. Defendants Are Not Likely To Succeed On Appeal of the Court's Decision Prohibiting Defendants From Revealing a Minor's Abortion Decision.**

---

[1] While Defendants are correct that J.P. was not proposed as a class representative, and Plaintiffs moved to amend their Complaint to remove J.M. as a class representative (and the Court's Order should be amended to reflect those facts), the other class representatives' claims fit squarely within the inherently transitory exception to mootness. Moreover, none of the named Plaintiffs' claims for prospective relief related to their informational privacy are moot given that Defendants have repeatedly claimed carte blanche to tell others about minors' abortion decisions.

Defendants are unlikely to succeed in reversing this Court's order preliminarily enjoining them "from forcing any class member[s] to reveal the fact of their pregnancies and their abortion decisions to anyone, and from revealing those decisions to anyone themselves."[2] Contrary to Defendants' assertion, Defs.' Br. at 5-6, Plaintiffs' claims are not limited to an argument that Defendants violate the First Amendment prohibition on compelled speech by forcing a minor discuss her pregnancy with a crisis pregnancy center. Rather, Plaintiffs also claim that Defendants violate minors' Fifth Amendment right to keep their abortion decision confidential from their parents (ECF No. 5-2 at 11-12), and that Defendants violated Plaintiffs' constitutional right to informational privacy by telling parents, sponsors, crisis pregnancy centers, and others, about the minors' abortion decision (ECF No. 104 at 16, Third Claim For Relief). Plaintiffs' right to keep confidential their *pregnancy* – as well as their abortion decision – is also protected by their right to informational privacy, and therefore Defendants should not be permitted to reveal minors' pregnancy either, absent the minors' consent. Defs.' Br. at 6 n.1. Plaintiffs' claims, based on well-settled case law, are further discussed in Plaintiffs' prior briefs.

Furthermore, Defendants' arguments about the preliminary injunction's so-called impairment of their custodial rights are unavailing as a matter of common sense, and do not establish that they are likely to succeed on the merits of their appeal. For example, Defendants

---

[2] In Plaintiffs' view, the order prohibiting Defendants "from *forcing* any class member[s] to reveal the fact of their pregnancies and their abortion decisions to anyone, and from revealing those decisions to anyone themselves, either before or after an abortion" (emphasis added), was not intended to prohibit communications to third parties *with the minor's permission,* and Plaintiffs support an amendment of the Court's Order that would make clear that Defendants may tell third parties about a minor's pregnancy or abortion decision with the minor's consent, as long as that consent is truly voluntary. Furthermore, as Plaintiffs have previously stated, ECF No. 52 at 6 n.5, Plaintiffs are amenable to an amendment to the preliminary injunction to include a limited exception permitting Defendants to reveal that a minor had an abortion in the event of a medical emergency in which the minor was unable to communicate this information to the medical provider herself.

argument that it must reveal a minor's abortion decision to a driver who will take her to a health care provider, Defs.' Br. at 6, is absurd. A driver simply needs to know the address of the health care facility, and should never be told the purpose of the health care visit. Moreover, if a minor's abortion is relevant to her health history, she can convey that information to her health care providers. *See* ECF No. 52; ECF No. 96 at 5. And if Defendants want to ensure that a sponsor will not retaliate against a minor because she has had an abortion, the solution is simple: Defendants should not tell the sponsor that the minor has had an abortion. *Id.*

Lastly, Defendants' new claim that they do not tell a minor's parents or sponsor of her abortion decision if it is contrary to law or would cause harm to the minor, Defs.' Br. at 7, flies in the face of the evidence, as illustrated by Jane Poe's situation. Indeed, Defendants forced Ms. Poe to tell her parents and her sponsor of her abortion decision, who then threatened to beat her if she had an abortion. ECF No. 96 at 4. Despite that threat of harm, Defendants continued to seek permission from this Court to tell Ms. Poe's sponsor of her abortion decision knowing that it would cause Ms. Poe harm. *Id.* And, on top of it all, Ms. Poe resided in a state where minors can consent to abortion on their own, without parental involvement.

### C. Defendants Are Unlikely To Succeed on Appeal of the Court's Order Blocking them From Obstructing or Interfering With Abortion Access.

Defendants' arguments that they are entitled to hold young women hostage to prevent them from accessing abortion is, as this Court recognized, flatly wrong under well-established and recent Supreme Court precedent. *See* Mem. Op. at 23 (citing, e.g., *Whole Women's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016), and *Planned Parenthood v. Casey*, 505 U.S. 833 (1992)). Similarly, this Court relied on the same Supreme Court case law, and clear evidence, in rejecting Defendants' argument, Defs.' Br. at 9, that they are not imposing an undue burden on UC's right to abortion because the minor could be reunited with a sponsor or voluntary depart. Mem. Op. at

4

26-27. This Court found, based on undisputed evidence, that the minor controls neither the approval nor the timing of a sponsorship. *Id*. Moreover, as to voluntary departure, minors should not have to choose between exercising their constitutional right to abortion and returning to their home countries, where they might face abuse or other dangers that impelled them to leave their homes. *Id*. Furthermore, Defendants' "facilitation" argument is unsupported by Supreme Court precedent. ECF No. 15 at 4-6. For all of these reasons, and for the reasons in Plaintiffs' prior briefs, Defendants are unlikely to succeed on the merits of their appeal.

    **II.**    **The Plaintiff Class Would Suffer Harm If the Preliminary Injunction Is Stayed, the Injunction Does Not Harm Defendants, and the Injunction Serves the Public Interest.**

This Court correctly held, based on undisputed evidence, that absent an injunction, "the irreparable harm confronting each member of the class is the same as for each Named Plaintiff throughout these proceedings: at minimum, increased health risks, and perhaps the permanent inability to obtain the abortion to which they are legally entitled." Mem. Op. at 27. This is true even for class members who ultimately do not wish to obtain abortions, because they will not be free to make informed and voluntary choices unless Defendants are enjoined from continuing to engage in the strong-arm tactics they have heretofore employed. On the other hand, "Defendants have not shown any legitimate interest that will be harmed by the issuance of a preliminary injunction." *Id*. Therefore, Plaintiffs would be harmed by a stay, Defendants would not be harmed if their request for a stay is denied, and a stay would not serve the public interest. *Id*.

## CONCLUSION

For the foregoing reasons, Defendants' motion for a stay of the preliminary injunction pending appeal should be denied.

April 5, 2018                                      Respectfully submitted,

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
Shana Knizhnik (D.C. Bar No. 1020840)
American Civil Liberties Union Foundation
of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
Tel. 202-457-0800
Fax 202-457-0805
*aspitzer@acludc.org*
*smichelman@acludc.org*
*sknizhnik@acludc.org*

/s/*Brigitte Amiri*
Brigitte Amiri*
Meagan Burrows
Jennifer Dalven
Lindsey Kaley
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 549-2633
Fax (212) 549-2652
*bamiri@aclu.org*
*mburrows@aclu.org*
*jdalven@aclu.org*
*lkaley@aclu.org*

Daniel Mach (D.C. Bar No. 461652)
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Tel. (202) 675-2330
*dmach@aclu.org*

Elizabeth Gill
American Civil Liberties Union Foundation of
Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Tel. (415) 621-2493
Fax (415) 255-8437
*egill@aclunc.org*

Melissa Goodman
American Civil Liberties Union Foundation of
Southern California
1313 West 8th Street
Los Angeles, California 90017
Tel. (213) 977-9500
Fax (213) 977-5299
*mgoodman@aclusocal.org*

6

Mishan Wroe
Riley Safer Holmes & Cancila LLP
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Tel. (415) 275-8522
*mwroe@rshc-law.com*

*\*Admitted pro hac vice*

*Attorneys for Plaintiffs*