APPEAL,TYPE−D

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: <u>1:17−cv−02122−TSC</u>

GARZA v. HARGAN et al
Assigned to: Judge Tanya S. Chutkan
Case in other court:   USCA, 17−05236
　　　　　　　　　　 USCA, 17−05276
　　　　　　　　　　 USCA, 17−05277
Cause: 28:2201 Injunction

Date Filed: 10/13/2017
Jury Demand: None
Nature of Suit: 360 P.I.: Other
Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

**ROCHELLE GARZA**
*As guardian ad litem to unaccompanied*
*minor J.D., on behalf of herself and*
*others similarly situated*

represented by **Arthur B. Spitzer**
AMERICAN CIVIL LIBERTIES UNION
OF THE DISTRICT OF COLUMBIA
915 15th Street, NW
2nd Floor
Washington, DC 20005
(202) 457−0800 x1004
Fax: (202) 457−0805
Email: <u>artspitzer@gmail.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Mach**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, NW
Suite 600
Washington, DC 20005
(202) 548−6604
Fax: (202) 546−0738
Email: <u>dmach@aclu.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Michelman**
AMERICAN CIVIL LIBERTIES UNION
OF THE DISTRICT OF COLUMBIA
4301 Connecticut Avenue, NW
Suite 434
Washington, DC 20008
(202) 601−4267
Fax: (202) 457−0805
Email: <u>smichelman@acludc.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brigitte Amiri**

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street
18th Floor
New York, NY 10004
212−549−2500
Fax: 212−549−2652
Email: bamiri@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JANE ROE**                          represented by   **Arthur B. Spitzer**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Brigitte Amiri**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**JANE POE**                          represented by   **Arthur B. Spitzer**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Brigitte Amiri**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**JANE MOE**                          represented by   **Arthur B. Spitzer**
*on behalf of themselves and others*                   (See above for address)
*similarly situated*                                   *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Brigitte Amiri**
                                                       (See above for address)
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ERIC HARGAN**                       represented by   **Ernesto Horacio Molina , Jr.**
*Acting Secretary, Health and Human*                   U.S. DEPARTMENT OF JUSTICE
*Services*                                             Office of Immigration Litigation, Appellate

Section
450 5th St. NW
10002
Washington, DC 20001
(202) 616−9344
Email: ernesto.h.molina@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Anton Darrow**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration
Litigation
P.O. Box 868
Washington, DC 20044
(202) 598−2445
Email: joseph.a.darrow@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sabatino Fioravante Leo**
UNITED STATES DEPARTMENT OF
JUSTICE
Office of Immigration Litigation, Appellate
Section
P.O. Box 878, Ben Franklin Station
Suite LSB #5222
Washington, DC 20044
(202) 514−8599
Email: sabatino.f.leo@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Woei−Tyng Daniel Shieh**
U.S. DEPARTMENT OF JUSTICE
P.O. Box 878
Washington, DC 20044
(202) 305−9802
Email: daniel.shieh@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Kenneth Haas**
U.S. DEPARTMENT OF JUSTICE
U.S. Attorney's Office − District of
Columbia
555 4th Street, NW
Washington, DC 20530
(202) 353−8679
Fax: (202) 616−8470
Email: alexander.haas@usdoj.gov
*TERMINATED: 10/26/2017*

**Michael Christopher Heyse**
U.S. DEPARTMENT OF JUSTICE
P.O. BOX 878
Ben Franklin Station
Washington, DC 20044
(202) 305−7002
Fax: (202) 616−4923
Email: michael.heyse@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Sarah B. Fabian**
U.S. DEPARTMENT OF JUSTICE
Ben Franklin Station
P.O. Box 868
Washington, DC 20044
(202) 532−4824
Fax: (202) 616−8962
Email: sarah.b.fabian@usdoj.gov
*TERMINATED: 11/17/2017*

**Scott Grant Stewart**
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 307−6482
Fax: (202) 514−8071
Email: scott.g.stewart@usdoj.gov
*TERMINATED: 10/26/2017*

**Defendant**

| | | |
|---|---|---|
| **STEPHEN WAGNER**<br>*Acting Assistant Secretary,*<br>*Administration for Children and*<br>*Families, in his official and individual*<br>*capacity* | represented by | **Ernesto Horacio Molina , Jr.**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Joseph Anton Darrow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sabatino Fioravante Leo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Consovoy**
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Blvd.
Suite 700
Arlington, VA 22201
(703) 243−9423

Email: will@consovoymccarthy.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Woei−Tyng Daniel Shieh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Kenneth Haas**
(See above for address)
*TERMINATED: 10/26/2017*

**Caroline Asley Cook**
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Blvd., Suite 700
Arlington, VA 22201
703−243−9423.
Fax: 703−243−9423
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Christopher Heyse**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael H. Park**
CONSOVOY MCCARTHY PARK PLLC
3 Columbus Circle, 15th Floor
New York, NY 10019
(212) 247−8006
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patrick Neilson Strawbridge**
CONSOVOY MCCARTHY PARK LLC
Ten Post Office Square
8th Floor South PMB #706
Boston,, MA 02109
(617) 227−0548
Fax: (617) 227−0548
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott Grant Stewart**
(See above for address)
*TERMINATED: 10/26/2017*

**Defendant**

**SCOTT LLOYD**                    represented by  **Ernesto Horacio Molina , Jr.**
*Director, Office of Refugee Resettlement,*                (See above for address)
*in his official and individual capacity*                *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Joseph Anton Darrow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sabatino Fioravante Leo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Consovoy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Woei−Tyng Daniel Shieh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Kenneth Haas**
(See above for address)
*TERMINATED: 10/26/2017*

**Caroline Asley Cook**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Christopher Heyse**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael H. Park**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patrick Neilson Strawbridge**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott Grant Stewart**
(See above for address)
*TERMINATED: 10/26/2017*

**Amicus**

**STATE OF TEXAS**              represented by   **Scott A. Keller**
                                                OFFICE OF THE TEXAS ATTORNEY

GENERAL
209 West 14th Street
7th Floor (MC 059)
Austin, TX 78701
(512) 936−2725
Fax: (512) 474−2697
Email: scott.keller@texasattorneygeneral.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Amicus</u>**

**STATE OF ARKANSAS**                   represented by   **Scott A. Keller**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**<u>Amicus</u>**

**STATE OF LOUISIANA**                  represented by   **Scott A. Keller**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**<u>Amicus</u>**

**STATE OF MICHIGAN**                   represented by   **Scott A. Keller**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**<u>Amicus</u>**

**STATE OF NEBRASKA**                   represented by   **Scott A. Keller**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**<u>Amicus</u>**

**STATE OF OHIO**                       represented by   **Scott A. Keller**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**<u>Amicus</u>**

**STATE OF OKLAHOMA**                   represented by   **Scott A. Keller**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**<u>Amicus</u>**

**STATE OF SOUTH CAROLINA**             represented by   **Scott A. Keller**
                                                          (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF MISSOURI**               represented by  **Scott A. Keller**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF WEST VIRGINIA**          represented by  **Scott A. Keller**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Amicus**

**COMMONWEALTH OF**                 represented by  **Scott A. Keller**
**KENTUCKY**                                        (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Amicus**

**MATTHEW G. BEVIN**                represented by  **Scott A. Keller**
*Governor*                                          (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|------------|---|------|-------------|
| 10/13/2017 | 1 | | COMPLAINT *and Application for TRO and PI* against All Defendants ( Filing fee $ 400 receipt number 0090−5157959) filed by ROCHELLE GARZA. (Attachments: # 1 Civil Cover Sheet, # 2 Summons for Hargan, # 3 Summons for Wagner, # 4 Summons for Lloyd, # 5 Summons for Attorney General, # 6 Summons for U.S. Attorney, # 7 Application for temporary restraining order, # 8 EMERGENCY Motion to shorten defendants' time to respond, # 9 Proposed order shortening defendants' time to respond, # 10 Request for TRO hearing, # 11 Motion for preliminary injunction, # 12 Memorandum in support of application for TRO and motion for preliminary injunction, # 13 Declaration of J.D.−Redacted, # 14 Declaration of Brigitte Amiri, # 15 Exhibit A, # 16 Exhibit B, # 17 Exhibit C, # 18 Exhibit D, # 19 Exhibit E, # 20 Exhibit F, # 21 Exhibit G, # 22 Exhibit H, # 23 Exhibit I, # 24 Exhibit J, # 25 Proposed temporary restraining order, # 26 Proposed preliminary injunction, # 27 Certificate required by Local Civil Rule 65.1(a))(Spitzer, Arthur) (Entered: 10/13/2017) |

| 10/13/2017 | 2 | | NOTICE of Appearance by Sarah B. Fabian on behalf of ERIC HARGAN (Fabian, Sarah) (Entered: 10/13/2017) |
|---|---|---|---|
| 10/13/2017 | | | Case Assigned to Judge Tanya S. Chutkan. (sth) (Entered: 10/16/2017) |
| 10/14/2017 | 3 | | MOTION for Temporary Restraining Order by ROCHELLE GARZA (Attachments: # 1 Request for TRO hearing, # 2 Memorandum in Support, # 3 Declaration of J.D. − Redacted, # 4 Declaration of Brigitte Amiri, # 5 Exhibit A, # 6 Exhibit B, # 7 Exhibit C, # 8 Exhibit D, # 9 Exhibit E, # 10 Exhibit F, # 11 Exhibit G, # 12 Exhibit H, # 13 Exhibit I, # 14 Exhibit J, # 15 Proposed temporary restraining order, # 16 Certificate Pursuant to Local Civil Rule 65)(Spitzer, Arthur) (Entered: 10/14/2017) |
| 10/14/2017 | 4 | | Emergency MOTION for an Order Shortening defendants' Time in Which to respond to Plaintiff's Appliction for a Temporary Restraining Order by ROCHELLE GARZA (Attachments: # 1 Text of Proposed Order)(Spitzer, Arthur) (Entered: 10/14/2017) |
| 10/14/2017 | 5 | | MOTION for Preliminary Injunction by ROCHELLE GARZA (Attachments: # 1 Memorandum in Support of Motion for Preliminary Injunction, # 2 Declaration of J.D. − Redacted, # 3 Declaration of Brigitte Amiri, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 Exhibit G, # 11 Exhibit H, # 12 Exhibit I, # 13 Exhibit J, # 14 Proposed Preliminary Injunction)(Spitzer, Arthur) (Entered: 10/14/2017) |
| 10/14/2017 | 6 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Brigitte Amiri, :Firm− American Civil Liberties Union Foundation, :Address− 125 Broad Street, 18th Floor, New York, NY 10004. Phone No. − 212−549−2500. Fax No. − 212−549−2652 Filing fee $ 100, receipt number 0090−5159509. Fee Status: Fee Paid. by ROCHELLE GARZA (Attachments: # 1 Declaration of Brigitte Amiri, # 2 Text of Proposed Order)(Spitzer, Arthur) (Entered: 10/14/2017) |
| 10/16/2017 | 7 | | SUMMONS (5) Issued Electronically as to ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(sth) (Entered: 10/16/2017) |
| 10/16/2017 | 8 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 10/16/2017. Answer due for ALL FEDERAL DEFENDANTS by 12/15/2017. (Attachments: # 1 Declaration of service)(Spitzer, Arthur) (Entered: |

| | | | |
|---|---|---|---|
| | | | 10/16/2017) |
| 10/17/2017 | | | MINUTE ORDER granting in part and denying in part 4 Motion for Expedited Briefing. Defendants' response is due at 7:00 PM on 10/17/2017. Any reply would be due prior to 12:00 PM on 10/18/2017. The court will hold a hearing at 12:00 PM on 10/18/2017 in Courtroom 2. Signed by Judge Tanya S. Chutkan on 10/17/2017. (lctsc3) (Entered: 10/17/2017) |
| 10/17/2017 | | | Set/Reset Deadlines/Hearings: Response due 7:00 p.m. on 10/17/2017. Reply due by 12:00 on 10/18/2017. Preliminary Injunction Hearing set for 10/18/2017 at 12:00 PM in Courtroom 2 before Judge Tanya S. Chutkan. (tb) (Entered: 10/17/2017) |
| 10/17/2017 | 9 | | NOTICE of Appearance by Alexander Kenneth Haas on behalf of ERIC HARGAN (Haas, Alexander) (Entered: 10/17/2017) |
| 10/17/2017 | 10 | | RESPONSE re 3 MOTION for Temporary Restraining Order , 5 MOTION for Preliminary Injunction filed by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER. (Attachments: # 1 Declaration Declaration of Jonathan White)(Haas, Alexander) (Entered: 10/17/2017) |
| 10/17/2017 | 11 | | NOTICE of Appearance by Scott G. Stewart on behalf of All Defendants (Stewart, Scott) (Entered: 10/17/2017) |
| 10/17/2017 | 12 | | NOTICE of Appearance by Scott A. Keller on behalf of TEXAS, STATE OF (Keller, Scott) (Entered: 10/17/2017) |
| 10/17/2017 | 13 | | MOTION for Leave to File *Brief of Texas et al. as Amici Curiae* by TEXAS, STATE OF (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Exhibit Brief of Amici Curiae in Support of Defendant)(Keller, Scott) (Entered: 10/17/2017) |
| 10/18/2017 | 14 | | ENTERED IN ERROR.....REPLY to opposition to motion re 3 MOTION for Temporary Restraining Order , 5 MOTION for Preliminary Injunction filed by ROCHELLE GARZA. (Spitzer, Arthur) Modified on 10/19/2017 (znmw). (Entered: 10/18/2017) |
| 10/18/2017 | 15 | | REPLY to opposition to motion re 3 MOTION for Temporary Restraining Order , 5 MOTION for Preliminary Injunction *[re−filed]* filed by ROCHELLE GARZA. (Spitzer, Arthur) (Entered: 10/18/2017) |
| 10/18/2017 | | | MINUTE ORDER: Granting 6 Motion for Leave to Appear Pro Hac Vice. Brigitte Amiri is hereby admitted pro hac vice to appear in this matter on behalf of Plaintiff. Signed by Judge Tanya S. Chutkan on 10/18/17. (DJS) (Entered: 10/18/2017) |

| 10/18/2017 | | | Minute Entry: Preliminary Injunction Hearing held on 10/18/2017 for proceedings held before Judge Tanya S. Chutkan: Motion heard and ruling to be issued by 5:00 p.m. today. (Court Reporter Pat Kaneshiro−Miller) (tb) (Entered: 10/18/2017) |
|---|---|---|---|
| 10/18/2017 | 16 | | NOTICE of Appearance by Daniel Mach on behalf of ROCHELLE GARZA (Mach, Daniel) (Entered: 10/18/2017) |
| 10/18/2017 | 17 | | NOTICE of Appearance by Scott Michelman on behalf of All Plaintiffs (Michelman, Scott) (Entered: 10/18/2017) |
| 10/18/2017 | 18 | | MOTION to Certify Class by ROCHELLE GARZA (Attachments: # 1 Declaration of A. Spitzer in support of class cert., # 2 Declaration of S. Michelman in support of class cert., # 3 Declaration of B. Amiri in support of class cert., # 4 Exhibit A to Decl. of B. Amiri, # 5 Exhibit B to Decl. of B. Amiri, # 6 Exhibit D to Decl. of B. Amiri, # 7 Text of Proposed Order)(Michelman, Scott) (Entered: 10/18/2017) |
| 10/18/2017 | 19 | | NOTICE *of Filing of Additional Exhibit* by ROCHELLE GARZA re 18 MOTION to Certify Class (Attachments: # 1 Exhibit Ex. C. to Decl. of B. Amiri in support of class cert. (part 1 of 6), # 2 Exhibit Ex. C. to Decl. of B. Amiri in support of class cert. (part 2 of 6), # 3 Exhibit Ex. C. to Decl. of B. Amiri in support of class cert. (part 3 of 6), # 4 Exhibit Ex. C. to Decl. of B. Amiri in support of class cert. (part 4 of 6), # 5 Exhibit Ex. C. to Decl. of B. Amiri in support of class cert. (part 5 of 6), # 6 Exhibit Ex. C. to Decl. of B. Amiri in support of class cert. (part 6 of 6))(Michelman, Scott) (Entered: 10/18/2017) |
| 10/18/2017 | 20 | | ORDER granting 3 Motion for TRO. Signed by Judge Tanya S. Chutkan on 10/18/2017. (lctsc3) (Entered: 10/18/2017) |
| 10/18/2017 | 21 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 20 Order on Motion for TRO by STEPHEN WAGNER, ERIC HARGAN, SCOTT LLOYD. Fee Status: No Fee Paid. Parties have been notified. (Haas, Alexander) (Entered: 10/18/2017) |
| 10/18/2017 | | | USCA Case Number 17−5236 for 21 Notice of Appeal to DC Circuit Court filed by SCOTT LLOYD, ERIC HARGAN, STEPHEN WAGNER. (zrdj) (Entered: 10/19/2017) |
| 10/19/2017 | | | NOTICE OF CORRECTED DOCKET ENTRY: Docket Entry 14 Reply to opposition to Motion was entered in error (incorrect/blank document) and was refiled as Docket Entry 15 Reply to opposition to Motion. (znmw) |

| | | | |
|---|---|---|---|
| | | | (Entered: 10/19/2017) |
| 10/19/2017 | 22 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 21 Notice of Appeal to DC Circuit Court. (znmw) (Entered: 10/19/2017) |
| 10/20/2017 | 26 | | RECALLED PURSUANT TO 31 MANDATE FILED 10/24/2017.....MANDATE of USCA as to 21 Notice of Appeal to DC Circuit Court filed by SCOTT LLOYD, ERIC HARGAN, STEPHEN WAGNER. USCA Case Number 17−5236. (Attachments: # 1 order filed October 20, 2017)(zrdj) Modified on 10/25/2017 (zrdj). (Entered: 10/24/2017) |
| 10/22/2017 | 23 | | NOTICE of Filing Declaration of Robert Carey by ROCHELLE GARZA (Attachments: # 1 Declaration of Robert Carey)(Spitzer, Arthur) (Entered: 10/22/2017) |
| 10/22/2017 | 24 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ROCHELLE GARZA (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration of Marie Christine Cortez)(Spitzer, Arthur) (Entered: 10/22/2017) |
| 10/23/2017 | 25 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration Sealed Declaration of Jonathan White)(Haas, Alexander) (Entered: 10/23/2017) |
| 10/23/2017 | | | MINUTE ORDER: DENYING without prejudice Motion 24 to File Document Under Seal. Plaintiff may file a redacted version of the document or explain why redaction is impossible or impracticable. SO ORDERED − by Judge Tanya S. Chutkan on 10/23/17. (tb) (Entered: 10/23/2017) |
| 10/23/2017 | | | MINUTE ORDER: DENYING without prejudice Motion 25 to File Document Under Seal. Defendants may file a redacted version of the document or explain why redaction is impossible or impracticable. SO ORDERED − by Judge Tanya S. Chutkan on 10/23/17. (tb) (Entered: 10/23/2017) |
| 10/24/2017 | 27 | | Emergency MOTION to Amend/Correct 20 Order on Motion for TRO by ROCHELLE GARZA (Attachments: # 1 Proposed Amended Temporary Restraining Order)(Spitzer, Arthur) (Entered: 10/24/2017) |
| 10/24/2017 | 28 | | |

| | | | |
|---|---|---|---|
| | | | ERRATA *attaching documents that should have been attached* by ROCHELLE GARZA 27 Emergency MOTION to Amend/Correct 20 Order on Motion for TRO filed by ROCHELLE GARZA. (Attachments: # 1 Court of Appeals En Banc Order, # 2 Court of Appeals Mandate)(Spitzer, Arthur) (Entered: 10/24/2017) |
| 10/24/2017 | 29 | | ORDER granting 27 Motion to Amend/Correct TRO. Signed by Judge Tanya S. Chutkan on 10/24/17. (lctsc3) (Entered: 10/24/2017) |
| 10/24/2017 | | | MINUTE ORDER: The court will shortly enter its Findings of Fact to accompany the Amended Temporary Restraining Order 29 entered on 10/24/17. Signed by Judge Tanya S. Chutkan on 10/24/17. (DJS) (Entered: 10/24/2017) |
| 10/24/2017 | 30 | | ORDER: Findings of Fact in Support of Amended Temporary Restraining Order 29 . Signed by Judge Tanya S. Chutkan on 10/24/17. (lctsc3) (Entered: 10/24/2017) |
| 10/24/2017 | 31 | | MANDATE of USCA as to 21 Notice of Appeal to DC Circuit Court filed by SCOTT LLOYD, ERIC HARGAN, STEPHEN WAGNER. USCA Case Number 17−5032. (Attachments: # 1 judgment filed October 24, 2017)(zrdj) Modified on 10/26/2017 (zrdj). Modified date of judgment on 10/26/2017 (znmw). (Entered: 10/25/2017) |
| 10/24/2017 | | | MANDATE RECALLED pursuant to USCA 31 MANDATE re 26 USCA Mandate dated 10/20/2017. USCA electronically notified. (zrdj) (Entered: 10/25/2017) |
| 10/25/2017 | 32 | | NOTICE of Appearance by Brigitte Amiri on behalf of ROCHELLE GARZA (Amiri, Brigitte) (Main Document 32 replaced on 10/26/2017) (znmw). (Entered: 10/25/2017) |
| 10/25/2017 | 33 | | Unopposed MOTION for Leave for J.D. to Proceed under Pseudonym by ROCHELLE GARZA (Attachments: # 1 Text of Proposed Order)(Spitzer, Arthur) (Entered: 10/25/2017) |
| 10/26/2017 | 34 | | NOTICE OF SUBSTITUTION OF COUNSEL by Joseph Anton Darrow on behalf of ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER Substituting for attorney Alexander K. Haas and Scott G. Stewart (Darrow, Joseph) (Entered: 10/26/2017) |
| 10/26/2017 | 35 | | MOTION for Extension of Time to File Response/Reply as to 5 MOTION for Preliminary Injunction , 18 MOTION to Certify Class by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER (Attachments: # 1 Text |

| | | | |
|---|---|---|---|
| | | | of Proposed Order)(Darrow, Joseph) (Entered: 10/26/2017) |
| 10/27/2017 | 36 | | ERRATA *Notice* by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER. (Darrow, Joseph) (Entered: 10/27/2017) |
| 10/30/2017 | 37 | | Memorandum in opposition to re 35 MOTION for Extension of Time to File Response/Reply as to 5 MOTION for Preliminary Injunction , 18 MOTION to Certify Class filed by ROCHELLE GARZA. (Attachments: # 1 Text of Proposed Order)(Spitzer, Arthur) (Entered: 10/30/2017) |
| 10/30/2017 | 38 | | Cross MOTION to Extend Paragraphs 3 and 4 of Amended Temporary Restraining Order re 29 Order on Motion to Amend/Correct by ROCHELLE GARZA (Attachments: # 1 Text of Proposed Order)(Spitzer, Arthur) (Entered: 10/30/2017) |
| 10/30/2017 | 39 | | ORDER granting in part and denying in part 35 Motion for Extension of Time to File Response/Reply ; granting 38 Plaintiffs' Cross−Motion for Extension of the Amended Temporary Restraining Order. Defendants' Response to Plaintiffs' Motion for Class Certification is due on November 20, 2017. Plaintiffs' reply, if any, is due on November 27, 2017. The requirements of paragraphs 3 and 4 of the Amended Temporary Restraining Order entered on October 24, 2017 are hereby extended until further order of the court.. Signed by Judge Tanya S. Chutkan on 10/30/2017. (lctsc3) (Entered: 10/30/2017) |
| 10/31/2017 | | | Set/Reset Deadlines: Response due by 11/20/2017. Reply due by 11/27/2017. (tb) (Entered: 10/31/2017) |
| 10/31/2017 | 40 | | REDACTED DOCUMENT− Declaration of Jonathan White *in support of Defendants' Response to Plaintiffs' Motion for a TRO and Preliminary Injunction* by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER. (Darrow, Joseph) (Entered: 10/31/2017) |
| 11/01/2017 | 41 | | NOTICE *of Filing Redacted Declaration of Marie Christine Cortez* by ROCHELLE GARZA (Attachments: # 1 Redacted Declaration of Marie Christine Cortez)(Spitzer, Arthur) (Entered: 11/01/2017) |
| 11/01/2017 | 42 | | MOTION for Leave to File *Declaration of Marie Christine Cortez Under Seal, RENEWED,* by ROCHELLE GARZA (Attachments: # 1 Text of Proposed Order)(Spitzer, Arthur) (Entered: 11/01/2017) |
| 11/01/2017 | 43 | | NOTICE of Appearance by Woei−Tyng Daniel Shieh on behalf of All Defendants (Shieh, Woei−Tyng) (Entered: 11/01/2017) |

| 11/03/2017 | 44 | | MOTION for Leave to File *Opposition to Motion for Preliminary Class−wide Relief*, MOTION to Stay *Proceedings Concerning Preliminary Class−wide Relief Pending Supreme Court Review* by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER (Attachments: # 1 Exhibit A − Petition for Writ of Certiorari, # 2 Text of Proposed Order)(Darrow, Joseph) (Entered: 11/03/2017) |
|---|---|---|---|
| 11/06/2017 | 45 | | MOTION for Reconsideration re 39 Order on Motion for Extension of Time to File Response/Reply,,, Order on Motion for Miscellaneous Relief,, by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER (Shieh, Woei−Tyng) (Entered: 11/06/2017) |
| 11/07/2017 | 46 | | Memorandum in opposition to re 44 MOTION for Leave to File *Opposition to Motion for Preliminary Class−wide Relief* MOTION to Stay *Proceedings Concerning Preliminary Class−wide Relief Pending Supreme Court Review* filed by ROCHELLE GARZA. (Attachments: # 1 Text of Proposed Order)(Spitzer, Arthur) (Entered: 11/07/2017) |
| 11/09/2017 | 47 | | ENTERED IN ERROR.....NOTICE of Appearance by Sabatino Fioravante Leo on behalf of ERIC HARGAN (Leo, Sabatino) Modified on 11/13/2017 (znmw). (Entered: 11/09/2017) |
| 11/09/2017 | 48 | | NOTICE of Appearance by Sabatino Fioravante Leo on behalf of All Defendants (Leo, Sabatino) (Entered: 11/09/2017) |
| 11/09/2017 | 49 | | REPLY to opposition to motion re 44 MOTION for Leave to File *Opposition to Motion for Preliminary Class−wide Relief* MOTION to Stay *Proceedings Concerning Preliminary Class−wide Relief Pending Supreme Court Review* filed by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER. (Leo, Sabatino) (Entered: 11/09/2017) |
| 11/13/2017 | | | NOTICE OF CORRECTED DOCKET ENTRY: Docket Entry 47 Notice of Appearance was entered in error as a duplicate of Docket Entry 48 Notice of Appearance. (znmw) (Entered: 11/13/2017) |
| 11/17/2017 | 50 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to ERIC HARGAN. Attorney Sarah B. Fabian terminated. (Fabian, Sarah) (Entered: 11/17/2017) |
| 11/20/2017 | 51 | | ORDER granting 42 Renewed Motion for Leave to File Document Under Seal. Signed by Judge Tanya S. Chutkan on 11/20/2017. (lctsc3) Modified on 11/21/2017 (DJS). (Entered: 11/20/2017) |
| 11/20/2017 | 52 | | Memorandum in opposition to re 45 MOTION for Reconsideration re 39 Order on Motion for Extension of |

| | | | |
|---|---|---|---|
| | | | Time to File Response/Reply,,, Order on Motion for Miscellaneous Relief,, filed by ROCHELLE GARZA. (Attachments: # 1 Text of Proposed Order)(Spitzer, Arthur) (Entered: 11/20/2017) |
| 11/20/2017 | 53 | | RESPONSE re 18 MOTION to Certify Class filed by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER. (Attachments: # 1 Declaration Declaration of J. White)(Leo, Sabatino) (Entered: 11/20/2017) |
| 11/20/2017 | 54 | | SEALED DOCUMENT (Declaration of Marie Christine Cortez) filed by ROCHELLE GARZA. (This document is SEALED and only available to authorized persons.)(znmw) (Entered: 11/21/2017) |
| 11/27/2017 | 55 | | REPLY to opposition to motion re 45 MOTION for Reconsideration re 39 Order on Motion for Extension of Time to File Response/Reply,,, Order on Motion for Miscellaneous Relief,, filed by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER. (Shieh, Woei−Tyng) (Entered: 11/27/2017) |
| 11/27/2017 | 56 | | REPLY to opposition to motion re 18 MOTION to Certify Class filed by ROCHELLE GARZA. (Attachments: # 1 Declaration Brigitte Amiri, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K)(Amiri, Brigitte) (Entered: 11/27/2017) |
| 11/28/2017 | 57 | | NOTICE of Appearance by William S. Consovoy on behalf of SCOTT LLOYD, STEPHEN WAGNER (Consovoy, William) (Entered: 11/28/2017) |
| 12/08/2017 | 58 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Patrick Strawbridge, :Firm− Consovoy McCarthy Park PLLC, :Address− Ten Post Office Square, 8th Floor South PMB #706, Boston, MA 02109. Phone No. − (617) 227−0548. Fax No. − (617) 227−0548 Filing fee $ 100, receipt number 0090−5239054. Fee Status: Fee Paid. by SCOTT LLOYD, STEPHEN WAGNER (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Consovoy, William) (Entered: 12/08/2017) |
| 12/08/2017 | 59 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Michael Park, :Firm− Consovoy McCarthy Park PLLC, :Address− 3 Columbus Circle, 15th Floor, New York, NY 10019. Phone No. − (212) 247−8006. Fax No. − (212) 247−8006 Filing fee $ 100, receipt number 0090−5239096. Fee Status: Fee Paid. by SCOTT LLOYD, STEPHEN WAGNER (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Consovoy, William) (Entered: 12/08/2017) |

| 12/08/2017 | 60 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Caroline Cook, :Firm− Consovoy McCarthy Park PLLC, :Address− 3033 Wilson Blvd., Suite 700, Arlington, VA, 22201. Phone No. − 703−243−9423. Fax No. − 703−243−9423 Filing fee $ 100, receipt number 0090−5239120. Fee Status: Fee Paid. by SCOTT LLOYD, STEPHEN WAGNER (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Consovoy, William) (Entered: 12/08/2017) |
|---|---|---|---|
| 12/11/2017 | | | MINUTE ORDER: Granting 58 59 60 Motions for Leave to Appear Pro Hac Vice. Attorneys Patrick Neilson Strawbridge, Michael H. Park and Caroline Ashley Cook are hereby admitted pro hac vice to appear in this matter on behalf of Defendants Stephen Wagner and Scott Lloyd in their individual capacities. Signed by Judge Tanya S. Chutkan on 12/11/17. (DJS) (Entered: 12/11/2017) |
| 12/15/2017 | 61 | | Consent MOTION to Amend/Correct 1 Complaint,,,, by ROCHELLE GARZA (Attachments: # 1 Proposed Amended Complaint, # 2 Text of Proposed Order)(Spitzer, Arthur) (Entered: 12/15/2017) |
| 12/15/2017 | 62 | | Consent MOTION for Leave to Proceed under Pseudonyms by ROCHELLE GARZA (Attachments: # 1 Text of Proposed Order)(Spitzer, Arthur) (Entered: 12/15/2017) |
| 12/15/2017 | 63 | | MOTION for Temporary Restraining Order by ROCHELLE GARZA (Attachments: # 1 Memorandum in Support, # 2 Declaration of Jane Roe, # 3 Text of Proposed Order)(Spitzer, Arthur) (Entered: 12/15/2017) |
| 12/15/2017 | | | MINUTE ORDER: Granting 61 Consent Motion to File Amended Complaint. Signed by Judge Tanya S. Chutkan on 12/15/17. (DJS) (Entered: 12/15/2017) |
| 12/15/2017 | | | MINUTE ORDER: Granting 62 Consent Motion for Leave to Proceed under Pseudonyms. Signed by Judge Tanya S. Chutkan on 12/15/17. (DJS) (Entered: 12/15/2017) |
| 12/15/2017 | | | MINUTE ORDER: Defendants shall file a Response to Plaintiffs' Motion 63 for a Temporary Restraining Order by 5:00 p.m. on Sunday 12/17/17. To the extent Plaintiffs wish to file a Reply, they may do so by Monday 12/18/17 at 9:00 a.m. A motion hearing is hereby set for Monday 12/18/17. The court will issue an order shortly setting a time for the hearing. Signed by Judge Tanya S. Chutkan on 12/15/17.(DJS) (Entered: 12/15/2017) |
| 12/15/2017 | 83 | | AMENDED COMPLAINT against ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER filed by |

| | | | |
|---|---|---|---|
| | | | ROCHELLE GARZA, JANE POE, JANE ROE.(td) (Entered: 12/19/2017) |
| 12/16/2017 | 64 | | NOTICE of Filing Declaration of Jane Poe by ROCHELLE GARZA re 63 MOTION for Temporary Restraining Order (Attachments: # 1 Declaration of Jane Poe)(Amiri, Brigitte) (Entered: 12/16/2017) |
| 12/17/2017 | 65 | | SUPPLEMENTAL MEMORANDUM to re 18 MOTION to Certify Class filed by ROCHELLE GARZA. (Attachments: # 1 Text of Proposed Order as Amended)(Michelman, Scott) (Entered: 12/17/2017) |
| 12/17/2017 | 66 | | RESPONSE re 63 MOTION for Temporary Restraining Order filed by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER. (Attachments: # 1 Affidavit)(Shieh, Woei−Tyng) (Entered: 12/17/2017) |
| 12/17/2017 | 67 | | RESPONSE re 63 MOTION for Temporary Restraining Order filed by SCOTT LLOYD, STEPHEN WAGNER. (Consovoy, William) (Entered: 12/17/2017) |
| 12/17/2017 | 68 | | ENTERED IN ERROR. . . . .MOTION for Leave to File Brief of Amici Curiae by STATE OF TEXAS (Keller, Scott) Modified on 12/19/2017 (td). (Entered: 12/17/2017) |
| 12/17/2017 | | | MINUTE ORDER: TRO Hearing set for 10:30 am Monday December 18, 2017 in Courtroom 9. Signed by Judge Tanya S. Chutkan on 12/17/17. (DJS) (Entered: 12/17/2017) |
| 12/18/2017 | 69 | | REPLY to opposition to motion re 63 MOTION for Temporary Restraining Order filed by ROCHELLE GARZA. (Amiri, Brigitte) (Entered: 12/18/2017) |
| 12/18/2017 | | | Set/Reset Hearings: Motion Hearing set for 12/18/2017 at 10:30 AM in Courtroom 9 before Judge Tanya S. Chutkan. (tb) (Entered: 12/18/2017) |
| 12/18/2017 | 70 | | NOTICE of Appearance by Ernesto Horacio Molina, Jr on behalf of All Defendants (Molina, Ernesto) (Entered: 12/18/2017) |
| 12/18/2017 | 71 | | NOTICE of Filing of Amended Proposed Order by ROCHELLE GARZA re 63 MOTION for Temporary Restraining Order (Attachments: # 1 Text of Proposed Order)(Michelman, Scott) (Entered: 12/18/2017) |
| 12/18/2017 | 72 | | SEALED MOTION filed by ERIC HARGAN, SCOTT LLOYD. (This document is SEALED and only available to authorized persons.)(ztd) (Entered: 12/18/2017) |
| 12/18/2017 | | | Minute Entry: Oral argument on motions held on 12/18/2017 before Judge Tanya S. Chutkan; heard and taken under advisement. (Court Reporter Bryan Wayne) |

| | | | |
|---|---|---|---|
| | | | (tb) (Entered: 12/18/2017) |
| 12/18/2017 | 73 | | ORDER granting 63 Motion for TRO. The execution of the foregoing Order shall be stayed for 24 hours from the date and time of entry to preserve the opportunity to seek emergency relief from the D.C. Circuit. Failure to comply with the terms of this Order may result in a finding of contempt. (See Order for further details). Signed by Judge Tanya S. Chutkan on 12/18/2017. (lctsc3) (Entered: 12/18/2017) |
| 12/18/2017 | 74 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 73 Order on Motion for TRO, by STEPHEN WAGNER, ERIC HARGAN, SCOTT LLOYD. Fee Status: No Fee Paid. Parties have been notified. (Leo, Sabatino) (Entered: 12/18/2017) |
| 12/18/2017 | 75 | | TRANSCRIPT OF 12/18/17 TRO MOTION HEARING before Judge Tanya S. Chutkan held on December 18, 2017. Page Numbers: 1−31. Date of Issuance: December 18, 2017. Court Reporter: Bryan A. Wayne. Transcripts may be ordered by submitting Transcript Order Form at www.dcd.uscourts.gov under Request Transcript tab. For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. Redaction Request due 1/8/2018. Redacted Transcript Deadline set for 1/18/2018. Release of Transcript Restriction set for 3/18/2018.(Wayne, Bryan) (Entered: 12/18/2017) |
| 12/18/2017 | 76 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The fee remains to be paid and another notice will be transmitted when the fee has been paid in the District Court re 74 Notice of Appeal to DC Circuit Court. (adc) (Entered: 12/18/2017) |
| 12/18/2017 | 77 | | MOTION for Leave to File *Redacted Version of ORR Decision Document on the Public Record* by ROCHELLE GARZA (Attachments: # 1 Text of Proposed Order)(Spitzer, Arthur) (Entered: 12/18/2017) |

| 12/18/2017 | 78 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ROCHELLE GARZA (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Proposed redacted document to be filed on the public record)(Spitzer, Arthur) (Entered: 12/18/2017) |
| --- | --- | --- | --- |
| 12/18/2017 | | | USCA Case Number 17−5276 for 74 Notice of Appeal to DC Circuit Court filed by SCOTT LLOYD, ERIC HARGAN, STEPHEN WAGNER. (zrdj) (Entered: 12/19/2017) |
| 12/19/2017 | 79 | | Emergency MOTION to Lift Stay *of TRO as to JANE POE* by ROCHELLE GARZA (Attachments: # 1 Exhibit Appellants Emergency Motion for Stay Pending Appeal, # 2 Exhibit Defs Supreme Court Application for a Stay Pending Appeal, # 3 Exhibit D.C. Circuit Order)(Amiri, Brigitte) (Entered: 12/19/2017) |
| 12/19/2017 | 80 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 73 Order on Motion for TRO, by STEPHEN WAGNER, SCOTT LLOYD. Filing fee $ 505, receipt number 0090−5254034. Fee Status: Fee Paid. Parties have been notified. (Consovoy, William) (Entered: 12/19/2017) |
| 12/19/2017 | 81 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 80 Notice of Appeal to DC Circuit Court. (zsb) (Entered: 12/19/2017) |
| 12/19/2017 | | | MINUTE ORDER: In light of the government's Notice of Appeal 74 filed with respect to Plaintiff Jane Roe only, Plaintiffs' Motion to Lift Stay 79 as to Plaintiff Jane Poe is GRANTED. Signed by Judge Tanya S. Chutkan on 12/9/17. (DJS) (Entered: 12/19/2017) |
| 12/19/2017 | 82 | | ERRATA −− *Notice of filing of CORRECTED motion for leave to file redacted version of ORR decision document on the public record* by ROCHELLE GARZA 77 MOTION for Leave to File *Redacted Version of ORR Decision Document on the Public Record* filed by ROCHELLE GARZA. (Attachments: # 1 CORRECTED Motion for Leave to File Redacted Version of ORR Decision on the Public Record)(Spitzer, Arthur) (Entered: 12/19/2017) |
| 12/19/2017 | | | MINUTE ORDER: Granting 72 Defendants' Motion to File ORR Decision Document Under Seal. Signed by Judge Tanya S. Chutkan on 12/19/17. (DJS) (Entered: 12/19/2017) |
| 12/19/2017 | | | USCA Case Number 17−5277 for 80 Notice of Appeal to DC Circuit Court filed by SCOTT LLOYD, STEPHEN WAGNER. (zrdj) (Entered: 12/19/2017) |

| 12/19/2017 | | | NOTICE OF ERROR re 68 Motion for Leave to File; emailed to scott.keller@oag.texas.gov, cc'd 21 associated attorneys −− The PDF file you docketed contained errors: 1. Please refile document, 2. Motion for Leave to File must be the main document and the Memo in Support is filed in the same pdf as the motion. (ztd, ) (Entered: 12/19/2017) |
|---|---|---|---|
| 12/19/2017 | | | NOTICE OF CORRECTED DOCKET ENTRY: re 68 MOTION for Leave to File *Brief of Amici Curiae* was entered in error and counsel was instructed to refile said pleading. (td) (Entered: 12/19/2017) |
| 12/19/2017 | | | MINUTE ORDER: By 5:00 pm the Defendants shall file a redacted version of the Sealed ORR Decision 72 . Signed by Judge Tanya S. Chutkan on 12/19/17. (DJS) (Entered: 12/19/2017) |
| 12/19/2017 | 84 | | NOTICE OF FILING REDACTED DOCUMENT to Order by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER (The original PDF Document contained privacy information and was restricted pursuant to the E−Government Act.) (Shieh, Woei−Tyng) (Entered: 12/19/2017) |
| 12/19/2017 | 85 | | RESPONSE re 77 MOTION for Leave to File *Redacted Version of ORR Decision Document on the Public Record −− PLAINTIFFS RESPONSE TO DEFENDANTS RESPONSE TO COURT ORDER −−* filed by ROCHELLE GARZA. (Spitzer, Arthur) (Entered: 12/19/2017) |
| 12/19/2017 | 86 | | SEALED DOCUMENT filed by ERIC HARGAN, SCOTT LLOYD. re Order on Sealed Motion. (This document is SEALED and only available to authorized persons.)(ztd) (Entered: 12/20/2017) |
| 12/20/2017 | | | MINUTE ORDER: The Government's request for additional time (ECF No. 84 ) is hereby GRANTED. Given that this request was made 24 hours ago, the Government shall file any additional briefing to supplement its claim of privilege by noon on December 21, 2017. Plaintiffs shall file their reply, if any, by 4:00 pm on that same day. All filings are limited to five pages in length. Signed by Judge Tanya S. Chutkan on 12/20/17. (DJS) (Entered: 12/20/2017) |
| 12/20/2017 | 93 | | MANDATE of USCA as to 74 Notice of Appeal to DC Circuit Court filed by SCOTT LLOYD, ERIC HARGAN, STEPHEN WAGNER ; USCA Case Number 17−5276. (Attachments: # 1 USCA Order)(td) (Entered: 12/26/2017) |
| 12/21/2017 | | | Set/Reset Deadlines: Brief due by 12/21/2017. Reply due by 12/21/2017. (tb) (Entered: 12/21/2017) |

| 12/21/2017 | 87 | | RESPONSE TO ORDER OF THE COURT re Order, filed by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER. (Attachments: # 1 Exhibit Redacted ORR Decision)(Shieh, Woei−Tyng) (Entered: 12/21/2017) |
| --- | --- | --- | --- |
| 12/21/2017 | 88 | | RESPONSE re 72 SEALED MOTION filed by ERIC HARGAN, SCOTT LLOYD. (This document is SEALED and only available to authorized persons.), 77 MOTION for Leave to File *Redacted Version of ORR Decision Document on the Public Record* filed by ROCHELLE GARZA. (Spitzer, Arthur) (Entered: 12/21/2017) |
| 12/21/2017 | 89 | | SEALED DOCUMENT filed by ROCHELLE GARZA re 87 Response to Order of the Court, 72 SEALED MOTION filed by ERIC HARGAN, SCOTT LLOYD. (This document is SEALED and only available to authorized persons.), 88 Response to motion, 84 NOTICE OF FILING REDACTED DOCUMENT, 77 MOTION for Leave to File *Redacted Version of ORR Decision Document on the Public Record*, 85 Response to Document (This document is SEALED and only available to authorized persons.) (Attachments: # 1 New Proposed Redacted Document)(Spitzer, Arthur) (Entered: 12/21/2017) |
| 12/22/2017 | 90 | | MOTION for an Order Requiring Notice To, or Regarding, Additional Class Members; and for an Order Shortening Defendants Time in Which to Respond re 65 Supplemental Memorandum, 18 MOTION to Certify Class by ROCHELLE GARZA, JANE POE, JANE ROE (Attachments: # 1 Text of Proposed Order)(Spitzer, Arthur) (Entered: 12/22/2017) |
| 12/22/2017 | 91 | | ORDER granting in part and denying in part 77 Plaintiffs' Motion for Leave to File Redacted Version of ORR Decision Document on the Public Record. Plaintiffs are ordered to file on the public docket (ECF No. 89 −1), which is a version of the document that includes additional redactions of the privileged sections. (See order for details).. Signed by Judge Tanya S. Chutkan on 12/22/17. (DJS) (Entered: 12/22/2017) |
| 12/22/2017 | 92 | | NOTICE *of Filing redacted ORR document pursuant to Order ECF 91* by ROCHELLE GARZA, JANE POE, JANE ROE re 91 Order on Motion for Leave to File, (Attachments: # 1 Redacted ORR decision document)(Spitzer, Arthur) (Entered: 12/22/2017) |
| 12/28/2017 | 94 | | Emergency MOTION for Order *Extending TRO for Jane Roe and Jane Poe* by ROCHELLE GARZA, JANE POE, JANE ROE (Attachments: # 1 Text of Proposed Order Proposed Order)(Amiri, Brigitte) (Entered: 12/28/2017) |

| 12/29/2017 | 95 | | RESPONSE re 94 Emergency MOTION for Order *Extending TRO for Jane Roe and Jane Poe* filed by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER. (Darrow, Joseph) (Entered: 12/29/2017) |
|---|---|---|---|
| 12/30/2017 | 96 | | REPLY to opposition to motion re 94 Emergency MOTION for Order *Extending TRO for Jane Roe and Jane Poe* filed by ROCHELLE GARZA, JANE POE, JANE ROE. (Amiri, Brigitte) (Entered: 12/30/2017) |
| 12/31/2017 | 97 | | ORDER granting 94 Emergency Motion for Order Extending TRO for Jane Roe and Jane Poe. See order for details. Signed by Judge Tanya S. Chutkan on 12/31/2017. (lctsc3). (Entered: 12/31/2017) |
| 01/02/2018 | | | NOTICE OF ERROR re 95 Response to motion; emailed to joseph.a.darrow@usdoj.gov, cc'd 22 associated attorneys −− The PDF file you docketed contained errors: 1. Invalid attorney signature, 2. In future, ECF login must match attorney signature on document; Do not refile. (znmw, ) (Entered: 01/02/2018) |
| 01/02/2018 | 98 | | RESPONSE re 90 MOTION for an Order Requiring Notice To, or Regarding, Additional Class Members; and for an Order Shortening Defendants Time in Which to Respond re 65 Supplemental Memorandum, 18 MOTION to Certify Class filed by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER. (Darrow, Joseph) (Entered: 01/02/2018) |
| 01/04/2018 | 99 | | Joint MOTION for Extension of Time to File Answer re 83 Amended Complaint *and to File Second Amended Complaint* by ROCHELLE GARZA, JANE POE, JANE ROE (Attachments: # 1 Text of Proposed Order Proposed Order)(Amiri, Brigitte) (Entered: 01/04/2018) |
| 01/05/2018 | 100 | | ORDER granting 99 Motion for Extension of Time to Answer for All Defendants. Defendants' responses due 21 days after Plaintiffs file their Second Amended Complaint. Signed by Judge Tanya S. Chutkan on 1/5/2018. (lctsc3) Modified on 1/6/2018 (DJS). (Entered: 01/05/2018) |
| 01/08/2018 | | | MINUTE ORDER: Finding as moot 44 Motion for Leave to File; finding as moot 44 Motion to Stay. Signed by Judge Tanya S. Chutkan on 1/8/18. (DJS) (Entered: 01/08/2018) |
| 01/08/2018 | | | MINUTE ORDER: Finding as moot 78 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Tanya S. Chutkan on 1/8/18. (DJS) (Entered: 01/08/2018) |
| 01/08/2018 | | | MINUTE ORDER: Granting 68 nunc pro tunc Motion for Leave to File amicus brief; granting 13 nunc pro tunc |

| | | | |
|---|---|---|---|
| | | | Motion for Leave to File amicus brief. This order applies solely to the referenced motions: the movants may file briefs relating to future matters only after obtaining court approval. Signed by Judge Tanya S. Chutkan on 1/8/18. (DJS) (Entered: 01/08/2018) |
| 01/08/2018 | 101 | | AMICUS BRIEF by STATE OF TEXAS, STATE OF ARKANSAS, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF NEBRASKA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF SOUTH CAROLINA. (td) Modified to add filers on 1/9/2018 (znmw). (Entered: 01/09/2018) |
| 01/08/2018 | 102 | | AMICUS BRIEF by STATE OF ARKANSAS, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF NEBRASKA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, STATE OF MISSOURI, STATE OF WEST VIRGINIA, COMMONWEALTH OF KENTUCKY, MATTHEW G. BEVIN. (td) (Entered: 01/09/2018) |
| 01/09/2018 | 103 | | REPLY re 90 MOTION for an Order Requiring Notice To, or Regarding, Additional Class Members; and for an Order Shortening Defendants Time in Which to Respond re 65 Supplemental Memorandum, 18 MOTION to Certify Class filed by ROCHELLE GARZA, JANE POE, JANE ROE. (Amiri, Brigitte) Modified event title on 1/10/2018 (znmw). (Entered: 01/09/2018) |
| 01/11/2018 | 104 | | AMENDED COMPLAINT against All Defendants filed by ROCHELLE GARZA, JANE POE, JANE ROE, JANE MOE.(Amiri, Brigitte) (Entered: 01/11/2018) |
| 01/11/2018 | 105 | | Emergency MOTION for Temporary Restraining Order *for Jane Moe* by ROCHELLE GARZA, JANE POE, JANE ROE (Attachments: # 1 Memorandum in Support of Motion for TRO, # 2 Exhibit Declaration of Jane Moe, # 3 Text of Proposed Order)(Amiri, Brigitte) (Entered: 01/11/2018) |
| 01/11/2018 | 106 | | MOTION Leave to Proceed under Pseudonym by JANE MORE (Attachments: # 1 Text of Proposed Order)(Amiri, Brigitte) Modified filer on 1/12/2018 (znmw). (Entered: 01/11/2018) |
| 01/11/2018 | 107 | | SUPPLEMENTAL MEMORANDUM to re 90 MOTION for an Order Requiring Notice To, or Regarding, Additional Class Members; and for an Order Shortening Defendants Time in Which to Respond re 65 Supplemental Memorandum, 18 MOTION to Certify Class filed by ROCHELLE GARZA, JANE POE, JANE ROE. (Attachments: # 1 Text of Proposed Order, # 2 Text of Proposed Order)(Spitzer, Arthur) (Entered: |

| | | | |
|---|---|---|---|
| | | | 01/11/2018) |
| 01/11/2018 | | | MINUTE ORDER: Defendants shall file a Response to Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 105 ) by 5:00 p.m. on Friday 1/12/2018. To the extent that Defendants are in possession of any documentation of ORR decisions made with respect to Plaintiff Jane Moe, Defendants shall file a copy of such documentation along with their response. Should Plaintiffs choose to file a Reply, they may do so by 5:00 p.m. on Saturday 1/13/2018. Signed by Judge Tanya S. Chutkan on 1/11/2018. (lctsc3) (Entered: 01/11/2018) |
| 01/12/2018 | 108 | | RESPONSE re 105 Emergency MOTION for Temporary Restraining Order *for Jane Moe* filed by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER. (Attachments: # 1 Declaration)(Shieh, Woei−Tyng) (Entered: 01/12/2018) |
| 01/12/2018 | 109 | | MOTION for Leave to File *Brief of Amici Curiae* by STATE OF TEXAS (Attachments: # 1 Brief of Amici Curiae Texas et al., # 2 Text of Proposed Order)(Keller, Scott) (Entered: 01/12/2018) |
| 01/12/2018 | 110 | | NOTICE *of Supplemental Declaration* by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER re 108 Response to motion (Attachments: # 1 Declaration Jonathan White Supplemental)(Shieh, Woei−Tyng) (Entered: 01/12/2018) |
| 01/12/2018 | 111 | | REPLY to opposition to motion re 105 Emergency MOTION for Temporary Restraining Order *for Jane Moe* filed by ROCHELLE GARZA, JANE MOE, JANE POE, JANE ROE. (Amiri, Brigitte) (Entered: 01/12/2018) |
| 01/13/2018 | 112 | | NOTICE by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER re 110 Notice (Other), 108 Response to motion (Leo, Sabatino) (Entered: 01/13/2018) |
| 01/13/2018 | 113 | | NOTICE by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER re 112 Notice (Other), 108 Response to motion (Attachments: # 1 Affidavit)(Leo, Sabatino) (Entered: 01/13/2018) |
| 01/14/2018 | 114 | | NOTICE by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER re 112 Notice (Other), 108 Response to motion, 113 Notice (Other) (Leo, Sabatino) (Entered: 01/14/2018) |
| 01/17/2018 | | | MINUTE ORDER: Finding as moot 109 Motion for Leave to File Amicus Brief. Signed by Judge Tanya S. Chutkan on 1/7/18. (DJS) (Entered: 01/17/2018) |

| 01/18/2018 | 115 | | NOTICE by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER re 53 Response to motion (Attachments: # 1 Declaration)(Leo, Sabatino) (Entered: 01/18/2018) |
|---|---|---|---|
| 02/01/2018 | 116 | | MOTION to Dismiss *Second Amended Complaint Pursuant to Rule 12(b)(1) & Rule 12(b)(6)*, MOTION to Dismiss for Lack of Jurisdiction *Second Amended Complaint* by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER (Leo, Sabatino) (Entered: 02/01/2018) |
| 02/01/2018 | 117 | | SUPPLEMENTAL MEMORANDUM to re 18 MOTION to Certify Class filed by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER. (Shieh, Woei−Tyng) (Entered: 02/01/2018) |
| 02/15/2018 | 118 | | MOTION to Amend/Correct 104 Amended Complaint by ROCHELLE GARZA, JANE MOE, JANE POE, JANE ROE (Attachments: # 1 Proposed Amended Complaint, # 2 Text of Proposed Order)(Amiri, Brigitte) (Entered: 02/15/2018) |
| 02/16/2018 | 119 | | RESPONSE re 118 MOTION to Amend/Correct 104 Amended Complaint filed by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER. (Leo, Sabatino) (Entered: 02/16/2018) |
| 02/21/2018 | 120 | | REPLY to opposition to motion re 118 MOTION to Amend/Correct 104 Amended Complaint filed by ROCHELLE GARZA, JANE MOE, JANE POE, JANE ROE. (Amiri, Brigitte) (Entered: 02/21/2018) |
| 03/02/2018 | 121 | | Renewed MOTION to Certify Class , MOTION for Preliminary Injunction by ROCHELLE GARZA, JANE MOE, JANE POE, JANE ROE (Attachments: # 1 Declaration of Brigitte Amiri in Support of Plaintiffs' Renewed Motion for Class Certification & Preliminary Injunction, # 2 Exhibit A of Brigitte Amiri in Support of Plaintiffs' Renewed Motion, # 3 Exhibit B of Brigitte Amiri in Support of Plaintiffs' Renewed Motion, # 4 Exhibit C of Brigitte Amiri in Support of Plaintiffs' Renewed Motion, # 5 Exhibit D of Brigitte Amiri in Support of Plaintiffs' Renewed Motion, # 6 Exhibit E of Brigitte Amiri in Support of Plaintiffs' Renewed Motion, # 7 Exhibit F of Brigitte Amiri in Support of Plaintiffs' Renewed Motion, # 8 Exhibit G of Brigitte Amiri in Support of Plaintiffs' Renewed Motion, # 9 Exhibit H of Brigitte Amiri in Support of Plaintiffs' Renewed Motion, # 10 Exhibit I of Brigitte Amiri in Support of Plaintiffs' Renewed Motion, # 11 Exhibit J of Brigitte Amiri in Support of Plaintiffs' Renewed Motion, # 12 Exhibit K of Brigitte Amiri in Support of Plaintiffs' Renewed Motion, # 13 Exhibit L of Brigitte Amiri in Support of Plaintiffs' |

| | | | |
|---|---|---|---|
| | | | Renewed Motion, # 14 Exhibit Mof Brigitte Amiri in Support of Plaintiffs' Renewed Motion, # 15 Exhibit N of Brigitte Amiri in Support of Plaintiffs' Renewed Motion, # 16 Exhibit O of Brigitte Amiri in Support of Plaintiffs' Renewed Motion, # 17 Exhibit P of Brigitte Amiri in Support of Plaintiffs' Renewed Motion, # 18 Text of Proposed Order Grantinig Plaintiffs' Motion for Provisional Class Certification, # 19 Text of Proposed Order Granting Plaintiffs' Motion for Class Certification, # 20 Text of Proposed Order Granting Plaintiffs' Motion for Preliminary Injunction)(Amiri, Brigitte) Modified on 3/5/2018 (znmw). (Entered: 03/02/2018) |
| 03/09/2018 | 122 | | NOTICE OF FILING REDACTED DOCUMENT to 121 Supplemental MOTION to Certify Class Supplemental MOTION for Preliminary Injunction by ROCHELLE GARZA, JANE MOE, JANE POE, JANE ROE (The original PDF Document contained privacy information and was restricted pursuant to the E−Government Act.) (Attachments: # 1 Declaration of Brigitte Amiri in Support of Plaintiffs' Renewed Motion for Class Certification & Preliminary Injunction (ECF No. 121), # 2 Exhibit A to Declaration of B. Amiri, # 3 Exhibit E to Declaration of B. Amiri, # 4 Exhibit F to Declaration of B. Amiri, # 5 Exhibit G to Declaration of B. Amiri, # 6 Exhibit H to Declaration of B. Amiri, # 7 Exhibit P to Declaration of B. Amiri)(Amiri, Brigitte) (Entered: 03/09/2018) |
| 03/16/2018 | 123 | | NOTICE of Appearance by Michael Christopher Heyse on behalf of ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER (Heyse, Michael) (Entered: 03/16/2018) |
| 03/16/2018 | 124 | | RESPONSE re 121 Supplemental MOTION to Certify Class Supplemental MOTION for Preliminary Injunction filed by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER. (Heyse, Michael) (Entered: 03/16/2018) |
| 03/23/2018 | 125 | | REPLY to opposition to motion re 121 Supplemental MOTION to Certify Class Supplemental MOTION for Preliminary Injunction filed by ROCHELLE GARZA, JANE MOE, JANE POE, JANE ROE. (Amiri, Brigitte) (Entered: 03/23/2018) |
| 03/30/2018 | 126 | 34 | MEMORANDUM AND OPINION re Plaintiffs' Motion for Class Certification 18 and Plaintiffs' Motion for a Preliminary Injunction 5 . Signed by Judge Tanya S. Chutkan on 3/30/18. (DJS) (Entered: 03/30/2018) |
| 03/30/2018 | 127 | 32 | ORDER granting 5 Plaintiffs' Motion for Preliminary Injunction; granting Plaintiffs' 18 Motion to Certify Class. Signed by Judge Tanya S. Chutkan on 3/30/18. (DJS) (Entered: 03/30/2018) |

| 04/03/2018 | 128 | | MOTION to Stay re 127 Order on Motion for Preliminary Injunction, Order on Motion to Certify Class by ERIC HARGAN, SCOTT LLOYD, STEPHEN WAGNER (Attachments: # 1 Declaration)(Shieh, Woei−Tyng) (Entered: 04/03/2018) |
| 04/04/2018 | 129 | | NOTICE *of Filing Deposition Transcripts* by ROCHELLE GARZA, JANE MOE, JANE POE, JANE ROE re 121 Supplemental MOTION to Certify Class Supplemental MOTION for Preliminary Injunction (Attachments: # 1 Exhibit A − Redacted Scott Lloyd Deposition Transcript, # 2 Exhibit B − Redacted Jonathan White Deposition Transcript)(Amiri, Brigitte) (Entered: 04/04/2018) |
| 04/05/2018 | 130 | | Memorandum in opposition to re 128 MOTION to Stay re 127 Order on Motion for Preliminary Injunction, Order on Motion to Certify Class filed by ROCHELLE GARZA, JANE MOE, JANE POE, JANE ROE. (Amiri, Brigitte) (Entered: 04/05/2018) |
| 04/06/2018 | 131 | | NOTICE *of Filing Proposed Amended Class Certification and Preliminary Injunction Order* by ROCHELLE GARZA, JANE MOE, JANE POE, JANE ROE re 127 Order on Motion for Preliminary Injunction, Order on Motion to Certify Class (Attachments: # 1 PROPOSED AMENDED CLASS CERTIFICATION AND PRELIMINARY INJUNCTION ORDER)(Spitzer, Arthur) (Entered: 04/06/2018) |
| 04/09/2018 | 132 | 29 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 126 Memorandum & Opinion, 127 Order on Motion for Preliminary Injunction, Order on Motion to Certify Class by ERIC HARGAN, STEPHEN WAGNER, SCOTT LLOYD. Fee Status: No Fee Paid. Parties have been notified. (Heyse, Michael) (Entered: 04/09/2018) |

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor JANE DOE, on behalf of herself and others similarly situated; JANE ROE and JANE MOE on behalf of themselves and others similarly situated; and JANE POE, <br><br> Plaintiffs, <br><br> v. <br><br> ERIC D. HARGAN, *et al.,* <br><br> Defendants. | Civil Action No. 17-cv-02122 (TSC) <br><br> Honorable Tanya S. Chutkan <br> United States District Judge |

## DEFENDANTS' NOTICE OF APPEAL

Notice is hereby given that Defendants/Appellants Eric D. Hargan, et al.,

hereby appeal to the United States Court of Appeals for the District of Columbia

Circuit from the order entered in this action on March 30, 2018, ECF No. 127.

1

DATED: April 9, 2018

Respectfully Submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

HASHIM MOOPPAN
Deputy Assistant Attorney General
Civil Division

AUGUST E. FLENTJE
Special Counsel
Civil Division
Office of Immigration Litigation

ERNESTO H. MOLINA
Deputy Director
Office of Immigration Litigation
Civil Division

 /s/ Michael C. Heyse
MICHAEL C. HEYSE
W. DANIEL SHIEH
CHRISTINA P. GREER
SABATINO F. LEO
Trial Attorneys
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
PO Box 878, Ben Franklin Station
Washington, DC 20044
michael.heyse@usdoj.gov
*Counsel for Defendants/Appellants
in their official capacities*

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2018, I caused a copy of the foregoing Notice of Appeal to be filed with the Clerk of the Court using the Court's CM/ECF system. Counsel for Plaintiffs/Appellees are registered CM/ECF users, and will be served exclusively through that system.

           /s/ Michael C. Heyse
           MICHAEL C. HEYSE
           Trial Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ROCHELLE GARZA, as guardian ad litem to
unaccompanied minor J.D., on behalf of
herself and others similarly situated,

      Plaintiff,

      v.

ERIC D. HARGAN, *et al.,*

      Defendants.

Civil Action No. 17-cv-02122 (TSC)

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, the court hereby GRANTS Plaintiffs' Motion for Class Certification (ECF No. 18) and Plaintiffs' Motion for a Preliminary Injunction (ECF No. 5) as to the class. The relevant class is defined as all pregnant, unaccompanied immigrant minor children (UCs) who are or will be in the legal custody of the federal government.

It is hereby ORDERED that Defendants Eric Hargan, Steven Wagner, and Scott Lloyd (along with their respective successors in office, officers, agents, servants, employees, attorneys, and anyone acting in concert with them) are:

(1) Enjoined from interfering with or obstructing any class member's access to: (1) a judicial bypass, (2) medical appointments related to pregnancy dating, (3) non-directive options counseling, (4) abortion counseling, (5) an abortion, or (6) other pregnancy-related care;

1

(2) Enjoined from forcing any class member to reveal the fact of their pregnancies and their abortion decisions to anyone, and from revealing those decisions to anyone themselves, either before or after an abortion;

(3) Enjoined from retaliating against any class member based on her decision to have an abortion;

(4) Enjoined from retaliating or threatening to retaliate against contractors that operate the shelters where class members currently reside for any actions that those contractors or shelters have taken or may take in facilitating class members' ability to access pregnancy and abortion-related medical care and/or an abortion.

Date: March 30, 2018

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

)
ROCHELLE GARZA, as guardian ad litem to )
unaccompanied minor J.D., on behalf of )
herself and others similarly situated, )
                                           )
               Plaintiff, )
                                             )
        v. )           Civil Action No. 17-cv-02122 (TSC)
                                             )
ERIC D. HARGAN, *et al.,* )
                                             )
           Defendants. )
)

## MEMORANDUM OPINION AND ORDER

       Plaintiff Rochelle Garza, on behalf of a putative class of unaccompanied, undocumented minors, has sued Eric Hargan, Acting Secretary of the Department of Health and Human Services, Stephen Wagner, Acting Assistant Secretary of the Administration for Children and Families, and E. Scott Lloyd, Director of the Office of Refugee Resettlement, alleging that Defendants have violated the minors' constitutional rights by preventing them from terminating their pregnancies or otherwise availing themselves of the full panoply of legally available reproductive healthcare services while in federal custody. Pending before the court are Plaintiffs' Motion for Class Certification (ECF No. 18) and Motion for a Preliminary Injunction (ECF No. 5). Having reviewed the parties' filings (including the briefs of *amici curiae*), the record, and the relevant case law, the court hereby GRANTS Plaintiffs' Motion for Class Certification. The relevant class is defined as all pregnant, unaccompanied immigrant minor children (UCs) who are or will be in the legal custody of the federal government. For the

1

reasons set forth below, the court further GRANTS Plaintiffs' Motion for a Preliminary Injunction.

## I. BACKGROUND

The Office of Refugee Resettlement (ORR), which is headed by its Director, E. Scott Lloyd, is responsible for "coordinating and implementing the care and placement of unaccompanied alien children who are in Federal custody by reason of their immigration status." 6 U.S.C. § 279(b)(1)(A). As part of that responsibility, ORR is charged with "making placement determinations" for UCs, "implementing the placement determinations," "implementing policies with respect to the care and placement" of UCs, and housing them. *Id.* § 279(b)(1)(C)–(L). In executing these duties, ORR is charged with "ensuring that the interests of the child are considered in decisions and actions relating to the care and custody of an unaccompanied minor child." *Id.* § 279(b)(1)(B). ORR places UCs with federal grantee organizations that provide shelter and services in compliance with ORR policies and procedures. (ECF No. 10-1 ¶¶5–6).

In March 2017, ORR instructed employees at federally funded shelters that they "are prohibited from taking any action that facilitates an abortion without direction and approval from the Director of ORR," (ECF No. 5-4), are required to "notify ORR through [assigned federal staff] immediately of any request or interest on any girl's part in terminating her pregnancy," (ECF No. 5-5 at 5), and are not permitted to "support[] abortion services pre or post-release; only pregnancy services and life-affirming options counseling." (ECF No. 5-6 at 2). The Director's approval must be in the form of written authorization, and is required "whether the procedure will be paid for with Federal funds or by other means." (ECF No. 5-5 at 3). "Facilitation" includes all actions relating to scheduling appointments, arranging transportation, pursuing a judicial bypass, "or any other facilitative step" in relation to an abortion procedure. (ECF No. 5-

2

5 at 5).  The record indicates that a UC seeking an abortion must also obtain an ultrasound and options counseling from a provider on a pre-approved list, and "obtain parental consent, which will necessitate options counseling with [her parents], plus signed, notarized declaration of consent." (ECF No. 5-10 at 3; *see also* ECF No. 5-9 at 2).

## A.  Proposed Class and Class Representatives

Plaintiffs seek to form a class that would include all pregnant UCs who are or will be in federal custody and, accordingly, are or will be subject to ORR's policies or practices.  Named Plaintiffs include four female UCs—Jane Doe (J.D.), Jane Roe (J.R.), Jane Poe (J.P.), and Jane Moe (J.M.)—each of whom has at some point been both pregnant and in ORR custody since Plaintiffs filed the case in October 2017.

### 1.  Jane Doe

 J.D., the original named plaintiff in this case, is a UC who entered the United States in September 2017, when she was 17 years old.  She was apprehended at the U.S. border and remanded to ORR custody at a shelter in Texas.  (Findings of Fact in Supp. of Am. TRO ¶¶1–2, ECF No. 30).  After a medical examination confirmed that she was pregnant, J.D. sought to terminate her pregnancy, and with the assistance of a guardian *ad litem* and an attorney *ad litem*, sought and received a judicial bypass of Texas's parental notification and consent requirements.  (ECF No. 30 ¶¶3–4).  J.D. obtained private funding for the procedure, and her guardian and/or attorney *ad litem* agreed to transport her to have the procedure.  (ECF No. 30 ¶10).  Nevertheless, when J.D. attempted to complete the final stages of Texas's procedure for obtaining an abortion, Defendants refused to transport her to the facility and refused to allow anyone else to transport her, claiming that transporting J.D. or allowing her transportation would constitute "facilitation."  (ECF No. 30 ¶6).  Defendants maintained that under ORR policy, J.D.

could obtain an abortion by leaving ORR's custody in one of two ways: (1) if a third party were to indicate a willingness to serve as a sponsor for J.D., qualify for that position under applicable legal requirements, complete the administrative review process, and obtain ORR approval; or (2) if J.D. were to voluntarily self-deport to her home country, where Defendants conceded that abortion is illegal. (ECF No. 30 ¶8).

Defendants also employed other means to dissuade J.D. from having an abortion, such as requiring her to undergo counseling from a religiously-affiliated crisis pregnancy center (some version of which appears to be mandatory for all pregnant minors seeking termination while in ORR custody)[1], and requiring her to view a sonogram. (ECF No. 30 ¶7). ORR also notified J.D.'s mother of her decision, despite the fact that J.D. had informed ORR that her parents were abusive, and that she fears returning to her home country for that reason. (Decl. of Marie Christine Cortez ¶¶8, 11, ECF No. 41-1).

This court granted J.D.'s request for injunctive relief on October 18, 2017. Defendants immediately sought an emergency stay pending appeal, which a divided panel of the D.C. Circuit granted in part on October 20, over the dissenting statement of Circuit Judge Millett. On October 24, however, the D.C. Circuit, sitting *en banc*, permitted the injunction to go into effect, "substantially for the reasons set forth in the October 20, 2017 dissenting statement of Circuit Judge Millett." *Garza v. Hargan,* 874 F.3d 735, 736 (D.C. Cir. 2017) (mem). J.D. was able to terminate her pregnancy, and was released to a sponsor on January 15, 2018. (Decl. of Jonathan White ¶4, ECF No. 115-1).

---

[1] (*See* ECF No. 121-3 at 2, 4 (noting requirement for "spiritual counseling" and "life-affirming options counseling"); ECF No. 121-15 at 161–62.

2. <u>Jane Poe</u>

J.P. is a 17-year old UC who was detained at the U.S. border and remanded to ORR custody at a shelter in an undisclosed location. In or around the week of December 11, 2017, J.P.'s physician informed her that her pregnancy had entered the second trimester. After discussing her options with her physician, J.P. decided to terminate the pregnancy. (TRO ¶7, ECF No. 73). J.P. was prevented from doing so by the ORR policy, and Government counsel subsequently produced, at the court's request, a document memorializing that decision. (ORR Decision Doc., ECF No. 92-1). The document indicates that J.P.'s pregnancy was a result of rape in her home country, prior to her journey to the United States. (ECF No. 92-1 at 1–2). J.P. also reported that although she faced substantial family pressure to continue with the pregnancy, she had made three requests to have an abortion. (ECF No. 92-1 at 2). The document also reveals the basis of ORR's decision to forbid J.P. from obtaining an abortion—namely, Director Lloyd's belief that abortion constitutes "violence that has the ultimate destruction of another human being as its goal," that "abortion does not here cure the reality that she is the victim of an assault," that "[t]o decline to assist in an abortion here is to decline to participate in violence against an innocent life." (ECF No. 92-1 at 7–8). Lloyd also stated:

> At bottom, this is a question of what is in the interest of the young woman and her child. How could abortion be in their best interest where other options are available, and where the child might even survive outside the womb at this stage of the pregnancy? Here there is no medical reason for abortion, it will not undo or erase the memory of the violence committed against her, and it may further traumatize her. I conclude that it is not in her interest.

(ECF No. 92-1 at 8). The Decision Document concluded:

> Refuge is the basis of our name and is at the core of what we provide, and we provide this to all the minors in our care, including their unborn children, every day. In this request, we are being asked to participate in killing a human being in our care. I cannot direct the program to proceed in this manner. We cannot be a

5

place of refuge while we are at the same time a place of violence. We have to choose, and we ought to choose to protect life rather than to destroy it.

(ECF No. 92-1 at 8).

This court granted J.P.'s request for injunctive relief on December 18, 2017. (ECF No. 73). ORR elected not to appeal this court's order, and allowed J.P. to obtain an abortion procedure. (*See* Appellants' Emergency Mot. for Stay Pending Appeal at 1 n.1, ECF No. 79-1). As far as the court is aware, J.P. remains in ORR custody.

### 3. Jane Roe

J.R. is a 17-year old UC who was detained at the U.S. border and remanded to ORR custody at a shelter in an undisclosed location. (ECF No. 73 ¶¶1–2). She learned of her pregnancy after a medical examination on November 21, 2017. (ECF No. 73 ¶3). Her physician explained her options to her, and she elected to terminate the pregnancy. (ECF No. 73 ¶3). ORR, citing its policy, refused to allow J.R. to terminate her pregnancy, despite the fact that—as with all the named Plaintiffs—the procedure would have been paid for with private funds. (ECF No. 73 ¶14). This court granted J.R.'s request for injunctive relief on December 18, 2017, and ORR appealed that decision to the D.C. Circuit. (*See* ECF No. 73; Defs. Notice of Appeal, ECF No. 74). Defendants subsequently moved for dismissal of that appeal in light of new information indicating that J.R. was not in fact a minor. (*See* Resp. to Ct. Order at 2, ECF No. 84). J.R. was later transferred to the custody of the Department of Homeland Security, where, as ORR acknowledges, regulations permit her obtain an abortion. (*See* ECF No. 84 at 2).

### 4. Jane Moe

J.M. is a 17-year old UC who was detained after entering the United States and remanded to ORR custody at a shelter in an undisclosed location. (Decl. of J.M. ¶¶1–4, ECF No. 105-2). J.M. requested an abortion, but was not permitted to obtain one, pursuant to the ORR policy.

6

(Decl. of J.M. ¶5). She filed a motion seeking a temporary restraining order in this court on January 11, 2018. (Appl. for TRO, ECF No. 105). Defendants responded on January 12, 2018, reasserting the positions they maintained with respect to J.D., J.P., and J.R., and noting that ORR had identified a sponsor for J.M. (Defs. Opp. to Pls. Mot. TRO at 1, ECF No. 108; Decl. of Jonathan White ¶4, ECF No. 113-1). On January 13, ORR informed the court that it had received all necessary documents and had begun the process of releasing J.M. into the sponsor's custody, (ECF No. 113-1 ¶¶4–5), and on January 14, ORR informed the court of J.M.'s release. (Defs. Notice of Completion of the Transfer of Ms. Jane Moe, ECF No. 114).

## B. <u>Class-Wide Preliminary Injunction</u>

Plaintiffs argue that Defendants' policies amount to a series of obstacles and restrictions designed to "coerce and control all UCs' pregnancy decisions to ensure that they carry their pregnancies to term while in ORR custody," such that pregnant UCs are: (1) "deprived of comprehensive and unbiased options counseling" in favor of "coercive counseling" designed more to influence their decision-making than to "meet their medical needs"; (2) "denied the power to decide for themselves whether to involve their parents in their pregnancy decision-making" by a system of disclosure and parental consent requirements that cannot be bypassed; and (3) "stripped of their right to make autonomous decisions about whether and when to become a parent" by ORR's retention of an ultimate veto power over abortion access, which is exercised as a *de facto* ban on abortion. (Pls. Reply to Opp. to Mot. for Class Certification at 3, 6, ECF No. 56; Mot. for Prelim. Inj. at 4, ECF No. 5-1). Plaintiffs allege that these obstacles and restrictions violate the First and Fifth Amendments to the U.S. Constitution, and seek to preliminarily enjoin Defendants from further enforcing the terms of the above policy, pattern, or set of practices. (*See* Pls. Second Am. Compl. ¶¶55–63, ECF No. 61-1).

## II. MOTION FOR CLASS CERTIFICATION

The court has discretion to grant or deny class certification pursuant to Fed. R. Civ. P. 23(c)(1), *see McCarthy v. Kleindienst*, 741 F.2d 1406, 1410 (D.C. Cir. 1984). Under Fed. R. Civ. P. 23(a), the proponent of the class action must establish that: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." *Id.* The proposed class must also meet one of the three additional requirements set forth in Rule 23(b): (1) that separate actions by or against individual class members would create the risk of (a) inconsistency in adjudications concerning those members, thus establishing incompatible conduct standards for the opposing party, or (b) adjudications relating to individual class members that would be practically dispositive of the interests of other nonparty members or would substantially impair or impede their ability to safeguard their interests; (2) that the opposing party acted or refused to act on grounds that apply generally to the class, such that injunctive and declaratory relief is appropriate as to the whole class; or (3), that common questions of law or fact predominate over questions affecting individual members only, and a class action is the best method to fairly and efficiently adjudicate the controversy. Fed. R. Civ. P. 23(b)(1)–(3).

The proponent of the class action bears the burden of establishing that Rule 23's requirements are met. *McCarthy*, 741 F.2d at 1414 n.9. Class certification is not automatic, and sets forth more than a pleading standard—Rule 23 demands affirmative demonstration of compliance, and requires proof that "there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *In re Rail Freight Fuel Surcharge Antitrust Litig.-MDL No. 1869*,

8

725 F.3d 244, 249 (D.C. Cir. 2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)) (internal quotation marks omitted). While the court may find it "necessary . . . to probe behind the pleadings before coming to rest on the certification question," *id.* at 249 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)) (internal quotation marks omitted), in determining whether to certify a class, a court may not examine whether "plaintiffs have stated a cause of action or will prevail on the merits." *In re Veneman*, 309 F.3d 789, 794 (D.C. Cir. 2002) (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974)) (internal quotation marks omitted).

## A. <u>Numerosity</u>

Certification of a class action is permitted where the proposed class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Courts in this district generally recognize that "[t]here is no specific threshold that must be surpassed in order to satisfy the numerosity requirement; rather, the determination 'requires examination of the specific facts of each case and imposes no absolute limitations.'" *Taylor v. D.C. Water & Sewer Auth.*, 241 F.R.D. 33, 37 (D.D.C. 2007) (quoting *Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 330 (1980)). Accordingly, a plaintiff "need not provide the exact number of potential class members to satisfy the requirement, so long as there is a reasonable basis for the estimate provided." *Lightfoot v. D.C.*, 246 F.R.D. 326, 335 (D.D.C. 2007) (citing *Bynum v. D.C.*, 214 F.R.D. 27, 32–33 (D.D.C. 2003)). Nevertheless, plaintiffs must in all cases "provide evidence that joinder of all [members of the proposed class] would be impracticable." *Bynum*, 214 F.R.D. at 41.

Plaintiffs argue that they have met the numerosity requirement because "Government documents suggest there are hundreds of pregnant UCs in federal government custody each year," because documents received through discovery in another case revealed that over one

9

thousand UCs in ORR custody were pregnant between August 2015 and March 2017, and because on March 6, 2017 alone, there were 38 pregnant minors in 18 programs in ORR's national network. (ECF No. 18 at 4). Plaintiffs also maintain that joinder is "inherently impractical" because: (1) the proposed class includes unnamed and unknown members who will be pregnant in ORR custody; (2) pregnancy is an inherently temporal condition, and the UC population is transitory in nature. (ECF No. 18 at 4). Plaintiffs further note that the proposed class is geographically dispersed throughout the United States and is composed of young women with no financial independence or knowledge of their rights, making it difficult for class members to seek to enforce their rights on their own. (ECF No. 18 at 5).

The court finds that: (1) there is a reasonable basis for Plaintiffs' estimated number of class members; and (2) that joinder is impracticable in this scenario. Plaintiffs' estimated number of class members is sourced from ORR documents obtained during the course of this and other litigation. These documents estimate that there were 726 pregnant UCs in custody during 2014, 450 during 2015, and 682 during 2016. (ECF No. 18-5 at 2; ECF No. 19, Ex. C). Plaintiffs' calculations—based on data provided by additional documentation—suggest that over one thousand pregnant UCs were in ORR custody between 2015 and 2017, (ECF No. 19, Ex. C; ECF No. 18-3 ¶5), and Defendants admit that there were at least 420 pregnant UCs in custody during FY 2017. (ECF No. 53 at 22). While Plaintiffs' estimates are necessarily imprecise—in part due to limitations on the information in their possession, and in part due to the facts that pregnancy is a temporary state and residence in an ORR-funded shelter is temporary by design—they do establish a clear trend that in turn provides a reasonable basis to believe that over 100 pregnant minors are currently in ORR custody or will be in ORR custody in the foreseeable future. *See Lightfoot*, 246 F.R.D. at 335 (noting that "plaintiff need not

provide the exact number of potential class members to satisfy the requirement, so long as there is a reasonable basis for the estimate provided"); *see also Kifafi v. Hilton Hotels Retirement Plan*, 189 F.R.D. 174, 176 (D.D.C. 1999) ("So long as there is a reasonable basis for the estimate provided, the numerosity requirement can be satisfied without precise numbers."). These numbers render joinder impractical, especially given that the proposed class members are undocumented minors who are geographically dispersed and who are not at liberty—financially or otherwise—to move or act at will inside the United States. *See Kifafi*, 189 F.R.D. at 176 (finding geographical dispersion relevant to impracticability of joinder). The court therefore finds that Plaintiffs have met Rule 23(a)'s numerosity requirement.[2]

### B. **Commonality**

A proposed class must demonstrate commonality—that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Members of the proposed class must "have suffered the same injury," *Wal-Mart Stores, Inc.*, 564 U.S. at 350 (quoting *Gen. Tel. Co. of Sw., Inc. v. Falcon*, 457 U.S. 147, 152 (1982)) (internal quotation marks omitted), to support the existence of a common contention that "is capable of classwide resolution," meaning "that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. The commonality requirement is satisfied where the challenge is to "a uniform policy or practice that affects all class members." *DL v. District of Columbia*,

---

[2] Defendants do not directly challenge the accuracy of most of Plaintiffs' estimates. Instead, Defendants claim that a subset of the pregnant UCs whom Plaintiffs identify—those who have actually requested an abortion—represents a more pertinent estimate of the number of proposed class members, since only these individuals can show that they were "injured" by the challenged policy or practices. Defendants' argument is misplaced, however. The numerosity requirement is not fundamentally about whether an injury is shared among the potential members of a proposed class; that is the province of Rule 23(a)'s commonality requirement. *See Wal-Mart Stores, Inc.*, 564 U.S. at 350 (noting that commonality requires a showing that proposed class members "have suffered the same injury").

11

713 F.3d 120, 128 (D.C. Cir. 2013); *see also R.I.L.-R v. Johnson*, 80 F. Supp. 3d 164, 181 (D.D.C. 2015).

Plaintiffs argue that all the proposed class members suffer the same injury—deprivation of their right to pregnancy-related care, including abortion, without interference—as a result of the same policies and practices. In particular, Plaintiffs highlight questions such as whether ORR has policies and practices that obstruct or prevent access to an abortion or abortion-related care, whether ORR can constitutionally force UCs to tell their parents or sponsors about their decision, or tell those persons themselves, and whether any such policies or practices would violate the First or Fifth Amendments. (ECF No. 18 at 6–7). Defendants contend that Plaintiffs cannot establish commonality because each class member's factual circumstances are different. Defendants claim that these differing factual circumstances—including whether an abortion would be elective or medically necessary, whether a UC could be reunited with a parent, the availability and timing of sponsorship, and state legal requirements relating to abortion—mean that no single ruling would resolve the claims of all class members. (ECF No. 53 at 13–18).

Based on the record before it, the court concludes that Plaintiffs have satisfied the commonality requirement. Plaintiffs have offered evidence to support their contention that (a) ORR maintains a policy or engages in a set of practices regarding access to reproductive choice, pursuant to which it (b) imposes a series of restrictions that apply to all pregnant UCs in its custody and affects their ability to make certain choices regarding whether to continue or terminate their pregnancies, and (c) as part of those restrictions, maintains a parental notification requirement that cannot be bypassed and a veto power over the choice to terminate, which it exercises as a *de facto* ban on access to abortion. This amounts to "a uniform policy or practice that affects all class members," *DL*, 713 F.3d at 128, and supports a finding that class members

suffer a unified injury—namely that ORR's policy or set of practices unconstitutionally violates their rights to privacy and reproductive choice.  *See Wal-Mart Stores, Inc.*, 564 U.S. at 350. Accordingly, Plaintiffs present a common question—the constitutionality of ORR's general policy regarding reproductive options—that is "capable of classwide resolution."  *Id.*

Defendants' primary argument—that factual variations affecting individual class members defeat commonality—is unavailing.  While Defendants identify a number of variations in individual class members' factual circumstances—such as whether a particular class member has requested an abortion procedure, or differences in state regulations and legal requirements concerning abortion procedures—none are fatal to the court's commonality determination because none diminish any of the key common circumstances that form the basis of the central question in this case.  The circumstances relevant to the issue of commonality are: (1) that class members are pregnant UCs; (2) that class members retain a right to privacy regarding their pregnancy-related healthcare decisions and a right to choose to terminate their pregnancy; and (3) that class members are subject to the same policies and/or practices that allegedly violate both of those rights.  The combination of these shared circumstances provides a basis for the common question at the core of this litigation—whether ORR's policies and/or practices regarding the reproductive decisions of pregnant UCs violate their constitutional rights.  Based on this common legal question and any other common legal or factual sub-questions that flow from it, the court finds that the commonality requirement is satisfied.

## C. <u>Typicality</u>

A proposed class meets Rule 23's typicality requirements when "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  Unlike commonality, which is concerned with the similarity of class members'

injuries, the typicality requirement "focuses on whether the *representatives* of the class suffered a similar injury from the same course of conduct." *Bynum*, 214 F.R.D. at 34. The requirement "ensures that the claims of the representative and absent class members are sufficiently similar so that the representatives' acts are also acts on behalf of, and safeguard the interests of, the class." *Littlewolf v. Hodel*, 681 F. Supp. 929, 935 (D.D.C. 1988), *aff'd sub nom. Littlewolf v. Lujan*, 877 F.2d 1058 (D.C. Cir. 1989). Typicality is established if "[a] plaintiff's claim . . . arises from the same event or practice or course of conduct that gives rise to a claim of another class member's where his or her claims are based on the same legal theory." *Stewart v. Rubin*, 948 F. Supp. 1077, 1088 (D.D.C. 1996), *aff'd* 124 F.3d 1309 (D.C. Cir. 1997) (quoting *EEOC v. Printing Industry*, 92 F.R.D. 51, 54 (D.D.C. 1981)). Furthermore, "factual variations between the claims of class representatives and the claims of other class members . . . do not negate typicality." *Bynum*, 214 F.R.D. at 34; *see also Wagner v. Taylor*, 836 F.2d 578, 591 (D.C. Cir. 1987) (noting that "[c]ourts have held that typicality is not destroyed merely by 'factual variations'"); *United States Trucking Emp., Inc.*, 75 F.R.D. 682, 688 (D.D.C. 1977) (collecting cases and noting that "where the claims or defenses raised by the named parties are typical of those of the class, differences in the factual patterns underlying the claims or defenses of individual class members will not defeat the action").

Plaintiffs argue that J.D.'s claims are typical of the class because the deprivation of her constitutional rights is common to all members of the proposed class. In other words, they argue, J.D.—like every other pregnant UC in or soon to be in ORR custody—faced a series of obstacles that interfered with the exercise of her right to choose to end her pregnancy. Accordingly, "J.D. and the proposed class are united in their interest and injury," as well as in their legal claims. (ECF No. 18 at 9). Defendants counter with the same arguments that they

14

proffered against commonality, and claim that J.D. and the proposed class are not united in their interest because the proposed class definition would include minors who are undecided or who do not want an abortion. (ECF No. 53 at 18–19).

The court finds Defendants' arguments unavailing for the same reasons as it did those regarding commonality. Defendants' view of what would constitute a divergence between the claims of the Named Plaintiffs and other class members is premised on an apparent misunderstanding regarding the nature of Plaintiffs' alleged injury. Plaintiffs claim that ORR's policies and/or practices deprive pregnant UCs of the ability to make their own *choices* regarding whether to seek an abortion or disclose pregnancy-related information. If true, this deprivation would constitute an injury to all class members, regardless of which option an individual class member might ultimately choose. Thus, the fact that the Named Plaintiffs sought to terminate their pregnancies—while some class members presumably have not—does not defeat Plaintiffs' showing on the typicality requirement.

The court concludes that J.D.'s claims and the claims of Named Plaintiffs J.R., J.P., and J.M. are typical of those of the proposed class. The record in this case establishes that the course of conduct at issue (the application of Defendants' policies), the injury itself, and the legal theory underlying the claims are identical in all material respects to those driving the legal question that is common to the class. *See Stewart*, 948 F. Supp. at 1088 (noting that claims arising from "the same event or practice or course of conduct" and based on the same legal theory as other class members are considered typical). Typicality is therefore established.

## D. <u>Adequacy</u>

A proposed class meets Rule 23's adequacy requirements where a court is persuaded that "the representative parties will fairly and adequately protect the interests of the class." Fed. R.

Civ. P. 23(a)(4). The adequacy of representation is typically measured according to two criteria: (1) whether the named representative has antagonistic or conflicting interests with the members of the class; and (2) whether the representative appears capable of vigorously prosecuting class interests through qualified counsel. *See Nat'l Veterans Legal Servs. Program v. United States*, 235 F. Supp. 3d 32, 41 (D.D.C. 2017); *Twelve John Does v. Dist. of Columbia,* 117 F.3d 571, 575–76 (D.C. Cir. 1997). The first criterion focuses on conflicts of interest, which "prevent named plaintiffs from satisfying the adequacy requirement only if they are fundamental to the suit and . . . go to the heart of the litigation." *Nat'l Veteran Legal Servs. Program*, 235 F. Supp. 3d at 41 (quoting *Keepseagle v. Vilsack,* 102 F. Supp. 3d 205, 216 (D.D.C. 2015)). Speculative or hypothetical conflicts will not defeat the adequacy requirement. *Id.* at 41. The second criterion focuses on ensuring that class counsel is competent. *See id.* at 43.

Plaintiffs argue that the adequacy requirement is met because J.D.'s interests do not conflict with those of the class, since all class members, including J.D., seek a declaration that Defendants' policies and practices are unconstitutional. (ECF No. 18 at 9). Plaintiffs also assert that their counsel is competent to represent the class, based on her substantial experience in reproductive freedom litigation and constitutional impact litigation more generally.[3] (ECF No. 18 at 10). Defendants argue that J.D. is not an adequate representative because she obtained an abortion procedure in October 2017, and thus "her interests are moot[, she] no longer has any rights to vindicate before the court," and therefore cannot vigorously prosecute class interests. (ECF No. 53 at 9). Defendants further argue that since this court has previously moved

---

[3] Defendants indicated in a footnote that they also dispute whether Plaintiffs' counsel is qualified, although they muster no specific argument in support of that contention. (ECF No. 53 at 8 n.4). The court has had ample opportunity to observe and evaluate the abilities of Plaintiffs' counsel— who has thus far brought two successful motions for injunctive relief, and defended one decision on appeal—and finds her to be fully competent and qualified.

expeditiously to address Named Plaintiffs' requests for injunctive relief, it could employ the same procedure to certify a class the next time it receives a request for injunctive relief from a pregnant UC, and so the facts that pregnancy is temporary and that residence in an ORR-funded shelter is transitory do not support Plaintiffs' adequacy arguments.  (ECF No. 53 at 10–11).

The court concludes that the class representatives in this case—J.D., J.R., J.P., and J.M.—are capable of adequately protecting class interests through qualified counsel.  The court rejects Defendants' contention that J.D. (and by extension, J.R., J.P., and J.M.), are unable to vigorously prosecute class interests because their claims are now moot, whether because they left ORR custody or because they obtained an abortion prior to this ruling.  A case becomes moot where "'the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated' in circumstances where 'it becomes impossible for the court to grant any effectual relief whatever to the prevailing party.'"  *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 321 (D.C. Cir. 2009) (quoting *United States v. Philip Morris USA, Inc.*, 566 F.3d 1095, 1135 (D.C. Cir. 2009)).  The court notes that J.P. still has claims arising out of Defendants' policies or practices that involve forced disclosure of her decision to obtain an abortion, claims shared by all members of the proposed class.[4]  Accordingly, this case does not present a situation in which it is "impossible for the court to grant any effectual relief whatever," since the court is able to grant relief in the form of a declaration and permanent injunction addressing ORR's disclosure policy for the entire class, including J.P.  *Id.* (noting that "a plaintiff's challenge will not be moot where it seeks declaratory relief as to an ongoing policy").  J.P.'s claims are therefore not moot.

---

[4] (*See, e.g.*, ECF No. 52) (describing continued risks to privacy of abortion decision while formerly pregnant UC remains in ORR custody).

Indeed, even if J.P. no longer possessed live claims, the fact that this court previously granted J.D. and J.P.'s request for injunctive relief—thereby enabling them to obtain abortions—would not moot this case. Courts have recognized an exception to the mootness doctrine where an action involves claims that "are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 399 (1980); *see also Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 51–52 (1991); *Sosna v. Iowa*, 419 U.S. 393, 402 n.11 (1975) ("There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion."). This case fits within the *Geraghty* exception for at least two reasons.

First, this case involves claims from unaccompanied minors in ORR custody, a transitory population whose membership is not fixed at any given time. Accordingly, the length of time that pregnant UCs will remain in ORR custody is uncertain and unpredictable, and while the proposed class likely includes a number of pregnant UCs who will remain in custody long enough for the court to rule on class certification, Plaintiffs have no way to ensure that any particular class representative will be one of that number. *See Thorpe v. Dist. of Columbia,* 916 F. Supp. 2d 65, 67 (D.D.C. 2013) (applying the "inherently transitory" exception for claims regarding nursing facility placement because "[t]he length of any individual's stay in a nursing facility is impossible to predict, so even though there are certainly individuals whose claims will not expire within the time it would take to litigate their claims, there is no way for plaintiffs to ensure that the Named Plaintiffs will be those individuals").

18

Second, the right of every pregnant minor in ORR custody to seek an abortion is necessarily time limited, and with the passage of time, the risk that she will no longer be afforded a choice—along with the associated health risks—increase.  As a result, class members will consistently face irreparable harm requiring the kind of emergency relief that could moot a part of their claim.  Moreover, the nature of litigation means that there may be circumstances in which a court is required to rule on emergency requests for injunctive relief in a shorter timeframe than it could feasibly rule on a class certification motion, such as if a class member seeks to terminate a pregnancy that is approaching the point of viability.  Rigid application of the mootness doctrine would punish Plaintiffs for seeking relief in response to urgent needs, and would effectively condition access to justice for many pregnant UCs on their willingness or ability to brave escalating risks to their health and future, as the complexity of the necessary procedure increases.

Plaintiffs name four class representatives in their Second Amended Complaint: J.D., J.P., J.R., and J.M.  (ECF No. 104).  Each of these minors has had claims brought on her behalf during the pendency of the motions for class certification and preliminary injunction.  J.D. and J.P. each presented a clear case of irreparable harm justifying temporary relief, and accordingly received the injunctive relief they sought.  J.R. and J.M.—both of whom also presented clear showings of irreparable harm—were released from ORR custody.  Meanwhile, the claims of numerous potential class members remain unaddressed.  The court concludes that: (1) because exceptions to the mootness doctrine apply, the fact that the Named Plaintiffs have either obtained injunctive relief or been transferred out of ORR custody does not render their claims moot, *see Thorpe,* 916 F. Supp. 2d at 67; and (2) the Named Plaintiffs have no conflicts of interest with the

19

class and are capable of vigorously prosecuting class interests. *Twelve John Does*, 117 F.3d at 575–76. Accordingly, the court finds that the adequacy requirement is satisfied.

### E. **Rule 23(b)(2)**

A plaintiff seeking class certification must also satisfy one of the three Rule 23(b) requirements. The relevant Rule 23(b) requirement in this case is 23(b)(2)—that the defendant "has acted or refused to act on grounds that apply generally to the class," such that declaratory or injunctive relief is appropriate as to the whole class. Fed. R. Civ. P. 23(b)(2). A Rule 23(b)(2) action is specifically "intended for civil rights cases" involving allegations of class-based discrimination. *In re D.C.*, 792 F.3d 96, 102 (D.C. Cir. 2015). Under Rule 23(b)(2), "(1) the defendant's action or refusal to act must be 'generally applicable to the class', and (2) plaintiff must seek final injunctive relief or corresponding declaratory relief on behalf of the class." *Steele v. United States*, 159 F. Supp. 3d 73, 81 (D.D.C. 2016), *on reconsideration in part,* 200 F. Supp. 3d 217 (D.D.C. 2016) (quoting *Disability Rights Council of Greater Wash.,* 239 F.R.D. 9, 28 (2006)); *see also Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1003 n.7 (D.C. Cir. 1986). Certification under Rule 23(b)(2) is appropriate "when a single injunction or declaratory judgment would provide relief to each member of the class," and not where each member would have grounds to seek a different injunction or declaratory judgment from the same defendant. *Wal-Mart Stores, Inc.*, 564 U.S. at 360–61.

Plaintiffs argue that the requirements of Rule 23(b)(2) are met because (1) the proposed class seeks uniform injunctive relief to prevent Defendants from violating UCs' right to make reproductive decisions, and (2) a single injunction would afford this relief to all class members, meaning that Defendants' actions or refusals to act are generally applicable to the entire class. Plaintiffs further argue that the temporal and transitory nature of pregnancy and residence in an

ORR shelter support class certification as a means to obtain a single injunction that would circumvent mootness problems, and that a class action would promote judicial economy. (ECF No. 18 at 11–12). Defendants respond with the same arguments they advanced regarding commonality and typicality—that because of factual differences in class members' individual circumstances, Defendants' actions or omissions do not apply generally to the class. (ECF No. 53 at 23–24). Defendants further argue that these factual variations make it impossible to issue a single injunction that would address all class members' claims. (ECF No. 53 at 24–25).

The central issue in this case is the impact of ORR policies and/or practices on pregnant UCs' ability to freely make reproductive choices. ORR documents reveal that its policies apply to all pregnant UCs in its custody—even those whose pregnancy is the result of rape. (*See* ECF No. 92-1). Furthermore, because pregnant UCs cannot freely *choose* whether to terminate and with whom to share information regarding their reproductive decisions, the injury—the inability to make a choice—is shared by the entire proposed class, regardless of whether individual members might choose different courses of action. Accordingly, in this case, "the defendant's action or refusal to act [is] 'generally applicable to the class,'" *Steele v. United States*, 159 F. Supp. 3d at 81, such that "a single injunction or declaratory judgment would provide relief to each member of the class," notwithstanding the fact that class members may make different choices. *Wal-Mart Stores, Inc.*, 564 U.S. at 360–61. Therefore, the court finds that the proposed class meets Rule 23(b)(2)'s requirements.

### III. MOTION FOR PRELIMINARY INJUNCTION

A preliminary injunction is an "extraordinary remedy" that is "never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren,* 553 U.S. 674, 689–90 (2008)). A plaintiff seeking a preliminary injunction must show that: (1)

21

she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest. *Id.* at 20; *John Doe Co. v. Consumer Fin. Prot. Bureau*, 849 F.3d 1129, 1131 (D.C. Cir. 2017). The D.C. Circuit has traditionally evaluated claims for injunctive relief on a sliding scale, whereby "a strong showing on one factor could make up for a weaker showing on another." *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011). It has been suggested, however, that a movant's showing of likelihood of success on the merits "is an independent, free-standing requirement for a preliminary injunction." *Id.* at 393 (quoting *Davis v. Pension Ben. Guar. Corp.,* 571 F.3d 1288, 1296 (D.C. Cir. 2009) (Kavanaugh, J., concurring)).

 The court finds that Plaintiffs have carried their burden of showing that preliminary injunctive relief is warranted here. Indeed, there is essentially no substantive difference between the class issues currently before this court and the issues underpinning the prior requests for temporary relief on which this court—and in one case, the D.C. Circuit—have already ruled. *See Baker DC v. Nat'l Labor Relations Bd.*, 102 F. Supp. 3d 194, 198 (D.D.C. 2015) ("The court considers the same factors in ruling on a motion for a temporary restraining order and a motion for a preliminary injunction") (quoting *Morgan Stanley DW Inc. v. Rothe*, 150 F. Supp. 2d 67, 72 (D.D.C. 2001)) (internal quotation marks omitted). Nevertheless, for the sake of completeness, the court will briefly discuss each factor here.

### A. <u>Likelihood of Success on the Merits</u>

Plaintiffs' have made a strong showing of likelihood of success on the merits. The Supreme Court clarified in 1992—and again in 2016—that laws or regulations restricting abortion are scrutinized under the "undue burden" standard. *Planned Parenthood v. Casey*, 505 U.S. 833, 874 (1992); *see also Whole Woman's Health v. Hellerstedt*, 136 S.Ct. 2292, 2299

(2016). "An undue burden exists, and therefore a provision of law is invalid, if its purpose or effect is to place a substantial obstacle in the path of a woman seeking an abortion before the fetus attains viability." *Casey*, 505 U.S. at 878; *see also Whole Woman's Health*, 136 S.Ct. at 2299, 2309. The Court in *Casey* further explained that:

> A statute with this purpose is invalid because the means chosen by the [government] to further the interest in potential life must be calculated to inform the woman's free choice, not hinder it. And a statute which, while furthering the interest in potential life or some other valid [government] interest, has the effect of placing a substantial obstacle in the path of a woman's choice cannot be considered a permissible means of serving its legitimate ends.

*Casey*, 505 U.S. at 877. Accordingly, while "[t]he woman's liberty is not so unlimited . . . that from the outset the [government] cannot show its concern for the life of the unborn," it is beyond dispute that the Constitution responds to "the urgent claims of the woman to retain the ultimate control over her destiny and her body" with at least one unequivocal constitutional command: that the government "may not prohibit any woman from making the ultimate decision to terminate her pregnancy before viability." *Casey*, 505 U.S. at 869, 879. This basic proscription remains the law of the land and controls the outcome in this case.[5]

The record before the court uniformly supports the conclusion that ORR policies and practices violate the standard and principles announced in *Casey* and reaffirmed in *Whole Woman's Health.* The record reveals that ORR effectively retains an absolute veto over the reproductive decision of any young woman in its custody, a veto that is exercised routinely to bar

---

[5] Plaintiffs' Fifth Amendment right to decide whether to continue or terminate their pregnancies is not diminished by their status as undocumented immigrants. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Jean v. Nelson*, 472 U.S. 846, 875 (1985) (noting that the Due Process Clause applies to all "persons" within the territorial jurisdiction of the United States, no matter their immigration status). The Government does not contend otherwise. *Garza v. Hargan*, 874 F.3d 735, 737 (D.C. Cir. 2017) (Millett, J., Concurring).

UCs from obtaining abortions, despite the fact that no public funds are expended to procure the procedures and notwithstanding the UC's own wishes or intentions. In other words, ORR's absolute veto nullifies a UC's right to make her own reproductive choices, including the decision of whether to continue or terminate her pregnancy. Accordingly, the court concludes that ORR's policies and practices infringe on female UC's constitutional rights by effectively prohibiting them from "making the ultimate decision" on whether or not to continue their pregnancy prior to viability—a quintessential undue burden. *Casey*, 505 U.S. at 879.

ORR's policy vests the power to decide the future of a UC's pregnancy in one man: Director Lloyd. (ECF No. 5-4). The policy provides no mechanism to ensure compliance with established constitutional dictates, or to afford a UC the opportunity to bypass the Director and effectuate her constitutional rights. Apart from his personal opinion that abortion is not in any pregnant UC's "best interest," the ORR policy does not require Director Lloyd to provide any justification or legal authority to unilaterally deny UCs their right to make their own reproductive choices. Moreover, the ORR decision document reveals that the Director's ultimate decision is substantially controlled by—if not entirely based on—his ideological opposition to abortion, and even a UC who becomes pregnant as a result of rape, with all its attendant physical and psychological harms, will not be allowed to decide whether she wishes to continue that pregnancy. (*See* ECF No. 92-1 at 7–8). In short, ORR's policy is premised on the notion that the Director is entitled to exercise complete control over female UCs' reproductive decisions by virtue of the fact that they are undocumented minors in ORR custody. The adoption and implementation of such a policy is itself sufficient to raise constitutional flags. *See Casey*, 505 U.S. at 879 (noting that "[r]egardless of whether exceptions are made for particular

24

circumstances, a State may not prohibit any woman from making the ultimate decision to terminate her pregnancy before viability").[6]  But Defendants' actions extend even further.

ORR implements its policy via a ban on "any action that facilitates an abortion," (ECF No. 5-4 at 2), which includes, *inter alia*, any action relating to scheduling appointments, arranging transportation, making the UC available to be transported, pursuing a judicial bypass, "draft[ing] approval documents," "review[ing] information relevant to her health and the procedure," and even "maintain[ing] custody of her (while ensuring her health remains stable) during and after the abortion procedure." (Defs. Mem. in Opp. to Pls. TRO & Mot. Prelim. Inj. at 12–13, ECF No. 10; ECF No. 5-5 at 5).  Indeed, ORR's interpretation of "facilitation" appears to be so capacious that it prevents not only government officials or employees from assisting pregnant UCs, but also applies to private contractors and persons who are unaffiliated with the government.  Defendants even suggest that acting to ensure that a UC's health remains stable following an abortion constitutes "facilitation," a position which would presumably allow them to withhold medical treatment from a UC who suffered post-procedure complications.[7] (*See* ECF No. 10 at 12–13).  Defendants' position on what constitutes "facilitation" appears to be divorced from any commonsense understanding of that term and at odds with reality.  As Judge

---

[6] Defendants suggest that the only relevant policy in operation at ORR is one requiring Director approval for "major" surgical procedures, a category which they contend happens to include abortions, but which also applies to other procedures.  However, Defendants do not deny that the policy acts to prevent a UC from obtaining an abortion, and they present no evidence that ORR's approach to abortion is even remotely similar to its approach to other medical procedures, including childbirth.  (*See* ECF No. 53 at 25).

[7] While such a scenario is hypothetical, it is not necessarily unrealistic.  J.D. obtained an abortion pursuant to this court's Order in October 2017, and remained in ORR custody for months thereafter.  J.P. obtained an abortion pursuant to this court's Order in December 2017, and remains in ORR custody at the time of this writing.  Thus, had a complication arisen following either of their procedures, under Defendants' policy, J.D or J.P could have found themselves without medical assistance.

Millett noted, "facilitation" is about promoting or making an action or process easier. *Garza v. Hargan,* 874 F.3d 735, 740 (D.C. Cir. 2017) (Millett, J., Concurring). Here, the government is not required to promote, transport, pay for, or otherwise further a UC's decision to have an abortion. But it cannot "interfere or make things harder" by adopting a policy and practice to "categorically blockade exercise of [UCs'] constitutional right" to choose. *Id.* at 737.

Defendants have consistently maintained that the ORR policy does not impose an undue burden because pregnant UCs have the option of either: (1) voluntarily returning to their home countries, thereby removing themselves from ORR custody; or (2) being placed with a sponsor. (ECF No. 10 at 2, 11–12). This court does not find that either of these "options" mitigates the undue burden that ORR's policy imposes on the young women in its custody. In light of the court's previous orders and the D.C. Circuit's extensive examination of Defendants' contentions in its consideration of J.D.'s case, *see Garza v. Hargan,* 874 F.3d at 740, this court pretermits lengthy discussion of these arguments, but offers two points in response. First, Defendants' voluntary departure argument conditions the exercise of UCs' constitutional rights on their willingness to relinquish any claim that may entitle them to remain in the United States, and to return to what is in many instances—including the cases of J.D. and J.P.—a country from which they fled due to alleged abuse.[8] Such a proposal renders the exercise of constitutional rights a Hobson's choice, wherein one set of rights must be waived in order to effectuate another. That proposal in and of itself likely constitutes a substantial obstacle to a UC's exercise of her rights—especially when voluntary departure could mean exposing herself to the risk of further abuse. This court will not sanction any policy or practice that forces vulnerable young women to

---

[8] The court also notes that there is no guarantee that a minor's country of origin will permit abortion, and in fact the government conceded that abortion was illegal in J.D.'s home country. (ECF No. 30 ¶8).

make such a choice.  Second, Defendants' characterization of sponsorship as an "option" for pregnant UCs ignores at least two key aspects of this court's previous findings of fact: (1) that locating a sponsor is typically a lengthy, complex process involving multiple stages, over which the UC has no control; and (2) that ORR makes the final decision of whether to approve a particular sponsor.  (*See* ECF No. 30 ¶¶8–9).  For these reasons, the sponsorship option does not allow the UC any control over her reproductive decisions, and therefore does not cure the constitutional infirmity inherent in the ORR policy.  In sum, Plaintiffs have demonstrated that ORR's policies and practices likely constitute an undue burden on the right of UCs in ORR custody to make their own reproductive choices.  *See Casey*, 505 U.S. at 877, 879; *Whole Woman's Health*, 136 S.Ct. at 2299, 2309.

### B.  Remaining Factors for Preliminary Injunctive Relief.

The court finds that the three remaining requirements for preliminary injunctive relief are met in this case.  First, the irreparable harm confronting each member of the class is the same as for each Named Plaintiff throughout these proceedings: at a minimum, increased health risks, and perhaps the permanent inability to obtain the abortion to which they are legally entitled. Accordingly, the court finds that Plaintiffs have demonstrated irreparable harm sufficient to justify issuance of a preliminary injunction.  Second, Defendants have not shown they have any legitimate interest that will be harmed by the issuance of a preliminary injunction.  Accordingly, the balance of equities tips in Plaintiffs' favor.  Finally, the public interest weighs in favor of a preliminary injunction because: (1) this case involves the protection of constitutional rights, and (2) "the public has an interest in the government maintaining procedures that comply with constitutional requirements," *Ass'n of Cmty. Organizations for Reform Now (ACORN) v. Fed.*

*Emergency Mgmt. Agency (FEMA)*, 463 F. Supp. 2d 26, 36 (D.D.C. 2006) (citing *O'Donnell Const. Co. v. District of Columbia*, 963 F.2d 420, 429 (D.C. Cir. 1992)).

## IV.    CONCLUSION

While ORR and its Director are certainly entitled to maintain an interest in fetal life, and even to prefer that pregnant UCs in ORR custody choose one course over the other, ORR may not create or implement any policy that strips UCs of their right to make their own reproductive choices. *See Casey,* 505 U.S. at 879. Accordingly, Plaintiffs' motion for a class-wide preliminary injunction is hereby GRANTED.