UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D., on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALEX M. AZAR II, *et al.*,<br><br>Defendants. | Civil Action No. 17-cv-02122 (TSC) |

**ORDER ON MOTION FOR STAY PENDING APPEAL**

Defendants seek a stay pending appeal of this court's March 30, 2018 Order granting Plaintiffs' motions for class certification and a preliminary injunction. Mot. Stay Prelim. Inj., ECF No. 128. Plaintiffs oppose such a stay. Opp'n. to Mot., ECF No. 130. Having reviewed the pertinent filings and considered the arguments, the court concludes that a stay pending appeal is not warranted. Defendants' motion is therefore DENIED.

In ruling on a motion for a stay pending appeal, this court considers the same four factors it weighs in determining whether to issue a preliminary injunction: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985); *see also Friends of Capital Crescent Trail v. Fed. Transit Admin.*, 263 F. Supp. 3d 144, 147 (D.D.C. 2017). The party seeking the stay carries the burden of justifying its issuance. *Friends of Capital Crescent Trail*, 263 F. Supp. 3d at

1

148. For the following reasons, the court concludes that Defendants have not carried their burden to establish that these requirements are satisfied.

**A. Defendants Have Not Demonstrated a Likelihood of Success on Appeal.**

Defendants argue that they are likely to prevail on the merits of their appeal because (1) class certification was unwarranted, (2) the court's preliminary injunction grants relief that Plaintiffs did not request, and (3) the court's injunction requires the government to "facilitate" abortion procedures. The court finds none of these arguments persuasive.

  1. *Class Certification*

Defendants argue that class certification was unwarranted because the Named Plaintiffs do not adequately represent the class. Mot. 3–5. This argument appears to repeat Defendants' earlier arguments regarding mootness and the representative adequacy of Named Plaintiffs that Defendants previously advanced in their opposition to class certification. For the reasons this court has already stated in its Memorandum Opinion, the court finds Defendants' arguments unavailing. Accordingly, Defendants' argument against class certification does not establish a likelihood of success on the merits of their appeal.[1]

  2. *Relief Not Requested*

Defendants argue that since Plaintiffs did not allege that ORR's parental notification policy violated the Fifth Amendment, the court likely erred in enjoining the policy on that basis. Mot. 5–6. But Defendants' assertion is premised on an inaccurate characterization of Plaintiffs' claims. Plaintiffs specifically alleged a Fifth Amendment challenge to Defendants' forced disclosure

---

[1] The court also notes that Defendants have not addressed the threshold requirements for interlocutory review of a class certification order under Fed. R. Civ. P. 23(f). *See In re Brewer*, 863 F.3d 861, 874 (D.C. Cir. 2017) (citing *In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F.3d 98, 99–100 (D.C. Cir. 2002)).

policies, and sought a preliminary injunction of those policies. Pls. Mem. Supp. Prelim. Inj., ECF No. 5-1 at 11–12. The court's Order merely grants the relief that Plaintiffs requested. Accordingly, Defendants' argument regarding the basis of relief does not demonstrate a likelihood of success on the merits of their appeal.

   3. *Facilitation*

Defendants argue that the court likely erred insofar as its preliminary injunction requires Defendants to "facilitate" abortion. Mot. 8–9. Again, Defendants' contention does not appear to present any new argument or issues. The court's Memorandum Opinion explicitly discussed Defendants' facilitation argument, and for the reasons stated in that Opinion, the court does not find that the argument demonstrates a likelihood of success on the merits of their appeal.

**B. Defendants Have Not Demonstrated Irreparable Harm, a Favorable Balance of the Equities, or that the Public Interest Favors a Stay.**

Defendants contend that absent a stay, they will suffer irreparable harm resulting from "interference with ORR's ability to carry out its statutory and custodial responsibilities." Mot. 11, 6–7. The court disagrees. Although the Court's March 30 Order limited ORR's ability to disclose certain medical information to emergency care providers, the court has already amended its injunction to permit such disclosure and to address Defendants' concern that it would be precluded from disclosing medical information even if the minor consents. *See* Amended Class Certification and Preliminary Injunction Order, ECF No. 136. The court does not agree that those aspects of the preliminary injunction that remain unaltered prevent ORR from executing its statutory and/or custodial responsibilities in any other respect, and it therefore finds no outstanding issue that would support Defendants' claim of irreparable harm. The court is also unaware of any legitimate government interest that will be harmed without a stay, and thus concludes that the balance of

equities does not tip in Defendants' favor.  Similarly, the court concludes that the public interest—which generally benefits from government policy and procedure that complies with the Constitution—does not favor a stay in this scenario.  *See Ass'n of Cmty. Organizations for Reform Now (ACORN) v. Fed. Emergency Mgmt. Agency (FEMA)*, 463 F. Supp. 2d 26, 36 (D.D.C. 2006) (citing *O'Donnell Const. Co. v. District of Columbia*, 963 F.2d 420, 429 (D.C. Cir. 1992)).

## CONCLUSION

For the reasons stated, Defendants' Motion for Stay of the Preliminary Injunction is DENIED.

Date:  April 25, 2018

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge